IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP. | : | CIVIL ACTION |
| v. | : | |
| CIGNA WORLDWIDE INSURANCE CO. | : | NO. 91-6785 |

**MEMORANDUM AND ORDER**

Fullam, Sr. J.                                                      January 12, 2009

        The defendant, CIGNA Worldwide Insurance Company ("CIGNA") filed what it styled as an emergency motion for contempt against the plaintiff, The Abi Jaoudi and Azar Trading Corp. ("AJA") and two individuals, Josie Senesie, the Commissioner of Insurance for the Republic of Liberia and Court-Appointed Receiver for the Liberian Branch of CIGNA, and Samuel M. Lohman, an American attorney residing in Switzerland. AJA has not responded; Mr. Senesie and Mr. Lohman challenge service and jurisdiction.  The parties have submitted voluminous papers, and two hearings on these threshold issues have been held.

        In 2001, my colleague Judge O'Neill issued an order granting CIGNA's motion for an anti-suit injunction, ruling that:

> Plaintiffs The Abi Jaoudi and Azar Trading Corp. and Younis Brothers & Co., Inc. are prohibited and enjoined from initiating, maintaining, continuing or taking any actions that conflict with, constitute an attack upon, or seek to nullify this Court's final order dated September 15, 1995, and the judgment entered pursuant thereto.  Additionally, plaintiff The Abi Jaoudi and Azar Trading Corp. is prohibited and enjoined from taking any action to enforce in any jurisdiction the

     Liberian judgment against defendant CIGNA dated October
     4, 2000.

<u>Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co.</u>, 167 F. Supp. 2d 743, 747 (E.D. Pa. 2001).  CIGNA now claims that the respondents have violated this order.  The merits have not been fully briefed yet; first I must determine whether Mr. Senesie and Mr. Lohman have been properly haled into court and whether this Court has jurisdiction over them for purposes of this proceeding.  I conclude that both respondents are properly before the Court.

     Although the Third Circuit has not addressed the issue directly, the courts of appeal that have looked at personal jurisdiction related to civil contempt have held that minimum contacts exist where one has actively aided and abetted a party in violating a court order.  <u>See</u> <u>Securities and Exch. Comm'n v. Homa</u>, 514 F.3d 661 (7th Cir. 2008); <u>Reebok Int'l, Ltd. v. McLaughlin</u>, 49 F.3d 1387 (9th Cir. 1995); <u>Waffenschmidt v. MacKay</u>, 763 F.2d 711 (5th Cir. 1985). There is evidence that Mr. Senesie, the Receiver, is acting to enforce, in part, the Liberian judgment that was the express subject of Judge O'Neill's injunction. For purposes of jurisdiction only, I find that Mr. Senesie may be considered an aider and abettor of AJA.  Mr. Senesie argues, however, that the court in <u>Reebok</u> held that the scope of a nationwide injunction cannot be broadened to encompass a foreign national.  Although the courts that have addressed the issue have reached differing conclusions, under the circumstances

of this case, I find that Mr. Senesie is subject to the Court's jurisdiction.  See Homa, 514 F.3d at 674-75.

Mr. Senesie also contends that the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1601, *et seq.* ("FSIA"), shields him from this litigation.  Assuming, without deciding, that the FSIA applies to individuals, Mr. Senesie's acts, which could be performed by private parties, constitute commercial activity that has effects in the United States.  Finally, Mr. Senesie has challenged whether service was validly effected on him in Liberia. I am persuaded by CIGNA's position that service comported with relevant law.

I also conclude that Mr. Lohman may be haled into this Court.  The letterhead of Mr. Lohman's Swiss law practice lists a number of law firms and attorneys as "Non-resident of Counsel/Correspondent étranger," including Lohman & Lohman, P.C. of West Linn, Oregon.  Mr. Lohman is an active member of the Oregon bar, although he is listed as "out of state."  The documents relating to the motion were served at this law firm (whose principals are related to Mr. Lohman).  In addition, for purposes of jurisdiction, there is sufficient evidence that Mr. Lohman may have been "aiding and abetting" the alleged violation of Judge O'Neill's order.

An order follows.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


THE ABI JAOUDI AND AZAR          :    CIVIL ACTION
TRADING CORP.                    :
                                 :
       v.                        :
                                 :
CIGNA WORLDWIDE INSURANCE CO.    :    NO. 91-6785
```

ORDER

AND NOW, this 12th day of January 2009, upon consideration of Respondents' objections to service and jurisdiction,

IT IS ORDERED that the objections are OVERRULED. Respondents may file memoranda in opposition to the substantive issues raised in the Motion for Contempt within 20 days of the date of this Order, and Petitioner may file a reply within 10 days of the responses.

                                    BY THE COURT:


                                    /s/ John P. Fullam
                                    Fullam,        Sr. J.