# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

Donald W. Hawthorne
Counsel
Tel 212 909 6468
Fax 212 521 7468
dhawthorne@debevoise.com

September 21, 2010

The Hon. John P. Fullam
United States District Court for the
   Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:   The Abi Jaoudi and Azar Trading Corp. vs. CIGNA Worldwide
      Insurance Co. (No. 91-6785) – Schedule on Remand

Dear Judge Fullam:

Defendant CIGNA Worldwide Insurance Co. ("CWW") respectfully submits the following proposal regarding the schedule for further proceedings in this matter for the Court's consideration in connection with the status conference on September 23, 2010.

## Case Status

On November 18, 2008, CWW filed an emergency motion in this Court for a finding of contempt against the Abi Jaoudi and Azar Trading Corp. ("AJA"), Mr. Josie Senesie, then serving as the Receiver for the Liberian branch of CWW, Mr. Samuel Lohman, an American lawyer practicing in Geneva, Switzerland, and two companies, St. Cleer LLC and CC International Ltd. (collectively, "Respondents"). CWW sought a finding of contempt on the basis that Respondents, by bringing claims in the Cayman Islands based on a judgment that AJA had obtained in a Liberian court, had violated this Court's anti-suit injunction, which prohibited AJA, or persons acting in concert with it, from taking action to enforce that Liberian judgment. Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co., 167 F. Supp. 2d 743, 747 (E.D. Pa. 2001).

On January 12, 2009, the Court issued an Order denying motions to dismiss filed by Messrs. Senesie and Lohman based on claims of sovereign immunity and lack of personal jurisdiction. With respect to Mr. Senesie's claim to sovereign immunity, the Court found that "Mr. Senesie's acts, which could be performed by private parties, constitute commercial activity that has effects in the United States." On that basis, this Court held that the commercial activity exception to the Foreign Sovereign Immunities Act ("FSIA") would apply. Order at 3.

The Hon. John P. Fullam  2  September 21, 2010

On interlocutory appeal of the Court's Order, the Third Circuit agreed with this Court's conclusion that the FSIA did not immunize Messrs. Senesie and Lohman. The Third Circuit did not address the Court's jurisdictional ruling, finding that it did not have appellate jurisdiction over that issue. Nonetheless, the Third Circuit vacated the Court's Order and remanded to allow the Court to "consider the effect of" *Samantar v. Yousuf*, --- U.S. ---, 130 S. Ct. 2278 (2010), decided after this Court's Order issued, including the possible availability of sovereign immunity for Respondents under the common law, and whether Liberia might be a "required party" under Fed. R. Civ. Pro. 19. *Id.* at 12-14. While the Third Circuit observed that Respondents had made a strategic decision not to raise common-law immunity as a defense in the proceedings before this Court, and noted that their failure to do so was "particularly concerning," it nevertheless remanded those issues to this Court for further consideration, including of any views the State Department might offer. On September 13, 2010, the Third Circuit issued its mandate returning jurisdiction to the Court.

### **Schedule on Remand**

CWW believes that the Court's prior finding that Mr. Senesie's actions constitute commercial activity, which remains the law of the case, means that, even if common-law immunity applied or if Liberia were a necessary party, there is no immunity here because Mr. Senesie's conduct as Receiver was commercial. Moreover, as this Court has previously observed, "there probably isn't any defense on the merits." (Tr. Oral Arg. Dec. 4, 2008 at 31:7-8). In finding that Respondents are subject to personal jurisdiction, the Court has already found facts sufficient to support a finding of contempt.

Nonetheless, in order to ensure that there is a complete record before the Court and for any subsequent appeal, CWW requests that the Court schedule a period of discovery to address the factual issues that Messrs. Lohman and Senesie have raised in this Court and on appeal in connection with their sovereign immunity defense, relating to the circumstances of Mr. Senesie's appointment as Receiver, his contact with the enjoined parties, and his decision to bring suit in the Cayman Islands despite this Court's anti-suit injunction. CWW believes that this discovery will provide further evidence that Mr. Senesie's decision to request his appointment as Receiver and pursue the AJA claims in the Cayman Islands was undertaken in concert with AJA or its assigns, rather than as the result of any disinterested governmental process.

Further, CWW requests that after the initial discovery phase, the Court schedule simultaneous briefing of any motion to dismiss made by Respondents and CWW's underlying motion for contempt, so that the Court may, if it finds no immunity, issue a finding of contempt of Judge O'Neill's anti-suit injunction. There can be few if any issues the Court need reach to find Respondents in contempt that it would not reach to rule on immunity issues. As such, to again bifurcate briefing between immunity issues and contempt would lead to duplicative litigation, and could   in the event that a decision

The Hon. John P. Fullam	3	September 21, 2010

by the Court on immunity were followed by another interlocutory appeal – delay by months or years the final resolution by the Court of CWW's contempt motion.

Respectfully submitted,

Donald W. Hawthorne