
# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel 212 909 6000
www.debevoise.com

**Donald W. Hawthorne**
Counsel
Tel 212 909 6468
Fax 212 521 7468
dhawthorne@debevoise.com

November 12, 2010

The Hon. John P. Fullam
United States District Court for the
   Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

**Re: The Abi Jaoudi and Azar Trading Corp. vs. CIGNA Worldwide Insurance Co. (No. 91-6785)**

Dear Judge Fullam:

We write on behalf of CIGNA Worldwide ("CWW") in response to Mr. Senesie's letter submitted today, to point out that Mr. Senesie's draft form of order is an apparent attempt to revert back to a position that the Court has already rejected. On September 23, 2010, CWW expressed the concern that without a date certain, the State Department could take months or years for deliberation, and that it made no sense to hold this contempt proceeding in abeyance under such circumstances. In response, the Court set a fixed date for the State Department's preliminary response. CWW is agreeable to providing an additional 60 days, until January 21, 2011, for the State Department to receive and consider the parties' views (not, as Mr. Reichner incorrectly contends, because CWW is "unable to meet with the Department until December 14.") CWW does not object to this extension, because it is for a reasonable period and has a fixed date.

Now, Mr. Senesie has tried to slip into his form of order the same potential for open-ended delay that CWW initially objected to, by providing that "Respondents need not respond to any discovery served by CIGNA Worldwide until 15 days have passed from the date the Department of State provides the Court with its position on the question of immunity" – a date that may never come, because no law requires the Department of State to respond to a foreign state's request for a recommendation of immunity. *See, e.g., Yousuf v. Samantar*, No. 1:04cv1360, 2007 WL 2220579 at *6 (E.D.Va. Aug. 1, 2007) ("[e]ach of Samantar's monthly reports to the Court reported that the State Department had the matter 'still under consideration'"). Mr. Senesie's proposed order is a back-handed attempt to circumvent the Court's express view that a fixed date is required for the Department of State's response so that this case may move forward. It should be rejected.

CWW additionally does not believe there is any need to alter the schedule for discovery originally contemplated by the Court, and hence that it is appropriate for

The Hon. John P. Fullam            2            November 12, 2010

discovery to commence on January 24, 2011, three days after the date from which a response is requested from the State Department (as reflected in the form of order previously submitted by CWW), which is consistent with the schedule previously ordered by the Court.

           Respectfully submitted,

           Donald Hawthorne, Esq.

cc:    Mary Catherine Malin, Esq.,
       Assistant Legal Adviser for Diplomatic Law and Litigation
       United States Department of State
    Henry F. Reichner, Esq.
    Mark Gottlieb, Esq.

23311941v2