IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------x

THE ABI JAOUDI AND AZAR TRADING CORP.,                    :

       Plaintiff,                                        :       Civil Action No. 91-6785

   -against-                                               :

CIGNA WORLDWIDE INS. CO.,                                 :

       Defendant.                                        :

                                                                                        :

-------------------------------------------------------------------x

## <u>ORDER</u>

     This _____ day of _____, 2011, upon consideration of

the Motion of Defendant-Movant CIGNA Worldwide Insurance Co. ("CWW") to

Compel Discovery, CWW's Memorandum of Law in support thereof, the Declaration of

Richard J. Bortnick, Esquire, and its annexed exhibits, and upon all pleadings and

proceedings herein, it is hereby:

     ORDERED that Respondents Senesie, Sesay and Lohman shall, within fifteen

(15) days after entry of this Order, provide full and complete responses to CWW's

Interrogatories and Requests for Production of Documents addressed to the respective

parties dated October 25, 2010; and it is further

ORDERED that Respondents Senesie, Sesay and Lohman, and Respondents'

witnesses, Cllr. Thompson Jargba and Cllr. Oswald Tweh, shall appear to have their

depositions taken pursuant to the notices addressed to the respective parties dated

October 25, 2010, not later than forty-five (45) days after entry of this Order.


BY THE COURT:


_____
JOHN P. FULLAM
UNITED STATES DISTRICT JUDGE

2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

--------------------------------------------------------------------x
                                       :

THE ABI JAOUDI AND AZAR TRADING CORP.,       :
                                        :   Civil Action No. 91-6785

      Plaintiff,                           :

   -against-                              :

CIGNA WORLDWIDE INS. CO.                     :

      Defendant.                           :

--------------------------------------------------------------------x

## DEFENDANT'S MOTION TO COMPEL DISCOVERY

**PLEASE TAKE NOTICE** that upon the accompanying Memorandum of Law in support of this motion, the Declaration of Richard J. Bortnick, Esquire, and its annexed exhibits, the pleadings and all other papers heretofore filed in this action, Defendant CIGNA Worldwide Insurance Company ("CWW") respectfully moves this Court for an Order, substantially in the form attached hereto as **Exhibit A**, pursuant to Federal Rule of Civil Procedure 37(a), compelling Respondents Josie Senesie, Foday Sesay and Samuel M. Lohman to provide full and complete responses to CWW's Interrogatories, to produce documents responsive to CWW's Request for Production of Documents, to appear for depositions as noticed, and to produce for deposition Respondents' witnesses, Cllr.

Thompson Jargba and Cllr. Oswald Tweh, as noticed.

Respectfully submitted,

COZEN O'CONNOR

By: *Richard Bortnick /RC*

Stephen A. Cozen
Richard J. Bortnick
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

*Attorneys for Defendant CIGNA Worldwide
Insurance Company*

OF COUNSEL:

DEBEVOISE & PLIMPTON LLP

Robert D. Goodman
Donald W. Hawthorne
William H. Taft V
Matthew S. Hackell
919 Third Avenue
New York, NY 10022
(212) 909-6000

February 16, 2011

2

Stephen A. Cozen
Richard J. Bortnick
COZEN O'CONNOR
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

*Attorneys for Defendant CIGNA Worldwide Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------x

THE ABI JAOUDI AND AZAR TRADING CORP.,        :

      Plaintiff,        :        Civil Action No. 91-6785

      -against-        :        **MEMORANDUM OF LAW**
                        :        **IN SUPPORT OF MOTION**
CIGNA WORLDWIDE INS. CO.,        :        **TO COMPEL DISCOVERY**

      Defendant.        :

-------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Five months ago, this Court ordered that discovery go forward in this case,

rejecting the argument that discovery should wait until the United States Department of

State expressed its views on the issue of immunity. Now, the State Department has

*affirmatively* advised that it will await the Court's determinations on the issues on which

it ordered discovery before the Department decides whether to express a view on

immunity. Yet Respondents Josie Senesie, Foday Sesay, and Samuel M. Lohman

("Respondents") have refused to respond to even a single interrogatory or document

request served on them by Petitioner CIGNA Worldwide Insurance Company ("CWW").

Instead, their discovery responses repeat arguments that the Court considered and

rejected in September, when it ordered discovery to commence. There is no reason for the Court to revisit its earlier rulings. Respondents should be compelled to respond promptly and fully to CWW's document requests and interrogatories and thereafter make available for deposition the individuals noticed by CWW.

Specifically, Respondents again object, as they did in September, that they "should not have to respond to CWW's discovery until after such time as the State Department provides its views on the ultimate question of immunity." Declaration of Richard J. Bortnick, Esquire, dated Feb. 16, 2011 ("Bortnick Decl."), Ex. B(1)-(6) (Respondents' Objections and Responses), at 1-2. Remarkably, Respondents claim that this is "consistent with the Court's prior approach" – even though the Court heard and rejected precisely the same argument only a few months ago. Respondents also ignore that the State Department has indicated in its initial response to the Court that it is interested in the very same issues addressed by CWW's pending discovery. After receiving submissions and presentations from all parties, the State Department has now stated that it cannot determine if it will express any view, unless and until the Court makes a determination on the real party in interest issue – the very subject on which the Court has ordered discovery.

This Court's prior ruling permitting discovery is also consistent with the mandate of the Court of Appeals, which directed the parties to engage in discovery as appropriate on certain issues, including the real party in interest question. Bortnick Decl., Ex. C (Court of Appeals Slip Opinion), at 14. Accordingly, as CWW explained to the Court on September 23, CWW has sought discovery on issues critically relevant to the real party in

interest inquiry, including the identities of the "people behind this," the reasons "why . . . Mr. Senesie request[ed] his own appointment as receiver," the extent of his contacts prior to his appointment with the purported creditors of CWW, and any continuing interest that Senesie may have in the payment of their claims.  Bortnick Decl., Ex. D (Transcript of Sept. 23 Status Conference) ("Tr.") 8:2-5; *see generally* Bortnick Decl., Ex. A.  On this basis, the Court ordered discovery to go forward.

Insofar as the State Department has said that it cannot make any further determination until the Court rules on the real party in interest issue, it makes no sense for the Respondents to contend that the State Department's focus on the "real party in interest" issue provides them any justification to refuse to provide discovery on that very issue.  As such, CWW's Motion to Compel must be granted.

## PROCEDURAL BACKGROUND

On November 18, 2008, CWW moved this Court for a finding of contempt against the Abi Jaoudi and Azar Trading Corp ("AJA") and several non-parties, including Respondents Senesie and Lohman.  CWW sought a finding of contempt on the basis that Respondents, by bringing claims in the Cayman Islands based on a judgment that AJA had procured from a Liberian court, had violated this Court's anti-suit injunction, which prohibited AJA, or persons acting in concert with it, from taking action to enforce that Liberian judgment, or to otherwise take "any actions that conflict with, constitute an attack upon, or seek to nullify" Judge O'Neill's final Order and Judgment dismissing

AJA's claims against CWW. *Younis Bros. & Co., Inc. v. CIGNA Worldwide Ins. Co.*, 167 F. Supp. 2d 743, 747 (E.D. Pa. 2001).

On January 12, 2009, the Court issued an Order denying motions to dismiss filed by Respondents Senesie and Lohman based on claims of sovereign immunity and lack of personal jurisdiction. The Court found that Senesie's actions as receiver "constitute[d] commercial activity" within the meaning of the commercial activity exception to the Foreign Sovereign Immunities Act ("FSIA"). Bortnick Decl., Ex. E (Decision and Order), at 3. The Court also held that it had personal jurisdiction over Respondents on the basis of the evidence that they had aided and abetted AJA's contemptuous conduct. *Id.*

On interlocutory appeal, the Court of Appeals for the Third Circuit upheld this Court's ruling that Respondents' conduct in defying Judge O'Neill's Order was not shielded by the FSIA. It also held that it lacked appellate jurisdiction to review the Court's ruling on personal jurisdiction. Nonetheless, the Third Circuit vacated the Court's Order and remanded to allow the Court to "consider the effect of" *Samantar v. Yousuf*, --- U.S. ---, 130 S. Ct. 2278 (2010), including the possible availability of common-law immunity to Respondents, and whether a foreign state might be a "required party" under Fed. R. Civ. Pro. 19, or the "real party in interest" in the action. Bortnick Decl., Ex. C, at 12-14.

Following remand, on September 23, 2010, the Court held a Status Conference to address further scheduling, at which CWW indicated that it would seek discovery concerning the issues identified by the Third Circuit. Tr. 8:2-5. Respondents argued to

4

the Court that discovery should be stayed until the State Department responded "one way or the other" to Respondents' request for a suggestion of sovereign immunity. Tr. 11:21-12:7. The Court rejected Respondents' argument for delay, and, by Order dated September 24, 2010, ruled that discovery could commence after thirty days, on October 23, 2010. Tr. 17:24-25; Bortnick Decl., Ex. F (Minute Order).

On October 25, 2010, in accord with the Court's Order, CWW served interrogatories, document requests and deposition notices on Respondents Lohman, Senesie and Sesay, and on Respondents' witnesses, Cllr. Thompson Jargba and Cllr. Oswald Tweh, with responses due by November 24, 2010. Bortnick Decl., Ex. A. CWW's interrogatories and document requests seek information relating to the issues identified by the Third Circuit, including communications among the Respondents, the identity of the individuals and/or entities funding and directing the receiver's actions or claiming an interest in any recovery, and the events that led to the appointment of a receiver – all of which may cast light on the identities of the real parties in interest behind Respondents' actions in the Cayman Islands. Bortnick Decl., Ex. A. CWW also noticed depositions of the Respondents and their witnesses. Upon learning that the State Department was considering whether it should submit a statement of interest, the parties agreed to, and this Court so ordered, a two-month extension of Respondents' time to respond to CWW's discovery requests. During that period, in accord with State Department practice, State Department lawyers met individually with counsel for the parties and received written submissions that were not shared among the parties.

On January 21, 2011, the State Department responded to the Court, stating that it would decide whether to submit a statement of interest to the Court only after the Court had determined the real party in interest. Bortnick Decl., Ex. G.

On January 24, 2011, Respondents served their responses to CWW's discovery. Respondents objected to every one of CWW's document requests and interrogatories, and refused to provide a single substantive response – continuing their steadfast refusal to identify the individuals and/or entities who are violating Judge O'Neill's anti-suit injunction by funding, directing, and benefiting from Respondents' actions. *See generally* Bortnick Decl., Ex. B.

Respondents provided no response at all to CWW's deposition notices, and are in default with respect to them.

To justify their failure to provide any discovery whatsoever in the face of the Court's Order of September 24, 2010, Respondents stated:

> 1. [Respondent] objects to responding to these Requests on the ground that the State Department has asked that the Court first make the threshold determination as to the capacity in which Respondents are being sued and whether the Republic of Liberia . . . is the real party in interest.
>
> 2. [Respondent] objects to this discovery on the grounds that the Department of State has advised the Court that it is prepared to address the question of immunity once the Court makes the threshold determination sought.

The parties held a meet-and-confer on Friday, January 28, 2011, but were unable to resolve this issue. Bortnick Aff. ¶ 3. This motion followed.

## ARGUMENT

Respondents mischaracterize both the State Department's notice and the previous actions of this Court in an attempt to reargue the Court's Order that discovery concerning the questions raised by the Court of Appeals go forward. As this Court has already found, discovery is appropriate in order to address the very question that both the Court of Appeals and the State Department have asked: Who is the real party or parties in interest behind the actions for which CWW seeks to hold Respondents in contempt?

I.   **The Court Should Not Revisit Its Decision to Allow Discovery to Go Forward**

  A.   **Respondents' Objections to Discovery Are An Untimely and Unfounded Effort to Reargue the Court's Prior Order**

In its August 20, 2010 decision, the Court of Appeals explained that remand "will permit the parties to make the related arguments and engage in discovery, if necessary." Bortnick Decl., Ex. C, at 14. At the September 23 Status Conference, Respondents' counsel argued that such discovery should be stayed indefinitely while it sought a statement of interest from the State Department. The Court denied this request. Tr. 17:17. CWW argued, and the Court agreed, that discovery was appropriate to address the issues raised by the Court of Appeals' decision, including the question of the real party in interest.[1] Tr. 7:12-8:7.

---

[1]   Senesie's claim to have been acting as a receiver necessarily means that the estate of the "Liberian branch" of CWW and its creditors, and not the Liberian government, are the real parties in interest in the Caymans action. Among other things, it is the receivership estate, not the Liberian government, that would benefit from any recovery or be required to satisfy any penalty for contempt. As the Third Circuit and this Court have already determined, however, CWW is entitled to have that determination made on a full record. In addition, CWW believes that discovery will produce facts further supporting Respondents' liability for contempt as *individuals*.

Nothing has changed since the Court issued that ruling. The issue of real party in interest, among others identified by the Third Circuit, is still before the Court, and the State Department has not offered (and may never offer) its view. There is simply no reason for the Court to reconsider its prior ruling, which Respondents have chosen to ignore.

**B.    The Issue Identified by the State Department Is the Same Issue Identified by the Third Circuit**

In any event, the ground that Respondents advance in yet another effort to derail discovery is frivolous. The discovery CWW seeks would address precisely the issue the State Department has identified. The State Department says that it cannot act until the Court determines the identity of the real parties in interest – and the Court has already ordered discovery relevant to that issue. Nothing in the Department's notice suggests that the Court should revisit its prior determination, consistent with the Court of Appeals' suggestion, that CWW be permitted to take discovery to determine who is driving the violation of Judge O'Neill's anti-suit injunction, and who stands to benefit therefrom.

Respondents suggest that the State Department's questions about the real party in interest can be addressed by CWW "simply advis[ing] the Court as to the capacity in which the Respondents are being sued." Bortnick Decl., Ex. B(1)-(6), at 1. But that is no secret: CWW has consistently taken the position that: (1) all Respondents are named as contemnors in their individual capacities; (2) Respondents Senesie and Sesay are also named in their representative capacities as receivers of the estate of CWW's "Liberian Branch"; and (3) no Respondent has been named in his capacity as an official of the

Liberian government.  There is nothing new about these allegations, and the State Department is well aware of them.  Bortnick Decl., ¶ 2.

II.    **<u>Respondents' Remaining Objections Raise No Valid Basis for Resisting Compliance</u>**

Apart from these meritless general objections based on the State Department's actions, Respondents raise no more than boilerplate objections, based on overbreadth, burden and vagueness, to any of CWW's interrogatories and document requests.  Each of CWW's discovery requests is directed squarely to the "real party in interest," common-law immunity, and "required party" questions that have been identified by the Court of Appeals and now by the State Department, and each request and interrogatory seeks facts relevant to the determination of these issues.  Respondents advance no serious argument to support their conclusory assertion that CWW's requests and interrogatories are not relevant to the issues before the Court; nor do they provide substantive, individually-tailored objections to any particular request.

# CONCLUSION

For the foregoing reasons, CWW respectfully requests that this Court compel each of the Respondents to respond fully to CWW's Interrogatories and Document Requests, as set forth in Exhibit A to the accompanying Declaration of Richard J. Bortnick, Esquire, and to appear as noticed for deposition thereafter.

Dated: February 16, 2011
       Philadelphia, Pennsylvania

COZEN O'CONNOR

By: _____
      Stephen A. Cozen
      Richard J. Bortnick
      1900 Market Street
      Philadelphia, Pennsylvania 19103
      (215) 665-2000

OF COUNSEL:

DEBEVOISE & PLIMPTON LLP

Donald Francis Donovan
Donald W. Hawthorne
Matthew S. Hackell
919 Third Avenue
New York, NY  10022
(212) 909-6000

*Attorneys for Defendant CIGNA Worldwide Insurance Company*

10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------x

THE ABI JAOUDI AND AZAR TRADING CORP.,                :
                                                       :
       Plaintiff,                                  :    Civil Action No. 91-6785
                                                       :
     -against-                                       :
                                                       :
CIGNA WORLDWIDE INS. CO.,                              :
                                                       :
       Defendant.                                  :

------------------------------------------------------------------x

## DECLARATION OF RICHARD J. BORTNICK, ESQUIRE, IN SUPPORT OF DEFENDANT CIGNA WORLDWIDE INSURANCE COMPANY'S MOTION TO COMPEL DISCOVERY

RICHARD J. BORTNICK, ESQUIRE, hereby declares as follows:

    1.   I am a member of the Bar of the Commonwealth of Pennsylvania and of this Court, and am a member of the firm of Cozen O'Connor, counsel for Defendant CIGNA Worldwide Insurance Company ("CWW") in this action. I submit this Declaration in support of CWW's motion to compel Respondents Josie Senesie, Foday Sesay and Samuel M. Lohman (collectively, "Respondents") to provide full and complete responses to the Interrogatories and Document Requests attached hereto as Exhibit A, to appear to have their depositions taken, and to produce for deposition their witnesses, Cllr. Thompson Jargba and Cllr. Oswald Tweh, pursuant to the notices also attached hereto as Exhibit A.

## Communications with the State Department

2.     During December 2010, CWW met and corresponded with the United State Department of State concerning Respondents' request that the State Department enter a suggestion of immunity. In the course of that correspondence, CWW explained to the State Department that CWW sought to hold Respondents Senesie and Sesay in contempt in their individual capacity, and also in their representative capacity as receivers of the estate of CWW's "Liberian Branch," but not in their official capacity as commissioner of insurance. CWW also explained that it sought to hold Respondent Lohman, a U.S. citizen, in contempt in his individual capacity.

## Meet-and-Confer

3.     On Friday, January 28, 2010, I and co-counsel for CWW held a telephonic meet and confer with counsel for each of the Respondents concerning the issues raised in the accompanying motion. We were unable to resolve those issues.

## Supporting Exhibits

4.     Annexed as Exhibit A hereto are true and correct copies of the following discovery requests, all served on Respondents Senesie, Sesay and Lohman on October 25, 2010:

1. Defendant's Interrogatories to Respondent Josie Senesie, dated October 25, 2010;
2. Defendant's Requests for Production of Documents to Respondent Josie Senesie, dated October 25, 2010;
3. Notice of Deposition of Respondent Josie Senesie, dated October 25, 2010;

4. Notice of Deposition of Respondents' witness Cllr. Thompson Jargba, dated October 25, 2010;

5. Notice of Deposition of Respondents' expert witness Cllr. Oswald Tweh, dated October 25, 2010;

6. Defendant's Interrogatories to Respondent Foday Sesay, dated October 25, 2010;

7. Defendant's Requests for Production of Documents to Respondent Foday Sesay, dated October 25, 2010;

8. Notice of Deposition of Respondent Foday Sesay, dated October 25, 2010;

9. Defendant's Interrogatories to Respondent Samuel M. Lohman, dated October 25, 2010;

10. Defendant's Requests for Production of Documents to Respondent Samuel M. Lohman, dated October 25, 2010;

11. Notice of Deposition of Respondent Samuel M. Lohman, dated October 25, 2010.

5.    Annexed as Exhibit B hereto are true and correct copies of the following objections and responses to CWW's discovery requests, all served on CWW on January 24, 2011:

1. Non-party Josie Senesie's Objections and Responses to Defendant's Interrogatories, dated January 24, 2011;

2. Non-party Josie Senesie's Objections and Responses to Defendant's Requests for Production of Documents, dated January 24, 2011;

3. Non-party Foday Sesay's Objections and Responses to Defendant's Interrogatories, dated January 24, 2011;

4. Non-party Foday Sesay's Objections and Responses to Defendant's Requests for Production of Documents, dated January 24, 2011;

5. Non-party Samuel M. Lohman, Esq.'s Objections and Responses to Defendant's Interrogatories, dated January 24, 2011;

6. Non-party Samuel M. Lohman, Esq.'s Objections and Responses to Defendant's Requests for Production of Documents, dated January 24, 2011.

3

6.      Annexed as Exhibit C hereto is a true and correct copy of the Slip Opinion issued August 20, 2010 of the United States Court of Appeals for the Third Circuit in this matter, captioned *Abi Jaoudi & Azar Trad. Corp. v. CIGNA Worldwide Ins. Co.*, 391 Fed.Appx. 173 (3d Cir. 2010).

7.      Annexed as Exhibit D hereto is a true and correct copy of the transcript of the Status Conference held in this matter on  September 23, 2010.

8.      Annexed as Exhibit E hereto is a true and correct copy of the Decision and Order of this Court, entered January 12, 2009.

9.      Annexed as Exhibit F hereto is a true and correct copy of the Minute Order of this Court, entered September 24, 2010.

10.     Annexed as Exhibit G hereto is a true and correct copy of the Notice of the United States, dated January 21, 2011.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed at Philadelphia, Pennsylvania this 16th day of February, 2011.

Richard Bortnick /RC

RICHARD BORTNICK, ESQ.

4