# EXHIBIT I

# ReedSmith

Reed Smith LLP
2500 One Liberty Place
1650 Market Street
Philadelphia, PA 19103-7301
+1 215 851 8100
Fax +1 215 851 1420
reedsmith.com

**Henry F. Reichner**
Direct Phone: +1 215 851 8266
Email: hreichner@reedsmith.com

September 22, 2010

**<u>VIA HAND DELIVERY</u>**

The Honorable John P. Fullam
United States District Court
for the Eastern District of Pennsylvania
Room 15614
601 Market Street
Philadelphia, PA 19106

**The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co.**
**U.S.D.C. E.D. Pa., No. 91-6785**

Dear Judge Fullam:

We represent the Commissioner of Insurance for the Republic of Liberia and court-appointed Receiver
for the Liberian Branch of CIGNA Worldwide Insurance Company ("CWW") and write in response to
CWW's letter to you dated September 21, 2010. Our correspondence is also being sent on behalf of Mr.
Lohman and his counsel.

As a preliminary matter, we do not believe that CWW's letter properly construes the Third Circuit's
opinion in this case. First, the Third Circuit indicates that there are three paths to immunity for this
Court to consider, two under the Foreign Sovereign Immunities Act (based on the analogous cases under
Title VII and Rule 19) and one under the common law. Second, the Third Circuit's opinion does not
confer law of the case effect on the prior commercial activity ruling: the Third Circuit vacated the prior
ruling and reopened the issues addressed therein. In any event, even if not deemed vacated, that ruling
remains interlocutory. Third, the letter erroneously implies that the commercial activity exception
would apply to common law immunity, which it would not.

CWW's proposal for going forward with this case is also inconsistent with the Third Circuit's
instructions on remand that the District Court consider the three possible paths to immunity that remain
open to the Commissioner of Insurance and Mr. Lohman. *See* Slip Op. at 12 ("we vacate the District
Court's order and remand for further proceedings to allow the parties to address those [three] possible
options."). *See also* Slip Op. at 14 ("a remand would permit the Executive Branch to offer its views (if
any) on the appellants' [common law] immunity in the present case."); Slip Op. at 14 ("a remand is
appropriate here to permit the District Court to consider the effect of *Samantar* in the first instance. This
will permit the parties to make the related arguments and engage in discovery, if necessary. It will also
allow the Executive Branch to weigh in with its views (if any) on the appellants' claims to common-law
immunity."). As the Court remarked at oral argument in the Third Circuit, "I keep asking myself if they
[i.e., the State Department] came in and looked at this and analyzed it, I would lay a bet that they would

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

US_ACTIVE-104572314.1-HFREICHN 9/22/10 3:44 PM

The Honorable   Fullam
September 22, 2010
Page 2

**ReedSmith**

come in and say that there's a statement of interest with respect to Senesie." *See* Tr. of Oral Argument
at 32:17-21.

This Court has already recognized that the appropriate way of proceeding is to consider the question of
immunity first and, in fact, the Third Circuit remanded with express instructions that the District Court
consider the jurisdictional arguments not previously addressed.  Indeed, the Third Circuit has stressed
that "immunity is a 'critical preliminary determination' of subject matter jurisdiction" and, to the extent
discovery is allowed, has "caution[ed] that 'discovery and fact-finding should be limited to the essentials
necessary to determining the preliminary question of jurisdiction.'" *Federal Ins. Co. v. Richard I Rubin
&Co., Inc.*, 12 F.3d 1270, 1284 n. 11 (3d Cir. 1993) (quoted case omitted).  Thus, CWW's suggestion
that the Court combine merits and immunity matters is not well-taken.  Further, "principles of comity
underlying the FSIA require the district court, when deciding whether or not to allow jurisdictional
discovery from a foreign sovereign, to balance the need for 'discovery to substantiate exceptions to
statutory foreign sovereign immunity' against the need to 'protect[ ] a sovereign's or sovereign agency's
legitimate claim to immunity from discovery.'" *Butler v. Sukhoi Co.*, 579 F.3d 1307, 1314 (11th Cir.
2009) (quoted case omitted).  CWW by its own admission needs no discovery on the FSIA issues raised
by *Samantar* (as an aside, CWW's discussion of discovery as it pertains to Josie Senesie neglects to take
into account the fact that he no longer holds the office of Insurance Commissioner and Receiver).

As to common-law immunity, the Third Circuit expressly said that one of the purposes of its remand
order was to give the Department of State time to consider this case and to decide whether to take a
position regarding immunity one way or another.  In that regard, we suggest that the Court issue a
Request for a Statement of Position from the Department of State and await a response before taking any
further action.

Respectfully,

Henry F. Reichner

HFR:rp
cc:     Richard J. Bortnick, Esquire (via email and first class mail)
        Donald W. Hawthorne, Esquire (via email and first class mail)
        Mark E. Gottlieb, Esquire (via email and first class mail)