# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>　　　　　Defendant. | Civil Action No. 91-6785 |

**NON-PARTY RESPONDENT SAMUEL M. LOHMAN, ESQUIRE'S RESPONSE TO MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO COMPEL DISCOVERY**

Non-party Respondent, Samuel M. Lohman, Esquire ("Lohman"), by and through his counsel, hereby responds to Defendant Cigna Worldwide Insurance Company's ("CWW") Memorandum of Law in Further Support of Motion to Compel Discovery (the "Memorandum").[1]  For the reasons discussed below and previously discussed in the Joint Response to the Motion to Compel Discovery, Mr. Lohman requests that the Court deny CWW's Motion to Compel Discovery (the "Motion").  Furthermore, because this Motion involves complex issues, Mr. Lohman requests oral argument.  In light of Judge Fullam's recent retirement announcement and the fact that this case will inevitably warrant additional proceedings and hearings, Mr. Lohman requests that oral argument be heard by the Judge to which this matter will be assigned in order to ensure continuity.

---

[1]  CWW filed its Memorandum not as a Reply, but as a new Memorandum of Law.  Although most of the legal arguments in the Memorandum are a restatement of arguments already presented to the Court in its initial motion, CWW has made several inaccurate and baseless factual assertions related to Mr. Lohman.  As such, Mr. Lohman files this response.  To the extent CWW's Memorandum is a reply, then Mr. Lohman requests that the Court accept this sur-reply or, in the alternative, strike CWW's Memorandum as an improperly filed Reply.

CWW has chosen to re-hash many of the same arguments previously made in their original Motion filed in November 2008, but now has gone further by stating entirely inaccurate and baseless factual allegations. In order to avoid needless repetition, Mr. Lohman will not address those issues previously addressed in the Joint Responses, but will only address the new arguments – more resembling *ad hominem* attacks – raised in the Memorandum.

It is entirely contradictory for CWW to take such a strident position on the applicability of common law immunity to Mr. Lohman and then contend that it needs discovery to determine if Mr. Lohman is entitled to common law immunity. One thing that is now clear from CWW is that it seeks to ignore the purpose and protections of common law immunity by performing an over-reaching discovery under the pretense of determining if common law immunity applies, but with the primary goal of harassing Mr. Lohman and the other Respondents into abandoning the underlying Abi Jaoudi related claim in the indemnity enforcement action brought by the Receiver against ACE Limited in the Cayman Islands. Such an approach is an abuse of the discovery process and antithetical to the United States Court of Appeals for the Third Circuit's remand order in this matter.

Specifically, CWW falsely claims that Respondents, including Mr. Lohman, are attempting to avoid any examination of the facts underlying their claim of common law immunity. In fact, Mr. Lohman has far more personal stake than CWW in having the issue of his common law immunity resolved, which is one of the reasons that Mr. Lohman wants this Court to resolve the threshold question for the State Department and provide the State Department the time it needs to complete its analysis. What CWW fails to continue to address is how any of its discovery at all pertains to whether Mr. Lohman, or the other Respondents, are entitled to common law immunity. CWW has provided no credible basis for performing discovery when it

continues to assert, in increasingly aggressive language, that Mr. Lohman, and the other Respondents, are not entitled to common law immunity.

In addition, CWW inaccurately claims that Respondents have "disavowed their assertion that Liberia is the real party in interest." Mr. Lohman has not disavowed this assertion. Mr. Lohman was simply unclear as to who the real party in interest was because CWW had never explicitly stated who it intended to sue. Once that issue was addressed by CWW, Mr. Lohman, along with the other Respondents, were able to address the real party in interest question. As the State Department made clear, the question of the real party in interest is a threshold question and the burden was on CWW to resolve that question. CWW is now trying to use its own dithering on this issue as evidence of Mr. Lohman putting forth a new argument.

Furthermore, to the extent that CWW is also claiming that Liberia no longer has an interest or that Mr. Lohman has disavowed any claim to Liberia as being the 'real party', CWW is intentionally misleading this Court. As Mr. Lohman and the other Respondents made clear, they remain agents of Liberia. However, they are not being sued in that capacity, but as individuals. This position is not contradictory to Mr. Lohman's previous position related to the Foreign Sovereign Immunities Act ("FSIA"). Mr. Lohman believed, as did many of the United State Courts of Appeals, that the FSIA's protection for agencies of a foreign nation included individual agents, like Mr. Lohman. Mr. Lohman's arguments were based upon that interpretation of the law. It was not until June 2010 when the United States Supreme Court determined, for the first time, that individuals were not entitled to protection under the FSIA. The facts of this matter have not changed, but, instead, the law changed. The threshold issue as framed by the Department of State is whether Liberia is the real party in interest and in what capacity were the Respondents sued – not whether Mr. Lohman is an "agency or instrumentality"

of Liberia under the FSIA. It was the decision of CWW to sue Mr. Lohman in his individual capacity. But that decision does not strip him of his agency status. And Liberia continues to have an interest in this action, even if it is not the real party in interest that CWW is seeking to enforce a contempt against.

CWW's arguments as to Mr. Lohman are little more than innuendo and attempts to place the burden on Mr. Lohman to prove a negative that CWW has created. On the issue of Mr. Lohman's bar status in Switzerland, CWW itself admits that Mr. Lohman is a member of the Geneva Bar Association. CWW attempts to minimize this argument by importing the American model of bar membership on Switzerland. Geneva is not an integrated bar and therefore, lawyers can be listed and appear before the courts but are not required to be members of the Geneva Bar Association to do so. In order to be registered in Geneva, Switzerland as a foreign lawyer, as Mr. Lohman is by CWW's own admission, you must accept and agree to be bound by the ethical rules of the local bar association. Further, in order to be registered as a foreign lawyer with the bar association, there must be reciprocity with your home bar and you must otherwise satisfy good standing and similar requirements. CWW's implication that Mr. Lohman is somehow not responsible to obey Swiss law and Swiss attorney ethics rules is entirely false.

Finally, CWW also makes the improper argument that Mr. Lohman has his office in Switzerland "with an interest in attempting to shield non-Swiss clients from the scrutiny of U.S. Courts." This false allegation is especially ironic in light of CWW's law firms both having overseas offices. On Debevoise & Plimpton LLP's website home page, Debevoise list offices in London, Paris, Frankfurt, Moscow, Hong Kong, and Shanghai. On Cozen O'Connor's website, Cozen lists offices in London and Toronto. Obviously, these firms do not maintain offices in foreign jurisdictions in an attempt to shield foreign clients from the scrutiny of United States

courts.  In addition, Mr. Lohman's decision to practice abroad occurred approximately 20 years before this dispute arose.  CWW's attempt to use Mr. Lohman's foreign office as evidence of nefarious dealings betrays their ongoing and obsessive efforts to use malicious innuendo in place of relying on facts to support their arguments.  It is our expectation and hope that this Court will ignore there baseless *ad hominem* attacks and focus on the serious issues before this Court.  Specifically, Mr. Lohman requests that the Court deny CWW its request to compel discovery that fails to serve its stated purpose of clarifying the question of common law immunity.

For the foregoing reasons, CWW's Motion should be denied, this Court should issue an Order in the form provided finding that Liberia is not the real party in interest in this contempt proceeding, and staying the matter pending the Executive Branch's determination of common-law immunity.

Dated: March 25, 2011

                                      Respectfully submitted,

                                      /s/ William H. Pillsbury
                                      Mark E. Gottlieb, Esquire
                                      William H. Pillsbury, Esquire
                                      OFFIT KURMAN, P.A.
                                      1801 Market Street
                                      Suite 2300
                                      Philadelphia, PA  19103
                                      267-338-1321
                                      267-338-1335 (facsimile)

                                      *Attorneys for Non-Party*
                                      *Samuel M. Lohman, Esquire*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Non-Party Respondent Samuel M. Lohman, Esquire's Response to Defendant CIGNA Worldwide Insurance Company's Memorandum of Law in Further Support of Motion to Compel Discovery was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA  19103
>
> Donald W. Hawthorne, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY  10022
>
> Henry F. Reichner, Esquire
> REED SMITH LLP
> 500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA  19103-7301

Dated:  March 25, 2011

> Respectfully submitted,
>
> /s/ William H. Pillsbury
> William H. Pillsbury, Esquire
> OFFIT KURMAN, P.A.
> 1801 Market Street
> Suite 2300
> Philadelphia, PA  19103
> 267-338-1321
> 267-338-1335 (facsimile)
>
> *Attorneys for Non-Party*
> *Samuel M. Lohman, Esquire*