IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 91-6785 |

**MEMORANDUM OF LAW OF
NON-PARTY RESPONDENTS THE HONORABLE FODAY L. SESAY,
COMMISSIONER OF INSURANCE FOR THE REPUBLIC OF LIBERIA AND COURT-
APPOINTED RECEIVER FOR THE LIBERIAN BRANCH OF CIGNA WORLDWIDE
INSURANCE COMPANY, AND HIS PREDECESSOR IN OFFICE, THE HONORABLE
JOSIE SENESIE, IN RESPONSE TO DEFENDANT'S MEMORANDUM OF LAW IN
"FURTHER" SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY**

PRELIMINARY STATEMENT

Non-Party Respondents The Honorable Foday L. Sesay, Commissioner of Insurance for the Republic of Liberia and Court-Appointed Receiver for the Liberian Branch of CIGNA Worldwide Insurance Company("Commissioner Sesay"), and his predecessor in office, The Honorable Josie Senesie ("Mr. Senesie"), submit this brief to address certain matters raised in CIGNA Worldwide Insurance Company ("CWW")'s Memorandum of Law in Further Support of Motion to Compel Discovery dated March 14, 2011 (the "Memorandum").[1] For the reasons discussed below and previously discussed in the Joint Response to the Motion to Compel

---

[1] CWW filed its Memorandum not as a Reply, but as a new Memorandum of Law. To the extent CWW's Memorandum is a reply, then Commissioner Sesay and Mr. Senesie request that the Court accept this sur-reply or, in the alternative, strike CWW's Memorandum as an improperly filed Reply. Given that this case will re-assigned in the near future and the instant motion is not case-dispositive, it makes sense to allow the newly-assigned judge to address this issue. In that regard, oral argument is requested to bring the new judge up to speed on the case.

Discovery dated March 2, 2011 (the "Joint Response"), Commissioner Sesay and Mr. Senesie urge the Court to deny CWW's Motion to Compel Discovery (the "Motion").

## ARGUMENT

Commissioner Sesay and Mr. Senesie, his predecessor, have asserted that they are entitled to sovereign immunity as current and former officials of the Republic of Liberia and court-appointed Receivers under Liberia's Insurance Law and that, consistent with well-established precedent, they should not be subject to unnecessary and burdensome discovery while that defense is being considered.

Contrary to CWW's assertion, the U.S. Department of State *has* indicated that it is prepared to weigh in on the question of whether these two individuals acting under color of Liberian Law should be entitled to immunity, and has merely asked this Court first make a threshold determination as to whether the Republic of Liberia is the real party in interest. *See* Docket # 230. The State Department has indicated that it believes it is the role of the Court to make that preliminary determination but that it is the role of the Executive Branch to give its views, whether by way of Suggestion of Immunity or Statement of Interest, as to the meaning of such a determination. Although CWW suggests otherwise in its Memorandum of Law in "further support" of the Motion, the reality is that CWW has already conceded that "[i]t's generally the case" that a Court will dismiss a proceeding where the State Department comes out in favor of sovereign immunity. *See* Transcript of September 23, 2010 Hearing at 16:8-16.[2]

---

[2] The Supreme Court in *Samantar v. Yousuf*, 130 S. Ct. 2278 (2010), describes how under common law a "two-step procedure developed for resolving a foreign state's claim of sovereign immunity . . . Under that procedure, the diplomatic representative of the sovereign could request a 'suggestion of immunity' from the State Department. . . If the request was granted, the district court surrendered its jurisdiction. . . . But 'in the absence of recognition of immunity by the Department of State,' a district court 'had authority to decide for itself whether all the requisites for such immunity existed." *Id.* at 2284 - 2285 (citations omitted). In this case, the record shows that the Republic of Liberia has formally requested the Department of State to issue a suggestion of immunity in favor of

- 2 -

The State Department has invested significant time and effort in getting up to speed on the issues in this case. In its own words, it has "review[ed] the relevant portions of record in this case, consult[ed] extensively with counsel for the parties, and review[ed] their separate written submissions to the Department of State on the question of Respondents' immunity[.]" *See* Notice by United States of America filed on January 21, 2011 (Docket # 230). Following that review, the State Department "concluded that threshold determinations must be made as to the capacity in which the Respondents are being sued and, in particular, whether the Republic of Liberia is the real party in interest." *Id.*[3] The Notice concludes with the promise that, "[o]nce the Court has made a determination as to the real party in interest, the United States will then be in a position to determine whether, pursuant to 28 U.S.C. § 517, to submit a statement of interest or, if appropriate, a suggestion of immunity" *Id.*

Thus, the threshold determination to be made by this Court will help the State Department to decide whether "to submit a statement of interest or, if appropriate, a suggestion of immunity." If the Republic of Liberia is the real party in interest, the State Department's analysis of the immunity question will take place in the context of the Foreign Sovereign Immunities Act of 1976 and the commercial activity exception to immunity. If the Republic of Liberia is not the real party in interest, the State Department's analysis will take place in the context of common law immunity. But what is clear is that the State Department is prepared to undertake either analysis. Thus, to the extent CWW is suggesting that the State Department has "declined" to get involved, that conclusion (at best) strains the imagination.

---

the Respondents. *See* Docket # 233-1. Under *Samantar*, the Department of State has thus been engaged in this matter. This is evidenced also by its Notice to this Court of January 21, 2011.

[3] Citing *Samantar v. Yousuf*, __U.S. __, 130 S.Ct. 2278, 2292 (2010) ("[I]t may be the case that some actions against an official in his official capacity should be treated as actions against the foreign state itself, as the state is the real party in interest. *Cf. Kentucky v. Graham*, 473 U.S. 159, 166, 105 S. Ct. 3099, 87 L.Ed.2d 114 (1985) ('[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity' (citation omitted)).

Further, it turns out that the Court need not burden itself or the parties creating a massive record on the point as CWW would like to do purely for the sake of harassment: ***the Republic of Liberia has now said it is not the real party interest. CWW itself agrees. And Commissioner Sesay and Mr. Senesie are happy to allow the Department of State to undertake its analysis of their immunity in the context of common law immunity.***[4]

There is thus no need for discovery, much less the kind of discovery CWW seeks. Even CWW effectively admits as much and that it already has sufficient evidence on the point. Further, even were one to assume that some discovery is needed to determine who the real party in interest is – and no such discovery is needed given the above – CWW's discovery is not even calculated to develop evidence relevant to such a determination. Indeed, the discovery was served three months before the State Department indicated what the threshold issue is before it can express its substantive views!

---

[4] CWW makes much of what it claims is an about face on the part of Respondents on the issue of whether Liberia is the real party in interest. This is a red herring. CWW does not – and cannot – argue that Respondents are subject to judicial estoppel on this point. Indeed, prior to the September 23, 2010 hearing in the District Court, Respondents understood that they had been summoned before this Court in their official capacities as Commissioners of Insurance of the Republic of Liberia and Court-appointed Receivers of the estate of CWW's former Liberian branch business. They were surprised to learn at the hearing that they are being sued in their individual capacities, as shown by this colloquy between counsel for CWW and counsel for the Receivers:

> MR. HAWTHORNE: From the beginning, we have sought a remedy against Mr. Senesie personally, as well as in his official position so the 25(d) device is not an appropriate means here of removing Mr. Senesie from this case.
>
> MR. REICHNER: Well, that's the first I've heard that it's in his individual capacity but I will note that only the Insurance Commissioner of Liberia can be a Court-appointed receiver of a Liberian branch of an insurance company."
> Transcript, p. 20.

As *Kentucky v. Graham*, 473 U.S. 159 (1985), explains: "Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. [Citations.] Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.' [Citations.]" *Id.* at 165-66. Here, we now know the Republic of Liberia does not consider itself the real party in interest and that CWW seeks to impose personal liability upon Commissioner Sesay and Mr. Senesie for actions taken under color of state law (although at this point Commissioner Sesay has done nothing with respect to this matter other than to take office). The foregoing naturally renders CWW's remarks on this "issue" pointless and a waste of time.

CWW itself admits that it agreed to suspend its discovery until such time as the State Department was prepared to give a substantive position on immunity. To hear it argue that discovery should now proceed – despite the fact that the State Department has indicated it is prepared to make its views known once it knows what analytical road it will need to travel – is preposterous. It is clear that the Third Circuit only contemplated discovery "if necessary," and that this Court did not see the need to require Respondents to answer any discovery until the State Department took a definitive stance on the issue of immunity. At this point, all CWW can do is to complain about the passage of time. But these things take time. And CWW is in no way prejudiced. There is no dispute that CWW has no real standing to complain about a litigation brought against a third party (ACE Limited), that will have no financial impact on CWW, and that has seen no movement since shortly after the instant proceeding was filed.[5]

## CONCLUSION

Given that the broad protection afforded by immunity gives current and former officials a right, not merely to avoid standing trial, but also to avoid the burdens of such pretrial matters as discovery, there is no need at this stage to permit discovery that is, at its core, merely intended to harass. The Court should consequently deny the Motion and instead enter an Order advising the State Department that the Republic of Liberia is not the real party in interest and that CWW has purported to name Commissioner Sesay and Mr. Senesie in individual capacities.[6] Further, the

---

[5] It is of course possible – but unlikely – that the State Department may not elect to issue either a statement of interest or a suggestion of immunity. However, in the interests of justice and international comity, these proceedings should be stayed for a sufficient amount of time in which the non-issuance of either document by the State Department could be reasonably seen as a response by the Department, and not simply administrative delay. Respondents respectfully suggest that the period of such a stay should not exceed one (1) year, in any event. The Third Circuit recently issued a decision in a case in which the District Court had waited one (1) year for the State Department to respond to a sovereign nation's request for the State Department to express a position on a certain legal issue before making its own determination of that issue. *FG Hemisphere Associates, LLC v. Democratic Republic of Congo*, ---- F.3d ---, 2011 WL 871174 (3rd Cir 2011).

[6] To be clear, Commissioner Sesay was never served with any process and, like Mr. Senesie, is not subject to personal jurisdiction in this Court. Although the Court has yet to enter an Order on the issue of the substitution of

Court should stay all discovery pending a final recommendation on immunity by the Department of State.

                                                    Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
**REED SMITH LLP**
500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
215-851-8100
215-851-1420 (facsimile)

Paul E. Breene, Esquire
Jennifer D. Katz, Esquire
**REED SMITH LLP**
599 Lexington Avenue
New York, NY  10022
212-205-6052
212-521-5450 (facsimile)

*Attorneys for Non-Party Respondents the Honorable Foday L. Sesay, Commissioner of Insurance for the Republic of Liberia and Court-Appointed Receiver for the Liberian Branch of CIGNA Worldwide Insurance Company, and his predecessor in office, the Honorable Josie Senesie*

---

Commissioner Sesay for his predecessor, Mr. Senesie, it is clear his involvement in this case stems solely from his role as successor in the office of Commissioner and Receiver. Further, the issue of Mr. Senesie's alleged contempt of Judge O'Neill's 2001 order was made moot on the day Mr. Senesie left office and was replaced by Mr. Sesay. And Mr. Senesie has twice submitted sworn affidavits that he has no financial interest in the outcome of the Cayman Islands Action. But even if he did that would be of no moment. *See Chuidan v. Philippine Nat's Bank*, 912 F.2d 1095, 1107 (9th Cir. 1990) ("The most Chuidan can allege is that Daza experienced a convergence between his personal interest and his official duty and authority. Such a circumstance does not serve to make his action any less an action of his sovereign. Therefore, we hold that the district court did not err in dismissing the claims against Daza in his individual capacity.")

## CERTIFICATE OF SERVICE

I, Henry F. Reichner, certify that on this 25th day of March, 2011, a true and correct copy of the foregoing Memorandum of Law of Non-Party Respondents The Honorable Foday L. Sesay, Commissioner of Insurance for the Republic of Liberia and Court-Appointed Receiver for the Liberian Branch of Cigna Worldwide Insurance Company, and his Predecessor in Office, The Honorable Josie Senesie, in Response to Defendant's Memorandum of Law in "Further" Support of Defendant's Motion to Compel Discovery was sent via First Class, United States Mail, to the following

        Richard J. Bortnick, Esquire
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, PA  19103

        Donald W. Hawthorne, Esquire
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY  10022

        Mark E. Gottlieb, Esquire
        William H. Pillsbury, Esquire
        OFFIT KURMAN, P.A.
        1801 Market Street
        Suite 2300
        Philadelphia, PA  19103

        Respectfully submitted,

        /s/ Henry F. Reichner
        Henry F. Reichner, Esquire