# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>        Plaintiff,<br><br>v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>        Defendant. | Civil Action No. 91-6785 |

## NON-PARTY RESPONDENTS FODAY SESAY, JOSIE SENESIE, AND SAMUEL M. LOHMAN'S MOTION TO DECLARE THE DISCOVERY REQUESTS MOOT OR, IN THE ALTERNATIVE, AN EXTENSION TO RESPOND TO DISCOVERY

Non-Party Respondents, Foday Sesay ("Sesay"), Josie Senesie ("Senesie") (Messrs. Sesay and Senesie are collectively referred to as the "Receiver"), and Samuel M. Lohman, Esquire ("Lohman") (collectively, "Respondents"), by and through their counsel, request that this Court declare all outstanding discovery requests, including notices of deposition, and Movant CIGNA Worldwide Insurance Company's Motion to Compel moot because Respondents hereby stipulate and agree to abandon the indemnity enforcement action against ACE Limited in the Grand Court of the Cayman Islands related to the underlying Liberian judgment or claim of The Abi Jaoudi and Azar Trading Corporation (the "AJA Claim").[1] Furthermore, Respondents agree to not pursue or enforce, or in the case of Mr. Lohman, not to represent any other person or entity seeking to pursue or enforce, the AJA Claim. Because Respondents have abandoned the AJA Claim, which was the sole basis for the coercive sanctions sought by CWW, this Court

---

[1] The action in the Grand Court of the Cayman Islands includes twenty-two (22) other claims unrelated to the Anti-Suit Injunction. Respondent Sesay, as Receiver of CWW's Liberian Branch, hereby reserves his right to pursue these other claims against ACE Limited.

should declare all discovery moot and withdraw its May 10, 2011 Order setting deadlines related to discovery.

I. **FACTUAL BACKGROUND**

On November 18, 2008, CWW filed an Emergency Motion for Contempt and to Enforce the Court's Anti-Suit Injunction Order (the "Motion for Contempt"). A copy of the Motion for Contempt and the Memorandum of Law in Support of the Motion for Contempt (the "Contempt Memorandum"), without the exhibits attached thereto, are attached hereto as Exhibit "A". In the Motion for Contempt, CWW sought a finding of aiding and abetting of a civil contempt and the assessment of various coercive sanctions against the Respondents[2] and other parties. Specifically, CWW requested a finding that Respondents "aided and abetted" the Abi Jaoudi and Azar Trading Corporation ("AJA") in violating a Court Order dated April 10, 2001 ("April 10, 2001 Order") prohibiting and enjoining AJA from "taking any action to enforce in any jurisdiction the Liberian judgment against Defendant CIGNA dated October 4, 2000." (Mot. for Contempt 1-2; Contempt Mem. 8.) CWW asserted that AJA and the Respondents violated the April 10, 2001 Order when they "sought to collect on the Liberian Judgment in a foreign liquidation proceeding, and brought claims to enforce the Liberian Judgment in the Cayman Islands." (Mot. for Contempt 2.)

In the Contempt Memorandum, CWW specified the following coercive sanctions against the Respondents:

> Upon Lohman in the amount of US$5,000 for each future calendar day, to begin ten days after the date of the Court's Order and continuing until he:
> a. withdraws the demand for the Liberian Judgment sent April 18, 2006, and

---

[2]  Mr. Sesay was not referenced in the original Motion to Compel, but has since replaced Mr. Senesie as the Receiver of CWW's Liberian branch and CWW has stated that it seeks for the Motion to Compel to apply to Mr. Sesay as well as Mr. Senesie.

2

> b. disclaims any right to enforce the Liberian Judgment on behalf of himself or any other persons or entities in any jurisdiction.
>
> Upon Senesie in the amount of $5,000 for each future calendar day until he:
> a. dismisses the current proceeding against ACE Limited in the Cayman Islands court in a manner such that it cannot be reasserted,
> b. rejects the Proof of Claim for the Liberian Judgment, and
> c. submits to this Court written acknowledgment that the Liberian Judgment is not enforceable in any jurisdiction.

(Contempt Mem. 25-26.)

## II. ARGUMENT

As noted above, the sole basis for coercive sanctions related to civil contempt has been Respondents' alleged aiding and abetting the violation of the April 10, 2001 Order. Respondents now stipulate and agree that the Receiver shall withdraw the AJA Claim from the claims made by the Receiver in the action which the Receiver has commenced against ACE Limited in the Cayman Islands. In addition, Respondents agree to not pursue or enforce the AJA Claim, either individually or on behalf of any other person or entity, in any other proceeding or court. In light of these actions, Respondents are no longer in violation of the April 10, 2001 Order and there is no basis for CWW to continue pursuit of coercive sanctions in civil contempt.

A review of the discovery requests and CWW's Motion to Compel demonstrates that discovery is now moot. The discovery was ostensibly to provide information needed to allow the Court to resolve the threshold issue framed by the United States Department of State. While Respondents believe the discovery sought information far beyond that goal, Respondents stipulation and agreement to withdraw the AJA Claim makes discovery on this issue moot. Respondents further contend that it would be punitive in nature to make them respond to far-reaching discovery related to issues that have been resolved by their voluntary dismissal of the

AJA Claim. As such, the discovery requests and CWW's Motion to Compel should be deemed moot and the May 10, 2011 Order should be withdrawn.

**III.     CONCLUSION**

For these reasons, Respondents respectfully request that this Court find CWW's various discovery requests, its notices of deposition, and its Motion to Compel moot and, further, that the Court withdraw its May 10, 2011 Order setting deadlines upon which Respondents need to respond to discovery.

Dated: May 20, 2011

Respectfully submitted,

/s/ Henry F. Reichner
Henry F. Reichner, Esquire
REED SMITH LLP
500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
215-851-8100
215-851-1420 (facsimile)

Paul E. Breene, Esquire
Jennifer D. Katz, Esquire
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022
212-205-6052
212-521-5450 (facsimile)
*Attorneys for Non-Parties Foday Sesay and Josie Senesie*

/s/ William H. Pillsbury
Mark E. Gottlieb, Esquire
William H. Pillsbury, Esquire
OFFIT KURMAN, P.A.
1801 Market Street
Suite 2300
Philadelphia, PA  19103
267-338-1321

4

267-338-1335 (facsimile)
*Attorneys for Non-Party*
*Samuel M. Lohman, Esquire*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Non-Party Respondents Foday Sesay, Josie Senesie, and Samuel M. Lohman, Esquire's Motion to Declare the Discovery Requests Moot was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

    Richard J. Bortnick, Esquire
    COZEN O'CONNOR
    1900 Market Street
    Philadelphia, PA  19103

    Donald W. Hawthorne, Esquire
    DEBEVOISE & PLIMPTON LLP
    919 Third Avenue
    New York, NY  10022

    Henry F. Reichner, Esquire
    REED SMITH LLP
    500 One Liberty Place
    1650 Market Street
    Philadelphia, PA  19103-7301

Dated: May 20, 2011

                                        Respectfully submitted,

                                        /s/ William H. Pillsbury
                                        William H. Pillsbury, Esquire
                                        OFFIT KURMAN, P.A.
                                        1801 Market Street
                                        Suite 2300
                                        Philadelphia, PA  19103
                                        267-338-1321
                                        267-338-1335 (facsimile)

                                        *Attorneys for Non-Party*
                                        *Samuel M. Lohman, Esquire*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 91-6785 |

## ORDER

AND NOW, this _____ day of _____, 2011, upon consideration of Non-Party Respondents Foday Sesay, Josie Senesie, and Samuel M. Lohman, Esquire's Motion to Declare the Discovery Requests Moot and the responses thereto, it is hereby:

ORDERED that the Motion is GRANTED;

It is further ORDERED that Defendant CIGNA Worldwide Insurance Company's Motion to Compel Discovery is DISMISSED as Moot and the May 11, 2011 Order is WITHDRAWN.

.

BY THE COURT:

_____
PAUL S. DIAMOND, JUDGE