# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>    Defendant. | Civil Action No. 91-6785 |

## NON-PARTY RESPONDENTS FODAY SESAY, JOSIE SENESIE, AND SAMUEL M. LOHMAN'S SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION TO DECLARE THE DISCOVERY REQUESTS MOOT

Non-Party Respondents, Foday Sesay ("Sesay"), Josie Senesie ("Senesie") (Messrs. Sesay and Senesie are collectively referred to as the "Receiver"), and Samuel M. Lohman, Esquire ("Lohman") (collectively, "Respondents"), by and through their counsel, file this Supplemental Brief in Support of Respondents' Motion to Declare the Discovery Requests Moot (the "Motion"). In order to clarify an issue, as evidenced by the text of the Motion, Respondents are not requesting an extension of the discovery as an alternative remedy, but a finding that the discovery is moot. The title of the Motion was erroneous and the "in the alternative" language should not have been part of that title.

The intent of this Supplemental Brief is to clarify certain misunderstandings. First, attached as Exhibit A to this Supplemental Brief is a Declaration from Nick Dunne of Walkers Cayman Islands along with the documents that have been filed in the Grand Court of the Cayman Islands ("Cayman Islands Action") seeking to have the AJA claim dismissed. Once the determination to withdraw this matter was made, Respondents have made a great effort to assemble the material needed to perfect the withdrawal and to file these documents. As the

attached Declaration and accompanying documents demonstrate, the Receiver is in the process of perfecting the withdrawal and the accusations to the contrary by Movant CIGNA Worldwide Insurance Company ("CWW") are without merit.[1]

Second, despite characterizations by CWW to the contrary, the Motion was not an attempt to bargain with the Court to avoid civil contempt. Respondents are seeking a finding that the discovery requests are moot because the alleged acts of aiding and abetting have been withdrawn. As a result, the threshold question as posed by the Third Circuit and the Department of State - which asked the Court to determine in what capacity the Liberian Commissioner of Insurance was sued (e.g. in his personal or representative capacities), or whether Liberia is the real party in interest in this case - is no longer at issue.[2] CWW's attempt to pursue discovery at this point is merely a punitive attempt to drive up costs for Respondents and harass various other entities and parties. No legitimate basis for this discovery exists, as demonstrated by CWW's own response which lays out the position that discovery is being sought to determine who else to attack, despite the underlying issue having been resolved. It appears the basis for this discovery is to further the tactical and substantive defenses of the Receiver's Cayman Islands indemnity enforcement action on behalf of ACE Limited and, as such, constitutes a classic example of abuse of process.

Third, Respondents dispute that they have acted in a manner that was inappropriate. This matter involves complex areas of immunity, personal jurisdiction, and questions related to the

---

[1]     In its response to the Motion, CWW implies that the statement in the Motion that Respondents were withdrawing the AJA Claim were false or an intent to mislead this Court. Counsel for Respondents accept and respect our obligations to the Court that any filing or submission to this Court is accurate and truthful. We take great exception to an accusation that the Motion or any other filing is inaccurate.

[2]     On August 20, 2010, the Third Circuit vacated this Court's January 12, 2009 Order and remanded the case for further proceedings to determine if Respondents were entitled to common law immunity and whether Liberia is the "real party in interest" and, thus, the case may potentially need to be dismissed under the FSIA. The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co., 391 Fed. Appx. 173, 179-80 (2010). The purpose of the remand was to "permit the parties to make the related arguments and engage in discovery, if necessary." Id. At 179.

extrajudicial reach of United States courts over a foreign country's Commissioner of Insurance and a foreign Court's officer (in a Liberian Court Appointed Receiver). CWW's accusation of continued flaunting of this Court ignores that many of these issues have not been resolved. In fact, Respondents have shown a great deal of deference while making their legal arguments by agreeing to a stay of the Cayman Islands Action in February 2009, during the early part of this contempt proceeding. CWW continues to make *ad hominem* attacks against Respondents and, indirectly, their counsel, but, in the process, fails to note to the Court the complexity of the issues involved, as demonstrated by the Court of Appeals for the Third Circuit's decision, the Notice of the United States dated January 21, 2011, and the fact that, to date, Respondents have not been actually been found in contempt.

Fourth, while CWW asserts a right to compensatory damages, such a right only exists if there is a finding of civil contempt. Respondents maintain that this Court lacks personal and subject matter jurisdiction over this matter and that the actions of Respondents did not aid and abet a violation of the April 10, 2001 Order of this Court. Specifically, any actions taken by Respondents were outside the jurisdiction of this Court and, as such, cannot be a violation of the Court's order. Despite this firm belief that their actions were not in contempt of this Court, Respondents have also cured the alleged contempt by withdrawing the AJA Claim from the Cayman Islands Action. As such, there is no basis for a finding of civil contempt, which does not exist and, even if it did, is not continuing.

Finally, even if this Court were to find Respondents in civil contempt, this Court has the option, after a hearing in which evidence of reasonable attorneys' fee is presented, to award, if any, the reasonable attorneys' fees actually incurred by CWW in pursuing this contempt.

Respondents reserve the right to dispute any fees claimed by CWW as not reasonable, was not related to this civil contempt proceeding, and on the basis that it has suffered no loss.[3]

Respondents request that this Court grant the Motion and declare the discovery moot. In addition, Respondents request a hearing on the outstanding issue of civil contempt, so that a final determination on that issue can be reached.

---

[3] It appears from CWW's response that it is now taking a position that it is entitled to not just its attorney fees, but also the attorneys fees of ACE Limited in the Cayman Islands Action and elsewhere. Such a novel and expansive view of civil contempt is unjustifiable. If ACE Limited believes it has a civil claim against Respondents, it has the right to pursue such a claim, but using a civil contempt proceeding by a different party to attempt to obtain damages is an abuse of this contempt proceeding.

Dated: May 26, 2011

Respectfully submitted,


 /s/ Henry F. Reichner
Henry F. Reichner, Esquire
REED SMITH LLP
500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
215-851-8100
215-851-1420 (facsimile)

Paul E. Breene, Esquire
Jennifer D. Katz, Esquire
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022
212-205-6052
212-521-5450 (facsimile)
*Attorneys for Non-Parties Foday Sesay and Josie Senesie*

 /s/ William H. Pillsbury
Mark E. Gottlieb, Esquire
William H. Pillsbury, Esquire
OFFIT KURMAN, P.A.
1801 Market Street
Suite 2300
Philadelphia, PA  19103
267-338-1321
267-338-1335 (facsimile)
*Attorneys for Non-Party*
*Samuel M. Lohman, Esquire*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Non-Party Respondents Foday Sesay, Josie Senesie, and Samuel M. Lohman, Esquire's Supplemental Brief in Support of their Motion to Declare the Discovery Requests Moot was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

>Richard J. Bortnick, Esquire
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA  19103
>
>Donald W. Hawthorne, Esquire
>DEBEVOISE & PLIMPTON LLP
>919 Third Avenue
>New York, NY  10022
>
>Henry F. Reichner, Esquire
>REED SMITH LLP
>500 One Liberty Place
>1650 Market Street
>Philadelphia, PA  19103-7301

Dated: May 26, 2011

>Respectfully submitted,
>
> /s/ William H. Pillsbury
>William H. Pillsbury, Esquire
>OFFIT KURMAN, P.A.
>1801 Market Street
>Suite 2300
>Philadelphia, PA  19103
>267-338-1321
>267-338-1335 (facsimile)
>
>*Attorneys for Non-Party*
>*Samuel M. Lohman, Esquire*