IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>Defendant. | Civil Action No. 91-6785 |

**NON-PARTY RESPONDENTS FODAY SESAY, JOSIE SENESIE, AND SAMUEL M. LOHMANS' BRIEF IN OPPOSITION TO CIGNA WORLDWIDE COMPANY'S REQUEST FOR AN AWARD OF ATTORNEYS FEES INCURRED IN OPPOSING RESPONDENTS' MOTION TO DECLARE DISCOVERY REQUESTS MOOT**

Non-Party Respondents, Foday Sesay ("Sesay"), Josie Senesie ("Senesie") (Messrs. Sesay and Senesie are collectively referred to as the "Receiver"), and Samuel M. Lohman, Esquire ("Lohman") (collectively, "Respondents"), by and through their counsel, file this Brief in compliance with this Court's May 31, 2011 Order (the "Order") which denied Respondents' motion to declare discovery requests served by Cigna Worldwide Company ("CWW") moot (the "Motion") and directed Respondents to set forth their position on CWW's request to be reimbursed for the reasonable costs and attorneys' fees CWW allegedly incurred in responding to the Motion.

Simply stated, there is no basis in law, fact or in equity for an award of attorneys' fees to CWW with respect to its opposition to the Motion.

First, as CWW has now finally admitted, it is non-party ACE Limited that has funded this entire proceeding - CWW has incurred ***no*** attorneys' fees either in its opposition to the Motion or with regard to any other aspect of this action. See Memorandum of Law in Opposition to Respondents' Motion to Declare the Discovery Requests Moot at p. 9 n. 2 (Docket # 243)

("Pursuant to the Acquisition Agreement between CWW's parent and ACE, ACE is indemnifying CWW for its Losses (including attorneys' fees) arising out of its former Liberian business, and is therefore paying CWW's legal fees relating to this matter."). Accordingly, CWW has no claim for fees as it has suffered no loss.[1]

Second, under the American System, parties pay their own attorneys' fees unless there are extraordinary circumstances, not present here, that would alter that non-English fee shifting rule. The Motion was made in good faith based upon the Respondents' belief, which they continue to hold, that having formally withdrawn from the pursuit of the AJA aspect of the Cayman Islands Action (representing a liability of the Liberian Receivership Estate of CWW; local branch of approximately $80 million), the entire basis on which CWW has pursued a contempt finding has been removed. Thus, pursuit of the discovery served by CWW, which far exceeds that which the Third Circuit directed in its August 20, 2010 opinion[2], serves no purpose in this action and is merely another manifestation of ACE's extra-jurisdictional manipulation of this Court in the service of its defense of the Cayman Islands Action—which no longer even involves the AJA claim. As such, the Motion was far from frivolous and does not and should not form the basis of a sanction of any kind, much less an award of attorneys' fees.

Third, despite mischaracterizations by CWW to the contrary, the Motion was not an attempt to bargain with the Court to avoid civil contempt. Respondents sought a finding that the

---

[1] ACE has used and funded CWW as a stalking horse in this matter so as to obtain an advantage in the Cayman IslandsAction. As noted in the Motion and in all other papers submitted by Respondents in this action, CWW has NO INTEREST in the outcome of this matter.

[2] On August 20, 2010, the Third Circuit vacated this Court's January 12, 2009 Order and remanded the case for further proceedings to determine if Respondents were entitled to common law immunity and whether Liberia is the "real party in interest" and, thus, the case may potentially need to be dismissed under the FSIA. The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co., 391 Fed. Appx. 173, 179-80 (2010). The purpose of the remand was to "permit the parties to make the related arguments and engage in discovery, *if necessary*." Id. at 179 (emphasis added). The Third Circuit's remand direction thus spoke of discovery necessary to resolve the issue of sovereign immunity of Respondents.

discovery requests are moot because the alleged acts of aiding and abetting (enforcement of the AJA claim through the Cayman Islands action allegedly in violation of this Court's 2001 anti-enforcement of judgment order (the "Anti-Enforcement Order")), have been withdrawn. As a result, the threshold question as posed by the Third Circuit and the Department of State - which asked the Court to determine in what capacity the Liberian Commissioner of Insurance was sued (e.g. in his personal or representative capacities), or whether Liberia is the real party in interest in this case - is no longer at issue.

Fourth, Respondents have, at all times, acted in a manner that was appropriate. This matter involves complex areas of immunity, personal jurisdiction, and questions related to the extrajudicial reach of United States courts over a foreign country's Commissioner of Insurance and a foreign Court's officer (in a Liberian Court Appointed Receiver). In addition, even if these threshold issues were ultimately resolved against Respondents, the very validity and enforceability of the Anti-Enforcement Order is another complex question of international law that would need to be addressed before CWW could prevail on the merits of its contempt claim. CWW's accusations to the contrary ignore that virtually none of these issues have been resolved (and none of which require any discovery, much less the discovery sought by CWW). In fact, Respondents have shown a great deal of deference while making their legal arguments by agreeing to a stay of the Cayman Islands indemnity enforcement Action in February 2009, during the early part of this contempt proceeding.

Finally, even if this Court were to determine that an award of attorneys' fees is warranted, which it is not, Respondents reserve the right to dispute any fees claimed by CWW as not reasonable and on the basis that CWW has suffered no loss for which it requires compensation.

For the reasons set forth herein and in the Motion, Respondents request that this Court deny CWW's request for the attorneys fees it incurred in opposing the Motion.

Dated: June 3, 2011

Respectfully submitted,

 /s/ Henry F. Reichner
Henry F. Reichner, Esquire
REED SMITH LLP
500 One Liberty Place
1650 Market Street
Philadelphia, PA  19103-7301
215-851-8100
215-851-1420 (facsimile)

Paul E. Breene, Esquire
Jennifer D. Katz, Esquire
REED SMITH LLP
599 Lexington Avenue
New York, NY  10022
212-205-6052
212-521-5450 (facsimile)
*Attorneys for Non-Parties Foday Sesay and Josie Senesie*

 /s/ William H. Pillsbury
Mark E. Gottlieb, Esquire
William H. Pillsbury, Esquire
OFFIT KURMAN, P.A.
1801 Market Street
Suite 2300
Philadelphia, PA  19103
267-338-1321
267-338-1335 (facsimile)
*Attorneys for Non-Party Samuel M. Lohman, Esquire*

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Non-Party Respondents Foday Sesay, Josie Senesie, and Samuel M. Lohmans' Brief in Opposition to CIGNA Worldwide Company's Request for an Award of Attorneys Fees Incurred in Opposing Respondents' Motion to Declare Discovery Requests Moot was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA  19103
>
> Donald W. Hawthorne, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY  10022
>
> Henry F. Reichner, Esquire
> REED SMITH LLP
> 500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA  19103-7301
>
> Paul E. Breene, Esquire
> Jennifer D. Katz, Esquire
> REED SMITH LLP
> 599 Lexington Avenue
> New York, NY  10022

Dated:  June 3, 2011

> /s/ William H. Pillsbury
> Mark E. Gottlieb, Esquire
> William H. Pillsbury, Esquire
> OFFIT KURMAN, P.A.
> 1801 Market Street
> Suite 2300
> Philadelphia, PA  19103
> 267-338-1321
> 267-338-1335 (facsimile)