

**JUDICIAL BRANCH**
SIXTH JUDICIAL CIRCUIT COURT
CIVIL LAW COURT



**JUDGE'S CHAMBERS**
TEMPLE OF JUSTICE, MONROVIA
REPUBLIC OF LIBERIA

REPUBLIC OF    LIBERIA)   IN THE CIVIL LAW COURT FOR THE SIXTH
MONTSERRADO COUNTY)   JUDICIAL CIRCUIT, MONTSERRADO
                        COUNTY, SITTING IN ITS MARCH TERM,
                        A.D. 2002.

BEFORE HIS HONOR: YUSIF D. KABA, ASSIGNED CIRCUIT JUDGE PRESIDING

Abi Jaoudi & Azar Trading Corporation,      )
by and through its President, Elie J. Abi
Jaoudi of the City of Monrovia,
Liberia ...INFORMANT/JUDGMENT CREDITOR)

          VERSUS          )     **BILL OF INFORMATION**

CIGNA Worldwide Insurance Company    )
by and through its Agent in Liberia, Lone
Star Insurances, Broad Street, Monrovia,  )
Liberia .. RESPONDENT/JUDGMENT DEBTOR)

GROWING OUT OF THE CASE:

Abi Jaoudi & Azar Trading Corporation
of Randall Street, Monrovia, Liberia,
represented by its President, Elie J. Abi
Jaoudi ...........................................PLAINTIFF)
                           )

          VERSUS          )     ACTION OF DAMAGES
                           )     FOR BREACH OF
CIGNA Worldwide Insurance Company    )     INSURANCE CONTRACTS
                           )
by and through its agent in Liberia, Lone
Lone Star Insurances, Broad Street,     )
Monrovia, Liberia,............................ DEFENDANT)

COURT'S RULING ON BILL OF INFORMATION

    This bill of information arises out of a final judgment of this Court, finding
CIGNA Worldwide Insurance Company, the Defendant (Respondent herein) liable to
Abi Jaoudi & Azar Trading Corporation, Plaintiff (Informant herein) in the amount of
US$49,929,000.00 as special damages, and US$16,643,000.00 as general damages for
breach of insurance contracts. According to the Bill of Information, the theory upon
which the Bill of Information is grounded is that, firstly, the judgment debtor
(Respondent) has no assets in Liberia, even though, by law, specifically Section 5.3 of
the Insurance Law, it was required to retain in Liberia 10% of all premiums earned to
be used to pay and settle obligations or satisfy judgments obtained in Liberia.

**DICIAL BRANCH**
XTH JUDICIAL CIRCUIT COURT
JIVIL LAW COURT



**JUDGE'S CHAMBERS**
TEMPLE OF JUSTICE, MONROVIA
REPUBLIC OF LIBERIA

- 2 -

Secondly, that pursuant to Section 5.12(2) of the Insurance Law of Liberia, the judgment creditor has a right to obtain judicial relief for a breach of any insurance contract issued in Liberia to secure risks and properties situated in Liberia, notwithstanding any provision in the policy or agreement covering the policy to the contrary; and that pursuant to that law, the judgment creditor instituted the action of damages for breach of insurance contracts in Liberia.

The records reveal that the bill of information was served on the judgment debtor, by and through its agent in Liberia, Lone Star Insurances; but the judgment debtor did not file any returns. The records also reveal that several notices of assignments were issued for the hearing of the information, served and returned served; but the judgment debtor never attended to any. So, in keeping with law, the Bill of Information was heard by this Court in the absence of the judgment debtor. Rule 7, Revised Rules of Court; Civil Procedure Law, Section 42.1.

It is averred in the Bill of Information that after obtaining final judgment, the judgment creditor attempted to enforce this Court's judgment; and in response thereto, the judgment debtor obtained from the United States District Court for the Eastern District of Pennsylvania an anti-suit injunction, on the basis that said United States District Court had already entered a judgment in favor of the judgment debtor herein against the judgment creditor herein, and that the suit in Liberia was merely a "vexatious and duplicative" suit. In issuing the anti-injunction, the United States District Court decided that the suit in Liberia is a vexatious and duplicative suit; and in exercise of its authority to secure the enforcement of its own judgment and to ensure the application of the doctrine of res judicata, the anti-suit injunction should be issued; and it was so issued.

The judgment creditor, Informant herein, has requested this Court, in response to the anti-suit injunction, to issue its own orders to secure enforcement of its judgment, to the effect that in the event that the judgment creditor and/or anyone acting on its behalf is found liable by the United States District Court for violation of the anti-suit injunction issued by that Court, only because the judgment creditor or that person sought to or took action to enforce this Court's injunction, the penalty imposed by the United States District Court, whether by way of fine or otherwise, would be incorporated and form a part of the final judgment in this case. The intention being that the anti-suit injunction of the United States District Court, obtained at the instance of the judgment debtor herein, does not deter or prohibit the enforcement of this Court's final judgment.

In the opinion of this Court, under the facts and circumstances and the law controlling, the suit in Liberia cannot be considered a vexatious and duplicative suit, as urged by the judgment debtor on the United States District Court. Firstly, the judgment debtor was aware that the insurance contracts, having been issued in Liberia to insure risks and properties in Liberia, were governed by Liberian law. The Foreign Mission Board of the National Baptist Convention, Inc. v. Horton and Horton, 3 LLR

26/11 2003 WED 18:08 FAX



**DICIAL BRANCH**
H JUDICIAL CIRCUIT COURT
IL LAW COURT

**JUDGE'S CHAMBERS**
TEMPLE OF JUSTICE, MONROVIA
REPUBLIC OF LIBERIA

- 3 -

133.  The judgment debtor was also aware that under Liberian law, the judgment creditor has an absolute right to secure enforcement of the obligations of these insurance contracts in a Liberian court. Insurance Law, Section 5.12(2). The judgment creditor was further aware that a judgment notwithstanding a verdict (n.o.v.), which is a common law post-trial proceeding, is not recognized by Liberian law; in fact, it has been expressly nullified because a trial by jury is an absolute right under Liberian law. Civil Procedure Law, Section 26.1; 1986 Liberian Constitution, Article 20(a); 1847 Liberian Constitution, Article I, Section 7th.

The records reveal that after the verdicts were entered by the jury at the United States District Court, the judgment debtor herein moved the United States District Court to either order a new trial or enter a judgment n.o.v., knowing fully well that a judgment n.o.v. is not cognizable under Liberian law. Since a new trial, after a verdict is cognizable under Liberian law, and given that the judgment debtor herein would have wanted a judgment in its favor at the United States District Court to be given full faith and credit in Liberia, said judgment debtor should have limited its post-trial motion/application to a new trial. Having obtained a judgment n.o.v., which if given faith and credit in Liberia, would be in violation of both the constitutional and statutory rights of the judgment creditor herein, and in keeping with judicial precedence, would not be given such faith and credit (Turner v. Burnette, 24 LLR 212), the judgment debtor must have known and should have known that the judgment creditor would institute another action in Liberia for purposes of exercising its full rights under Liberian law.

It is clear from what transpired at this Court that the judgment debtor itself did recognize that an anti-suit injunction is not applicable where the first judgment is not cognizable in the jurisdiction in which the second suit has been instituted. (That is, when the judgment creditor instituted its action in Liberia and the writ of summons was served; instead of applying for an anti-suit injunction after service of the writ of summons, the judgment debtor appeared, filed an answer, pleading generally to the issues raised in the complaint, and also filed a motion to dismiss on the basis of the doctrine of res judicata. The motion was denied for reason that the judgment n.o.v. could not be given full faith and credit in Liberia on the grounds already stated above. At that time, the judgment debtor never applied for an anti-suit injunction; instead, the judgment debtor applied for other reliefs from this Court and the Supreme Court of Liberia. And after the applications of these other reliefs were all denied, the judgment debtor participated in the disposition of law issues, which is the first major stage in the trial of a case. After the disposition of law issues, trial was scheduled on several occasions, but continued at various times at the instance of the judgment debtor. Finally, on the day for the empaneling of a jury, counsel for the judgment debtor refused to proceed, upon instructions of his clients; and accordingly, a default judgment was obtained and perfected by the presentation of evidence.



- 4 -

Based on these facts, the anti-suit injunction proceeding at the United States District Court was not intended to stop the institution of a case or the trial of a pending case; instead, it was intended to stop the enforcement of this Court's judgment. This Court is of the opinion that the judgment debtor having appeared and participated in the proceedings before this Court, it cannot and should not deter or prohibit the enforcement of this Court's judgment by obtaining an anti-suit injunction from the United States District Court.

The party who admits jurisdiction by appearing and participating in a court proceeding cannot thereafter deny it (Galina Blanca, S.A. v. Nestle Products Ltd., 25 LLR 116), particularly after final judgment. And an anti-suit injunction is tantamount to challenging this Court's judgment. Moreover, all over the world, courts are duty bound to enforce their own judgments and to take action against one who obstructs the enforcement of their judgments. Universal Press Corporation v Kennedy and Scambi International, 28 LLR 243. The law also is that once a court in this country has jurisdiction over the subject matter and has acquired jurisdiction over the person, its jurisdiction continues until its judgment is fully enforced. Morris, et al. v. Johnson, 21 LLR 93.

Accordingly, this Court frowns upon any person who obtains an order intended to deter or prohibit the enforcement of a valid final judgment against such person ; and this Court will take any action or issue any order for the enforcement of its judgment.

Based on the foregoing, the Bill of Information is hereby granted, and this Court enters the following orders.

1.    That its final judgment against the judgment debtor, holding it liable to the judgment creditor for the amount of US$16,643,000.00 as special damages and US$49,929,000.00 as general damages, is valid and enforceable;

2.    That any person who takes any action or conducts itself in anyway to deter or prohibit the enforcement of said final judgment, is guilty of contempt of this Court and the appropriate action shall be taken against said persons;

3.    That the anti-suit injunction obtained by the judgment debtor from the United States District Court, to deter and prohibit the enforcement of this Court's judgment is a direct affront to this Court; and accordingly, any monetary fines assessed by the United States District Court against the judgment creditor or any person acting for and/or on its behalf for the purpose of enforcing this Court's judgment, shall automatically be added to the existing judgment in favor of the judgment creditor;

**JUDICIAL BRANCH**
SIXTH JUDICIAL CIRCUIT COURT
CIVIL LAW COURT



**JUDGE'S CHAMBERS**
TEMPLE OF JUSTICE, MONROVIA
REPUBLIC OF LIBERIA

— 5 —

4.   That also as to the anti-suit injunction, in the event that any non-monetary type penalty is assessed or imposed by the United States District Court against the judgment creditor and/or any other person acting on its behalf, for reasons that the judgment creditor or such person has engaged in any activity or otherwise conducted himself for purposes of executing this Court's judgment, appropriate remedies would be fashioned and supplemental order shall be entered by this Court to protect and secure the judgment creditor and any such person acting in its behalf, against the non-monetary penalties which may be assessed or imposed by the United States District Court; and

5.   That should the judgment debtor or any other person, acting for and on its behalf, take any action or conduct itself in any way to obstruct the enforcement of this Court's judgment, to obstruct the legal process of this Court, or to otherwise interfere with steps taken by the judgment creditor to secure enforcement of this Court's judgment, except a judicial proceeding in appeal or other remedial remedy at the Supreme Court of Liberia, will be deemed in contempt of this Court and subject to the penalty and sanctions, civil and criminal, as are authorized by Liberian law.

GIVEN UNDER MY HAND AND SEAL OF
THIS HONORABLE COURT THIS 22nd
DAY OF APRIL, A.D. 2002.

His Honor Yusif D. Kaba
ASSIGNED CIRCUIT JUDGE PRESIDING