June 5, 2011

<u>BY E-MAIL AND FIRST CLASS MAIL</u>

Mark E. Gottlieb, Esquire
Offit Kurman
Ten Penn Center
1801 Market Street, Suite 2300
Philadelphia, PA  19103

**The Abi Jaoudi & Azar Trading Corp. v. CIGNA Worldwide Ins. Co.**
**Case No. 91-6785**

Dear Mr. Gottlieb:

This correspondence responds to your letters of June 3, 2011 regarding CWW's document production requests and deposition notice with respect to your client, Mr. Lohman..

**<u>Lohman Document Production</u>**

We were surprised to receive your letter, shortly before noon on Friday, June 3, proposing -- for the first time in this case -- that the parties enter into a confidentiality agreement with respect to the information that CWW sought on October 25, 2010, and which your client was, by Court Order, required to produce by May 20, and is now required to produce by this Monday, June 6.  What is clear, upon review of your proposal, is that this is not in any respect a good faith effort to protect legitimately confidential information, but yet another last-minute attempt to thwart the Court's Order regarding discovery.

We are aware of no basis for the assertion of confidentiality here.  In this Circuit, confidentiality agreements are appropriate to protect "a trade secret or other confidential research, development, or commercial information" where disclosure without such protection would "cause a cognizable harm sufficient to warrant a protective order" and the party seeking a protective order "has shown good cause" for entering such an order. *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F.Supp. 866, 889-890 (E.D.Pa. 1981).  As a court in this District has stated:

> In order to receive the benefit of a protection order, the
> party seeking the order must show that the information
> sought is a trade secret or other confidential information
> protected by Rule 26(c)(7), and that good cause exists to
> prevent the disclosure of this information. . . . Good cause
> is established by showing that disclosure will inflict a
> clearly defined and serious injury on the moving party. . . .
> Broad allegations of harm, "unsubstantiated by specific
> examples or articulated reasoning," do not meet the
> requisite level of specificity to show "good cause."

*Sprinturf, Inc. v. Southwest Recreational Indus.*, 216 F.R.D. 320, 322 (E.D.Pa. 2003)
(citations omitted). Mr. Lohman has identified no basis for believing that any of the
materials called for by CWW's discovery requests satisfy these requirements. His papers
offer nothing more than an unsupported recitation that the requests call for "information
. . . that Respondents consider confidential."

Moreover, Mr. Lohman is not seeking protection that could reasonably be
construed as intended merely to protect confidential information (if any existed). The
proposed agreement submitted by Mr. Lohman is not an ordinary-form confidentiality
agreement. It instead appears intended to obtain litigation advantage, and, at a minimum,
to delay the production of documents and interrogatory responses ordered by the Court, a
single business day before your client has been ordered by the Court to respond to
CWW's discovery requests.

Mr. Lohman's proposed "confidentiality order" would prevent use of the
documents produced by him in other litigations – even though the gravamen for the
contempt focuses on Mr. Lohman's conduct in pursuing actions in the Cayman Islands,
and the Cayman Islands court is surely entitled to understand the evidence submitted in a
contempt proceeding in the Eastern District of Pennsylvania based on an ongoing suit in
the Cayman Islands. Indeed, we expect that evidence relating to Mr. Lohman's contempt
will be of interest to the Cayman Islands court in considering both the effectiveness of the
withdrawal of the AJA claim, which Mr. Lohman's clients have indicated they intend to
accomplish, and the Receiver's basis for bringing the "Elegant" claims that Mr. Lohman
and his clients have indicated that they intend to continue to pursue in the Cayman
Islands.

Mr. Lohman's proposed confidentiality agreement would deny CWW the ability
to retain discovery materials after the cessation of the contempt action – even though
those materials could obviously be relevant to prevent Mr. Lohman, his clients and
confederates from violating the Anti-Suit Injunction in other jurisdictions. And the
proposed confidentiality agreement would prevent sharing the fruits of discovery with
ACE, even though the gravamen for this contempt proceeding is an action in the Cayman
Islands in which the Receiver, under Mr. Lohman's guidance, is currently suing *ACE*.

Mark E. Gottlieb, Esquire                3                June 5, 2011

As CWW has made clear as recently as in its May 25, 2011 filing, and as the Receiver has frequently stressed, ACE is contractually obliged to indemnify CWW for certain expenses relating to CWW's activities in Liberia.[1]  On this basis, ACE has paid essentially all the costs of the efforts to enforce Judge Fullam's anti-suit injunction against the Receiver, and it is on the basis of this indemnification that the Receiver, acting in contempt of Judge Fullam's Order, has attempted to sue ACE in the Cayman Islands.  It is ludicrous in these circumstances to suggest that the fruits of discovery, which, Mr. Lohman claims, ACE has paid for, and which are directly relevant to a case in which Mr. Lohman's clients, under his advice and guidance, are suing ACE, in violation of the orders of this Court, should not be available to ACE, the party which, as CWW's indemnitor, is obviously among those harmed by Mr. Lohman's actions.  Indeed, Respondents have repeatedly taken the position, including in the opposition brief submitted on Friday June 3, that ACE, is a party in interest in this contempt proceeding.[2]

        While CWW does not concede that any material in this matter merits the protection of a confidentiality order, and while CWW (as is the normal practice) reserves all rights to challenge any assertion of confidentiality, CWW is prepared to enter into an ordinary course confidentiality agreement provided that Mr. Lohman produce discovery materials as ordered on June 6.  The terms of the agreement that CWW is prepared to enter (which is attached) are conventional, and should not be controversial.  CWW will not, however, agree that CWW is barred from using the fruits of discovery in this matter in other litigations that Mr. Lohman or his confederates are pursuing or may commence in violation of the Court's Order; that CWW is barred from retaining these materials to protect itself from future such contemptuous conduct; or that ACE – which Mr. Lohman's client has sued under Mr. Lohman's advice in the Cayman Islands in contravention of this Court's Order, which as indemnitor is paying the costs of this action, and which Mr. Lohman has himself suggested is a principal party in interest here – is barred from access to these materials or from using them in its own defense against the contemptuous conduct of enjoined parties, including Mr. Lohman and those advised by him.

        In any case, we view Mr. Lohman as subject to the Court's Order to produce responsive materials by June 6, 2011, whether or not a confidentiality order has been agreed to.  If Mr Lohman will agree to the attached draft confidentiality agreement before

---

[1]  *See, e.g.,* Declaration of Donald W. Hawthorne, May 25, 2011, ¶ 2; Memorandum of Law in Opposition, May 25, 2001, at 9 & n.2.

[2]  *See, e.g.,* Transcript of argument before Judge Fullam, Dec. 12, 2008, statement of Mark E. Gottlieb, Esq, attorney for Samuel Lohman, 27:5-8 ("undoubtedly, the very issues that are being raised in this Court will be raised in the Cayman Islands on behalf, not of CIGNA, but on behalf of ACE, which is the true party in interest here").

Mark E. Gottlieb, Esquire                    4                    June 5, 2011

2:00 pm June 6, we will ensure that it is signed and submitted to the Court on Monday, June 6.  If Mr. Lohman does not sign on to this proposed confidentiality agreement, we view the Court's discovery Order as binding and expect in any case to receive his production by the end of the day on June 6.

**Lohman Deposition**

We accept June 22 at the date for Mr. Lohman's deposition in the Eastern District of Pennsylvania .  We intend to have this deposition videotaped.

We agree that Mr. Lohman's appearance will be without prejudice to his position concerning personal jurisdiction.  As for the expenses associated with Mr. Lohman's appearance in the Eastern District of Pennsylvania, we believe that that issue has already been resolved.  Whether the deposing party should pay the deponent's reasonable costs is committed to the discretion of the Court.  *See Bro-Tech Corp. v. Thermax, Inc.*, 2006 WL 3337496 (E.D.Pa. 2006); *Triple Crown Am., Inc. v. Biosynth AG*, 1998 WL 227886 (E.D.Pa. 1998).  The Court has now (twice) ordered Mr. Lohman to appear for a deposition in the Eastern District of Pennsylvania, without indicating that CWW should bear Mr. Lohman's expenses.

Sincerely yours,

/s/ Donald W. Hawthorne
Donald W. Hawthorne

cc:     Paul Breene, Esq.
        Henry Reichner, Esq.
        Richard J. Bortnick, Esq.

23445604v2