IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>               Plaintiff,<br><br>     v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>               Defendant. | Civil Action No. 91-6785 |

**NON-PARTY RESPONDENT SAMUEL M. LOHMAN, ESQUIRE'S
REPLY TO CWW'S OPPOSITION TO MOTION TO FIND RELIEF FULLY
SATISFIED AND REQUEST FOR ORAL ARGUMENT**

Non-Party Lohman filed the Motion to Find Relief Fully Satisfied, not to be redundant or wasteful, but in order to bring the issue of whether or not Mr. Lohman has fully satisfied the contempt petition, as plead by Defendant Cigna Worldwide Insurance Company ("CWW"), squarely before the Court.

In feigned outrage, CWW insists that Mr. Lohman or some other unnamed individuals somehow remain in contempt of this Court's April 10, 2001 Anti-Suit Injunction ("Anti-Suit Injunction"), and ignores the inescapable truth, that Mr. Lohman has fully complied with the relief requested in CWW's Contempt Motion and has honored this Court's Orders and Rulings. CWW is apparently incapable of acknowledging: that the Anti Injunction Order is satisfied, Mr. Lohman's own actions and those of the Receiver are in compliance with the Anti-Injunction Order, and that any claims of The Abi Jaoudi and Azar Trading Corp. ("AJA") against CWW are irretrievably dead.[1]

---

[1] The contention that this claim could somehow be resurrected, which serves as CWW's lone, desperate, and pretextual attempt to keep this contempt action alive, obstinately ignores the

In light of the misleading nature of CWW's Response, Mr. Lohman is compelled to clarify CWW's following misstatements and misleading implications:

- CWW misstates the relief it seeks against Lohman. In CWW's "Emergency Motion" (docket no. 174), they sought an Order requiring Mr. Lohman to take one specific action: to file an affidavit to the Court stating that he "will not represent, advance the interests of, counsel or otherwise assist any person or entity in seeking to enforce the Liberian Judgment in any jurisdiction." Having received exactly what they originally sought from Mr. Lohman, (see docket no. 253, in which Lohman specifically affirms all of the relief sought by CWW in its Motion for Contempt), CWW now proclaims that no fewer than six hurdles and hoops must be complete before they will concede that Mr. Lohman is not in contempt of court. CWW's Emergency Motion (docket no. 174) and Proposed Order never mentioned, sought or requested the relief now sought by CWW.

- CWW did not seek in its Emergency Motion that Non-Party Lohman must "Identif[y] the Investors who have perpetrated this contempt," in order to avoid being found in contempt of the Anti-Suit Injunction Order. CWW has advanced no coherent theory as to how Mr. Lohman is in contempt of an Anti-Suit Injunction by not identifying individuals who financed a proceeding that no longer exists, and which can never be resurrected.

- CWW misstates that the Receiver has not disavowed the AJA action. To the contrary, the Receiver has taken all actions to fully and completely dismiss the AJA claim, "on a permanent and irrevocable basis" and has made representations to this Court stating that it has been dismissed and would be legally barred from reviving the claim. See the Declaration of Nicholas Dunne, attached as ex. 2 to the Lohman Decl. (docket no. 253).

- As a pretext to attempt to obtain the identity of the investors, CWW misleadingly implies that the AJA action in the Cayman Islands can somehow be revived by an investor without involvement of the Receiver. However, the Receiver alone is empowered "to initiate, prosecute and continue the prosecution of any and all legal or arbitral proceedings," to CWW's former Liberian branch operation into the Receivership estate. (docket no. 253, Lohman Decl. at ¶16 & ex.4 thereto at ¶3(h)). As such, only the Receiver has standing to pursue an action on behalf of AJA. Further, even if another entity or person wanted to revive the AJA Action, the statute of limitations of all relevant jurisdictions would bar the claim as more fully set forth in Lohman's Motion.

---

fact that the statute of limitations on these claims has run, as well as all of the evidence that has been submitted to the Court that the AJA Action is dead and gone.

CWW goes to desperate lengths to find a pretextual basis to keep the contempt proceeding alive--not because they want to find any individual in contempt--but because they want to uncover for ACE the individuals or entities financing completely unrelated G-22 litigation in the Cayman Islands. That separate litigation is not the subject of this contempt proceeding, has never been alleged to be in violation of the Anti-Suit Injunction, and has nothing whatsoever to do with Judge O'Neill's Order. CWW's overreaching is epitomized by their attempt to bully Mr. Lohman's counsel as a penalty for advocating his client's legitimate interest.

Counsel respectfully requests Oral Argument to fully address the outstanding Motions before the Court, and to directly respond to the misrepresentations contained in CWW's various filings.

Respectfully submitted,

Dated: June 22, 2011

/s/ Mark E. Gottlieb
Mark E. Gottlieb, Esquire
William H. Pillsbury, Esquire
OFFIT KURMAN, P.A.
1801 Market Street
Suite 2300
Philadelphia, PA  19103
267-338-1321
267-338-1335 (facsimile)

*Attorneys for Non-Party*
*Samuel M. Lohman, Esquire*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

>Richard J. Bortnick, Esquire
>COZEN O'CONNOR
>1900 Market Street
>Philadelphia, PA  19103
>
>Donald W. Hawthorne, Esquire
>DEBEVOISE & PLIMPTON LLP
>919 Third Avenue
>New York, NY  10022
>
>Henry F. Reichner, Esquire
>REED SMITH LLP
>500 One Liberty Place
>1650 Market Street
>Philadelphia, PA  19103-7301

Dated:  June 22, 2011

>Respectfully submitted,
>
>/s/ Mark E. Gottlieb
>Mark E. Gottlieb, Esquire
>OFFIT KURMAN, P.A.
>1801 Market Street
>Suite 2300
>Philadelphia, PA  19103
>267-338-1321
>267-338-1335 (facsimile)
>
>*Attorneys for Non-Party*
>*Samuel M. Lohman, Esquire*