## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THE ABI JAOUDI AND AZAR TRADING CORP.,

Plaintiff,

v.

CIGNA WORLDWIDE INS. CO.,

Defendant.

CIVIL ACTION NO. 91-6785

## SECOND DECLARATION OF NICHOLAS DUNNE

Pursuant to 28 U.S.C. § 1746, I, Nicholas Dunne, declare the following

1.  I make this Declaration based on my personal knowledge.

2.  I am an Attorney-at Law in the Cayman Islands and Associate in the Litigation department of Walkers.  Walkers act for the Plaintiff (Cigna Worldwide Insurance Company by its Court-appointed Receiver Foday Sesay) in Cause 329 of 2008 before the Grand Court of the Cayman Islands ("the Proceedings").  I am the attorney with day-to-day conduct of the file.

3.  Since amending the Receiver's Writ and Statement of Claim in the Cayman Action on May 26, 2011 to delete references to the AJA liability as a part of the Receiver's indemnification claim, my firm has on a number of occasions asked ACE's counsel, Maples & Calder, to provide their availability in order to facilitate the fixing of a date for the hearing of the Receiver's outstanding Application for a Case Management Conference (the "CMC").  See, e.g. true and correct copies of correspondence from Walkers to Maples and Calder, attached hereto as Exhibit A.

4.    The CMC is intended to produce directions in order to get the Cayman Action back on track and with the view to enforcing ACE's obligation to indemnify CWW's Liberian estate of the approximately $40 million in liabilities owed by CWW to the G-22. The case has been lying dormant for approximately 2-1/2 years due to the entry of a Consent Order staying proceedings pending the outcome of the Receiver and Attorney Lohman's appeals to the Third Circuit on issues related to foreign sovereign immunity. The second purpose of the proposed CMC will be to have the Grand Court consider the form of undertakings proposed to be given by the Receiver to such Court to permanently ensure that the AJA related liability cannot be revived or re-inserted into the Receiver's indemnity enforcement action against ACE in Cayman or anywhere else in the world.

5.    ACE, through counsel, failed to respond substantively to our requests for over a month, citing "recent development in the US litigation". True and correct copies of e-mails from Maples and Calder to Walkers are attached hereto as Exhibit B.

6.    Maples and Calder only substantively responded to the request for their availability in order to facilitate the fixing of a hearing date for the CMC on June 27, 2011. A true and correct copy of this correspondence is attached hereto as Exhibit C.  This response did not provide availability, instead stating that the application to the Court for directions was premature and taking issue with a number of matters of procedure. It also questioned the ability of Mr Sesay to continue the proceedings following the retirement of Mr Senesie and suggests that it is incumbent upon him to commence fresh proceedings if the matter is to

proceed. This position has been adopted notwithstanding that the action was originally brought and continues to be brought on behalf of the Receivership Estate in the name of CIGNA Worldwide. Maples and Calder suggest in any event that they will not consent to the abandonment of the AJA claims unless provision is made for payment of their client's costs on an indemnity basis.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 28th day of June, 2011

Nicholas Dunne

# EXHIBIT A

# ||| WALKERS

BY HAND

26 May 2011                                             Our Ref: DMM/NPD/nb/M3033-71749

Maples and Calder
PO Box 309 GT
Ugland House
South Church Street
George Town
Grand Cayman
Cayman Islands

**Attention: Mr J Golaszewski / Mr C McKie**

Dear Sirs

**CIGNA WORLDWIDE INSURANCE COMPANY V. ACE LIMITED
CAUSE NO. 329 OF 2008**

We refer to this matter, which has remained dormant for some time pursuant to the terms of
the Consent Order agreed between the parties in February 2009.

It is our understanding that the stay in proceedings pursuant to this Consent Order has now
expired given that no party sought permission to appeal to the United States Supreme Court
from the decision of the United States Court of Appeals for the Third Circuit, the deadline for
such an appeal having expired in November 2010. Accordingly, the Pennsylvania Stay
referred to at paragraph 1 of the Consent Order no longer exists, triggering the dissolution of
the Cayman Islands stay under the terms of paragraph 8.

Pursuant to a Motion filed in the United States District Court for the Eastern District of
Pennsylvania on 20 May 2011, the non-party Respondents in that case, Foday Sesay and
Josie Senesie have now agreed to abandon the indemnity enforcement action against ACE
Limited insofar as it relates to the Abi Jaoudi and Azar Trading Company in the Grand Court
and have instructed their attorney, Mr Lohman, to that effect. Accordingly, please find
enclosed a copy of our Re-Amended Writ and Statement of Claim which reflects both this
change of circumstances and the fact that Mr Sesay took over from Mr Senesie as
Commissioner of Insurance of Liberia and Receiver upon Mr Senesie's retirement in October
2009. We will provide a filed copy of the Re-Amended Writ as soon as possible. We also
propose to provide undertakings to the Court in respect of the finality of this abandonment.

One ancillary matter that arises and should be dealt with at this time is that as this case was
stayed prior to the creation of the Financial Services Division, it currently remains in the Civil
Division of the Grand Court However, it seems to us that it is a proceeding which properly
falls within the ambit of the FSD and accordingly we propose to request the Registrar to

4250538.1 M3033.71749

transfer the proceedings pursuant to GCR O72 r3(1)(a).  It would be of assistance if you could indicate your consent to this application.

Furthermore, given the expiry of the stay we now intend to apply to the Court for further directions as to the future conduct of the case and enclose for your kind attention a draft Summons; we would ask that you provide your availability in order that we may seek a hearing date and the matter has been transferred to the FSD.

Yours faithfully

**WALKERS**
Nick Dunne

Direct Tel: 345 814 4548
Direct Fax: 345 814 8354
Email: nick.dunne@walkersglobal.com

4250538.1 M3033.71749

**Finnerty, Meghan**

| | |
|---|---|
| **From:** | Nick Dunne [Nick.Dunne@walkersglobal.com] |
| **Sent:** | Wednesday, June 15, 2011 10:26 AM |
| **To:** | Jan Golaszewski |
| **Cc:** | Nick Dunne |
| **Subject:** | RE: Cause No 329 of 2008: CIGNA v ACE |

Dear Jan,

Have you been able to take instructions in relation to our letter as yet?

Kind Regards

Nick

**Nick Dunne**
**Associate**

**WALKERS**

T +1 345 814 4548 | M +1 345 326 4733 | E nick.dunne@walkersglobal.com

---

**From:** Jan Golaszewski [mailto:Jan.Golaszewski@MAPLESANDCALDER.com]
**Sent:** Monday, May 30, 2011 3:30 PM
**To:** Nick Dunne
**Cc:** Colin McKie; #ace limited [011166.000003]
**Subject:** Cause No 329 of 2008: CIGNA v ACE

Dear Nick,

We refer your letter dated 26 May 2011 and the enclosures which we received last Thursday afternoon.

We are taking instructions on the content of your letter and we will revert to you shortly.  Please note that today is a public holiday in the US, which is where our clients are based.

Kind regards,

Jan.
**Jan Golaszewski**
Maples and Calder
Cayman Islands
jan.golaszewski@maplesandcalder.com
Direct: +1 345 814 5233
Cell: +1 345 526 5233
Fax: +1 345 949 8080
www.maplesandcalder.com
www.maplesfs.com

This e-mail (including any attachments) is confidential and may also be privileged. No confidentiality or privilege is waived or lost by any error in transmission. It is intended solely for the use of the recipient(s) to whom it is addressed. It should not be read, copied, distributed or otherwise used by any other person. If you

have received this e-mail in error, please delete it from your system and notify the sender immediately. All communications sent by us to our clients are subject to our Terms of Engagement which are available from your usual Maples and Calder contact. For further information about Maples and Calder (including a list of our partners) please visit "http://www.maplesandcalder.com". For further information about MaplesFS please visit "http://www.maplesfs.com".

# ||| WALKERS

24 June 2011                                    Our Ref: CAW/NPD/bj/M3033-71749

Maples and Calder
PO Box 309 GT
Ugland House
South Church Street
George Town
Grand Cayman
Cayman Islands

**Attention: Mr J Golaszewski**

Dear Sirs

**CIGNA WORLDWIDE INSURANCE COMPANY V. ACE LIMITED
CAUSE NO. 329 OF 2008**

We write further to our letter dated 26 May 2011 to which we are yet to receive a substantive reply.

It remains the case that our clients propose to apply to the Grand Court both for further directions as to the conduct of this case and in respect of the matters contained within the draft Summons previously provided to you. The resolution of these issues is urgent, particularly in light of your client's continued insistence in the United States proceedings that the claim insofar as it relates to the Abi Jaoudi and Azar Trading Corporation has not been properly abandoned. We would now ask that you provide your availability for a hearing in these respects by Tuesday 28 June 2011, failing which we will proceed to approach the Listing Officer for a hearing date without further reference to you.

Please do not hesitate to contact the writer if you have any queries.

Yours faithfully

*Walk*

**WALKERS**
Nick Dunne

Direct Tel: 345 814 4548
Direct Fax: 345 814 8354
Email: nick.dunne@walkersglobal.com

4355957.1 M3033 71749

# EXHIBIT B

## Finnerty, Meghan

| | |
|---|---|
| **From:** | Jan Golaszewski [Jan.Golaszewski@MAPLESANDCALDER.com] |
| **Sent:** | Monday, May 30, 2011 4:30 PM |
| **To:** | Nick Dunne |
| **Cc:** | Colin McKie; #ace limited[011166.000003] |
| **Subject:** | Cause No 329 of 2008: CIGNA v ACE |

Dear Nick,

We refer your letter dated 26 May 2011 and the enclosures which we received last Thursday afternoon.

We are taking instructions on the content of your letter and we will revert to you shortly.  Please note that today is a public holiday in the US, which is where our clients are based.

Kind regards,

Jan.
**Jan Golaszewski**
Maples and Calder
Cayman Islands
jan.golaszewski@maplesandcalder.com
Direct: +1 345 814 5233
Cell: +1 345 526 5233
Fax: +1 345 949 8080
www.maplesandcalder.com
www.maplesfs.com

This e-mail (including any attachments) is confidential and may also be privileged. No confidentiality or privilege is waived or lost by any error in transmission. It is intended solely for the use of the recipient(s) to whom it is addressed. It should not be read, copied, distributed or otherwise used by any other person. If you have received this e-mail in error, please delete it from your system and notify the sender immediately. All communications sent by us to our clients are subject to our Terms of Engagement which are available from your usual Maples and Calder contact. For further information about Maples and Calder (including a list of our partners) please visit "http://www.maplesandcalder.com". For further information about MaplesFS please visit "http://www.maplesfs.com".

## Finnerty, Meghan

| | |
|---|---|
| **From:** | Jan Golaszewski [Jan.Golaszewski@MAPLESANDCALDER.com] |
| **Sent:** | Wednesday, June 15, 2011 6:28 PM |
| **To:** | Nick Dunne |
| **Cc:** | #ace limited [011166.000003]; Colin McKie |
| **Subject:** | RE: Cause No 329 of 2008: CIGNA v ACE |
| **Attachments:** | Application to Transfer Proceeding to the FSD dated27 May 2011 (sealed 30 May 2011).PDF |

Dear Nick,

We understand that there have been recent developments in the US litigation and we expect to receive instructions shortly.

We have seen the attached form on a routine review of the Court file in this matter.  As you know, we have not yet indicated our client's consent to transferring this matter to the FSD and our client has not agreed that the fees of such transfer are to be paid by the plaintiff.  Indeed, we do not currently have instructions on this matter.  In those circumstances, please would you explain why you submitted this document to the Court on 27 May 2011, one day after you send us your letter.

Kind regards,

Jan.

**Jan Golaszewski**
Maples and Calder
Cayman Islands
jan.golaszewski@maplesandcalder.com
Direct: +1 345 814 5233
Cell: +1 345 526 5233
Fax: +1 345 949 8080
www.maplesandcalder.com
www.maplesfs.com

---

**From:** Nick Dunne [mailto:Nick.Dunne@walkersglobal.com]
**Sent:** 15 June 2011 09:26 AM
**To:** Jan Golaszewski
**Cc:** Nick Dunne
**Subject:** RE: Cause No 329 of 2008: CIGNA v ACE

Dear Jan,

Have you been able to take instructions in relation to our letter as yet?

Kind Regards

Nick

**Nick Dunne**
**Associate**

# WALKERS

T +1 345 814 4548 | M +1 345 326 4733 | E nick.dunne@walkersglobal.com

# EXHIBIT C

# MAPLES

**Our ref**      CDM/JJG/011166/21359176
**Direct tel**   +1 345 814 5222
**Email**        colin.mckie@maplesandcalder.com

**By Email**

Walkers
Walker House
87 Mary Street
George Town
Cayman Islands

Att: Nick Dunne

27 June 2011

Dear Sirs

**CIGNA Worldwide v ACE Limited: Cause No. 329 of 2008**

We refer to your letter dated 26 May 2011 and the enclosures therein.

Please note that our client does not accept that either Mr Senesie or Mr Sesay have the right to pursue any claims in the name of CIGNA Worldwide.

You state in your letter that Mr Senesie and Mr Sesay have agreed to abandon the indemnity enforcement action against our client in so far as it relates to Abi Jaoudi and Azar Trading Company ("**AJA Claims**"). We further note that in a letter dated 6 June 2011 from Mr Sesay to the Honourable Judge Paul Diamond of the United States District Court of the Eastern District of Pennsylvania, Mr Sesay states on page 2:

> "*I have recently instructed my Cayman counsel to amend the Receivership Estate's Statement of Claim in the Cayman Islands case to remove any reference to the underlying Abi Jaoudi and Azar Trading Corporation ("AJA") judgment – that forms the subject of this Court's 2001 injunction. I have further instructed Cayman counsel to ensure that such amendment to the pleading is permanent – or with prejudice to the Estate that I administer.*"

As a preliminary point, please provide us with an Order from the Court administering the Liberian Receivership estate (1) affirming that Mr Sesay has the authority to consent to the dismissal of the AJA Claims for the Receivership estate and for any successors to Mr Sesay as Receiver; (2) approving Mr Sesay's dismissal of the AJA claims; and (3) rejecting the Abi Jaoudi claim (as that term is defined in paragraph 2.5(1) of Mr. Senesie's Amended Statement of claim issued 9 July 2008) as a liability of the Receivership estate.

Mr Sesay (presumably with the knowledge and approval of Mr Senesie, but please confirm) purports to give effect to this by amending the pleadings in this matter. Clearly as a matter of Cayman Islands law a permanent abandonment of a claim made in Cayman Islands proceedings may only be effected by way

of dismissal of the claim. Subject to what we set out below, we confirm on behalf of our client that it would consent to the dismissal of the AJA Claims with the usual order as to costs.

<u>The purported Re-Amended Writ</u>

Mr Sesay's purported Re-Amended Writ amounts to –

(1)   an abandonment of Mr Senesie's claim to be authorised to proceed in the name of CIGNA Worldwide. These proceedings should be dismissed by consent, as that would be an effective with-prejudice abandonment of the AJA Claims. Our client requires that its costs to date be paid by Mr Senesie. Please find enclosed a draft Consent Order for your consideration; and

(2)   a new claim by Mr Sesay that he is authorised to proceed in the name of CIGNA Worldwide. Accordingly, if Mr Sesay wishes to proceed he should issue fresh proceedings. In those fresh proceedings, Mr Sesay could of course not bring a claim in relation to the AJA Claims.

Even assuming in Mr Sesay's favour that he is entitled to "take over" Mr Senesie's Writ, Mr Sesay would have to serve a Notice of Intention to Proceed (Grand Court Rules Order 3, rule 6) and seek leave to re-amend (Grand Court Rules Order 20, rule 5).

<u>The purported Amended Statement of Claim</u>

Because Mr Sesay has not issued a Writ, he is not entitled to issue a Statement of Claim, whether amended or at all.

Even assuming in Mr Sesay's favour that he is entitled to "take over" Mr Senesie's Writ, Mr Sesay cannot do so until he has obtained leave to re-amend the Amended Writ. Mr Sesay is therefore not yet entitled to issue an Amended Statement of Claim.

<u>The purported Summons</u>

Until the matters referred to above are resolved, Mr Sesay's draft Summons is premature.

<u>Transfer to the Financial Services Division</u>

We note that on 27 May 2011 you wrote to the Court seeking the transfer of Cause No 329 of 2008 to the Financial Services Division. Our client does not oppose the transfer. However, we invite you to inform the Registrar that our records indicate that prior to the appointment of Mr Justice Jones to the bench he had some involvement in these proceedings and that therefore it would be inappropriate for the proceedings to be assigned to him.

Yours faithfully

*Maples and Calder*

Maples and Calder

Encl.

2