IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP. | : : : | CIVIL ACTION |
| v. | : : | NO. 91-6785 |
| CIGNA WORLDWIDE INS. CO. | : | |

## ORDER

**AND NOW**, this 19th day of August, 2011, it is **ORDERED** as follows:

1. Samuel Lohman's Motion to Find Relief Sought Satisfied as to Him *(Doc. No. 254)* is **DENIED.** Mr. Lohman asks me to dismiss him from this contempt proceeding, declaring, *inter alia*, that he will not represent or assist anyone seeking to enforce the AJA Liberian Judgment. *(Id. at 12.)* Mr. Lohman argues, in effect, that his Declaration and the Receiver's abandonment of the AJA claim in the Cayman Islands render CIGNA's Contempt Motion moot. I disagree. CIGNA seeks, *inter alia*, its attorneys' fees and costs in prosecuting its Motion for Contempt. *(Doc. No. 174 at 3.)* Regardless of the posture of the Cayman Islands litigation, CIGNA may still be entitled to compensation from Mr. Lohman in the event I find him in civil contempt of this Court's April 10, 2001 Injunction. See Robin Woods Inc. v. Woods, 28 F.3d 396, 400 (3d Cir. 1994) ("Sanctions for civil contempt serve two purposes: 'to coerce the defendant into compliance with the court's order and to compensate for losses sustained by the disobedience.'"); Hill v. Best Medical Intern., Inc., Nos. 07-1709, 08-1404, 09-1194, 2010 WL 2519985, at *4 (W.D. Pa. June 16, 2010) ("The purpose of civil contempt is primarily remedial and to benefit the complainant."). Moreover, Mr. Lohman has not provided "full and complete"

responses to CIGNA's October 25, 2010 Interrogatories and Requests for Production of Documents. *(Doc. No. 239.)* Accordingly, I will not dismiss Mr. Lohman from this proceeding.

2. CIGNA's Cross-Motion to Compel Discovery *(Doc. No. 255)* is **GRANTED in part**. As stated during today's hearing, Mr. Lohman shall, by **September 2, 2011**, produce, for *in camera* review, ***all*** documents responsive to CIGNA's October 25, 2010 Requests for Production of Documents. Mr. Lohman shall provide a full and complete explanation detailing, document by document, the precise legal grounds for any claim that the document is not discoverable.

3. Mr. Lohman's Motion for a Protective Order *(Doc. No. 248)* is **DENIED without prejudice.**

4. CIGNA shall, by **September 2, 2011**, submit a memorandum addressing the sanctions I should impose on Messrs. Senesie and Sesay for failing to comply with my May 10, 2011 Order. The memorandum shall include an explanation of the legal basis for any proposed sanctions, including my authority to hold Mr. Sesay in contempt in light of his objection to personal jurisdiction.

5. Messrs. Senesie and Sesay shall, by **September 16, 2011**, submit a responsive memorandum on sanctions.

6. Reed Smith's oral Motion to Withdraw as Counsel for Messrs. Senesie and Sesay is **DENIED**.

                                              **IT IS SO ORDERED.**

                                              /s/ Paul S. Diamond

                                              _____
                                              **Paul S. Diamond, J.**