

WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON

*Mark E. Gottlieb, Esquire*
*(267) 338-1318 (direct dial)*
*(267) 338-1335 (facsimile)*
*mgottlieb@offitkurman.com*

September 2, 2011

<u>Via Facsimile (267-299-5069) and Regular Mail</u>

The Honorable Paul S. Diamond
United States District Court for the
Eastern District of Pennsylvania
U.S. Courthouse, Room 6613
601 Market Street
Philadelphia, PA 19106

**FILED**
SEP - 2 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

Re: *The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co.*, No. 91-6785

Dear Judge Diamond:

I am writing on behalf of Respondent Samuel M. Lohman, Esquire in the above-referenced matter to inform Your Honor that, with great personal and professional regret, Mr. Lohman will not be producing documents for an *in camera* review and will rely on the objections he has previously made in response to the discovery requests and in response to CIGNA's Cross-Motion to Compel Discovery.

Mr. Lohman has been provided a copy of the August 19, 2011 Order and a copy of the transcript of hearing on August 19, 2011 and is aware that Your Honor will consider this act as a potential violation of the Court's Order of August 19, 2011. Mr. Lohman firmly believes that he has no other option but to refuse production in light of his legal professional, ethical, and other obligations under United States, Swiss, and other foreign law and that his failure to comply is substantially justified, pursuant to Fed. R. Civ. P. 37(b)(2)(C), for the following reasons:

(1) that this Court continues to lack personal jurisdiction over Mr. Lohman;

(2) that the discovery is improper and outside of the proper scope of inquiry established by the United States Court of Appeals for the Third Circuit in this matter;

(3) that Mr. Lohman is entitled to common-law sovereign immunity as legal counsel for the court-appointed Liberian Receivers and Commissioners of Insurance; and

(4) that, in most likelihood, production of the documents to this Court would result in production to CIGNA and to ACE Limited, and such a result would violate Mr. Lohman's obligations under United States, Swiss, and other foreign law.

Sep. 2. 2011  4:03PM   Offit Kurman                                                    No. 0790   P. 2



Offit | Kurman
Attorneys At Law

Specifically, during the August 19, 2011 hearing, Your Honor pointed out that Mr. Lohman may have waived his claims as to personal jurisdiction and would do so further if he abided by the August 19, 2011 Order. Because this Court lacks personal jurisdiction and this issue was not reached in Mr. Lohman's appeal to the United States Court of Appeals for the Third Circuit, Mr. Lohman specifically restates his objection to this proceeding on the basis of personal jurisdiction and will not take any actions that this Court deems a waiver of this defense.

In addition, the United States Court of Appeals remanded this matter for the limited purpose of "the District Court to consider the effect of *Samantar* in the first instance." The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co., 391 Fed. Appx. 173, 179 (3d Cir. 2010) (referencing *Samantar v. Yousuf*,  U.S.  , 130 S. Ct. 2278 (2010)). In this context, the Third Circuit directed that, if necessary, discovery could be taken for the limited purpose of addressing the issues related to common-law sovereign immunity, whether Liberia or the named Respondents are the real parties in interest and in what capacity the Receivers and Mr. Lohman were sued (official or personal). The current discovery does not address these questions, but seeks information and documents related to issues far outside that limited scope. As such, because production would violate Mr. Lohman's obligations under United States, Swiss, and other foreign law and professional obligations, and because this discovery is improper, Mr. Lohman cannot produce the documents for an *in camera* production with the likely outcome being the production of the documents to CIGNA (and, in turn, ACE Limited, for use in the proceedings pending in the Cayman Islands).

Furthermore, Mr. Lohman renews his position that he, as legal counsel for the Liberian court appointed Receivers and Comissioners of Insurance, is entitled to common-law sovereign immunity. Mr. Lohman recognizes that the discovery authorized by the United States Court of Appeals is ostensibly intended to resolve this issue, but, as discussed previously, the proposed discovery as recognized by this Court is designed to identify other potential aiders and abettors, and, as such, goes to the merits of the underlying contempt as opposed to the issue of common-law sovereign immunity in light of *Samantar*.

Finally, the parties have already agreed that Liberia is not the real party in interest and that the Receivers and Mr. Lohman are being sued in their personal and representative capacities. (See Dckt. # 232 at 6-9.) Therefore, the threshold questions relating to common-law sovereign immunity which have been raised by the United States Court of Appeals for the Third Circuit, the United States Department of State and the United States Department of Justice in its January 11, 2011 Notice to this Court can and should be resolved by this Court without the need for discovery. Following the Court's determination on these uncontested issues and the United States Department of State being informed of that determination, the State Department will have the answer to its threshold questions that will allow it the opportunity to weigh in on this matter. In light of this, and Mr. Lohman's professional obligations to his clients as legal counsel, Mr. Lohman cannot comply with this Court's August 19, 2011 Order.

# Offit | Kurman
Attorneys At Law

Mr. Lohman is aware that this Court may, and likely will, issue sanctions pursuant to Federal Rule of Civil Procedure 37 and, thereafter, find Mr. Lohman in civil contempt for his alleged aiding and abetting a violation of this Court's April 10, 2001 "Anti-Suit Injunction". Separate from his other objections, Mr. Lohman reasserts that he has not aided and abetted a violation of the April 10, 2001 Anti-Suit Injunction and stands on the arguments he made in his response, dated February 2, 2009 (Dckt. # 209), to the original Motion for Contempt. Mr. Lohman otherwise incorporates by reference his previous pleadings, affidavits, objections and such previously filed in this case.

Respectfully yours,

Mark E. Gottlieb

MEG/whp

cc: Donald W. Hawthorne, Esq. (via regular mail)
    Richard J. Bortnick, Esq. (via regular mail)
    Henry F. Reichner, Esq. (via regular mail)