# DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

September 7, 2011


BY ELECTRONIC COURT FILING

The Hon. Paul S. Diamond
United States District Court for the
   Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

   **The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Insurance Co.
Index No. 91-6785**

Dear Judge Diamond:

     We write on behalf of CIGNA Worldwide Insurance Company ("CWW") in response to Samuel M. Lohman's ("Lohman") letter to the Court of September 2, 2011, in which he advised that he would not comply with the Order of August 19, 2011, requiring that he produce the documents listed in his privilege log for the Court's *in camera* review.

     As the basis for his refusal to comply, Lohman repeats the grounds he has previously asserted.  The Court provided the complete and dispositive answer to all of his excuses during the August 19 hearing:

> You have no basis to withhold any documents from me.
> They're not going anywhere until I issue an order to that
> effect and, if I issue an order that the documents are to be
> disclosed, I will certainly give you enough time to seek
> either reconsideration by me or emergency relief in a
> higher court.  I'm not going to simply give the documents
> over and then let you know I did; you will have time to
> seek appropriate relief.

Tr. 8/19/02 at 23.  In effect, Lohman takes the position that he, not the Court, gets to decide whether the documents shall be produced.  The contempt could not be more brazen.

The Hon. Paul S. Diamond                  2                  September 7, 2011

      Accordingly, CWW requests that the Court enter an Order in the form submitted herewith, providing that:

1. Lohman be required to appear in the Eastern District of Pennsylvania to be deposed, pursuant to the discovery notice previously served by CWW, on September 23, 2011 (or on the date seven days after the Court completes its *in camera* review of documents produced by Messrs. Gottlieb and Reichner, as further described below, and provides to CWW any such documents that it determines are discoverable). We request that this deposition take place under the supervision of the Court.

2. Lohman (a) be held in contempt for failure to comply with the Court's Orders of May 10, 2011 and August 19, 2011; and (b) be required to pay: (i) as compensatory sanctions, CWW's fees and costs in connection with its efforts to require Lohman to comply with these Orders, and to respond to Lohman's related motions; and (ii) as coercive sanctions, $5,000 per day until he complies fully and completely with the Court's Orders. (Upon entry of such an Order, CWW will submit time sheets for *in camera* review to confirm the measure of compensatory damages).

CWW reserves the right to seek additional sanctions against Lohman in the event that he does not appear for his deposition, as the Court has previously ordered and he has previously agreed.

      In light of Lohman's position, CWW requests that Mr. Gottlieb and Mr. Reichner be ordered to produce the documents that their clients have refused to produce. In order to avoid any possible technical objection, CWW has served subpoenas today, copies of which are attached, incorporating the following discovery requests:

1. Demand for production from Mark Gottlieb, Esq. of all documents listed on Lohman's privilege log, to be produced to the Court for *in camera* review. Mr. Gottlieb must have these documents in his possession, because he signed the Objections and Responses to CWW's Requests for Production, dated June 6, 2011, that incorporated the privilege log. (Production to be completed by September 9, 2011).

2. Demand for production from Henry Reichner, Esq. (counsel to Sesay and Senesie) of all documents listed on Lohman's privilege log, to be produced to the Court for *in camera* review. As counsel for Sesay and Senesie, who are identified as persons in custody, control or possession of many of the documents on the privilege log, Mr. Reichner presumably has most, if not all of these documents, in his possession, custody or control. (Production to be completed by September 9, 2011).

The Hon. Paul S. Diamond                 3                        September 7, 2011

    3.     Deposition of Mr. Gottlieb.  To take place during the week of September 26, 2011.

    4.     Deposition of Mr. Reichner.  To take place during the week of September 26, 2011.

In light of the actions of Lohman, Sesay and Senesie, CWW also intends to seek discovery from two other individuals whom CWW believes to be involved in the ongoing contempt:  Martin Kenney and Denis Kleinfeld.

Martin Kenney, according to Lohman, has performed legal services for the Liberian Receiver in an effort to obtain recovery on the Liberian Judgments in defiance of the Court's Anti-Suit Injunction, with a contingent contractual right to a portion of any recovery on the Liberian Judgments.  Lohman Response to Interrogatories, dated June 6, 2011, at 6 (Response to Interrogatory No. 1).  Kenney has therefore been acting in contempt of the Court's anti-suit injunction, and (because he has not renounced any potential recovery on the Liberian claims) continues to do so.   Kenney's name, or his firm's name, appears repeatedly in Lohman's privilege log.  According to his website, Kenney, a British Virgin Islands lawyer, regularly solicits business in the U.S.  *See* Martin Kenney & Co., Solicitors, at http://www.martinkenney.com/.  CWW will seek document discovery from, and a deposition of, Kenney in any U.S. jurisdiction where he may be found.

Denis Kleinfeld was at one time a part-owner of a subsidiary of one of the companies organized by Lohman that held the interest in the AJA claims.  Kleinfeld appears to be a Florida resident and a U.S. citizen.  *See Denis A. Kleinfeld – Lawyer Profile*, at http://www.martindale.com/Denis-A-Kleinfeld/5995747-lawyer.htm. CWW will seek document discovery from, and a deposition of, Kleinfeld in any U.S. jurisdiction where he may be found.

This submission only addresses Lohman's violations of the Court's discovery Orders of May 10, 2011 and August 19, 2011.  On such schedule as the Court may direct, CWW intends to seek appropriate remedies (including findings of contempt) for Respondents' violation of the Anti-Suit Injunction for which this contempt proceeding was initiated.

                                                    Respectfully submitted,

                                                     /s/ Donald W Hawthorne
                                                    Donald W. Hawthorne

cc:     Henry F. Reichner, Esq.
          Mark E. Gottlieb, Esq.
          Thad J. Bracegirdle, Esq.