Stephen A. Cozen
Richard J. Bortnick
COZEN O'CONNOR
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

Donald Francis Donovan
Donald W. Hawthorne
Matthew S. Hackell
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY  10022
(212) 909-6000

*Attorneys for Defendant CIGNA Worldwide Insurance Company*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------x
THE ABI JAOUDI AND AZAR TRADING CORP.,  :
:
       Plaintiff,  :
:  Civil Action No. 91-6785
  -against-  :
:
CIGNA WORLDWIDE INS. CO.,  :
:
       Defendant.  :
:
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR
RELIEF REGARDING RESPONDENT SAMUEL LOHMAN'S FAILURE TO
<u>COMPLY WITH THE COURT'S AUGUST 19, 2011 ORDER</u>**

In its Order of August 19, 2011 (the "August 19 Order"), this Court required Respondent Samuel Lohman to produce, by September 2, the documents listed in his privilege log for the Court's *in camera* review. (Dkt. # 272). By letter to the Court dated September 2, 2011, Mr. Lohman advised that he did not intend to comply with the

Court's Order. (Dkt. # 276). As the Court has already made clear, Mr. Lohman's refusal to provide documents for *in camera* review is completely unjustified:

> You have no basis to withhold any documents from me. They're not going anywhere until I issue an order to that effect and, if I issue an order that the documents are to be disclosed, I will certainly give you enough time to seek either reconsideration by me or emergency relief in a higher court. I'm not going to simply give the documents over and then let you know I did; you will have time to seek appropriate relief.

Transcript of August 19, 2011 Conference ("Tr.") at 23 (Dkt. # 273); *see* Letter from CWW to the Court, dated September 7, 2011 (Dkt. # 277).

By Order dated September 15, 2011 this Court requested that Defendant CIGNA Worldwide Insurance Co. ("CWW") submit a motion specifying the sanctions that it seeks for Mr. Lohman's default, and a supporting memorandum explaining the legal basis for each sanction. (Dkt. # 278). This memorandum responds to the Court's Order.

**ARGUMENT**

It is well-established that a party asserting a defense of foreign sovereign immunity may be ordered to provide jurisdictional discovery related to that claim in order that the assertion of immunity may be tested. *Federal Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270, 1284 n.11 (3d Cir. 1993) ("[T]he parties should be granted a fair opportunity to engage in jurisdictional discovery so as to adequately define and submit to the court facts necessary for a thorough consideration of the issue."). Indeed, the Third Circuit expressly directed that such discovery take place on remand. *Abi Jaoudi & Azar. Trad. Corp. v. CIGNA Worldwide Ins. Co.*, 391 Fed. Appx. 173, 179 (3d Cir. 2010). It is

equally well-established that the Court can enforce its orders in aid of such jurisdictional discovery, by contempt or otherwise, notwithstanding the defaulting party's maintenance of its objections to jurisdiction. *Ins. Corp. of Ire. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 696 (1982). Thus, the Court should have no hesitation about its authority to hold Mr. Lohman in contempt of court for his violation of the Court's August 19 Order.

However, we recognize that Respondents Senesie and Sesay have signaled that they may attempt to appeal, on grounds of immunity, any finding of contempt against them. *See* Respondents' Memorandum of Law in Response to the Court's August 19 Order, dated September 16, 2011, at ¶ 52 (Dkt. # 280). We expect that Mr. Lohman will do the same. While CWW believes that there is no merit to any such appeal, it might nonetheless further hinder the completion of jurisdictional discovery and the already-long-delayed resolution of both Respondents' sovereign immunity defense and the merits of CWW's contempt motion.

Accordingly, CWW respectfully requests that, before entering an Order of contempt or imposing sanctions against any Respondent, the Court first assist CWW to obtain from other sources the discovery that the Respondents have refused to provide. This will allow this Court, and in the event of an appeal, the Court of Appeals, to undertake any further consideration of the immunity issues raised by Respondents on the basis of as full a record as possible. The Court of Appeals has already remanded this case once so that the factual record could be developed further. *Abi Jaoudi*, 391 Fed. Appx. at 179 ("[A] remand is appropriate here to permit the District Court to consider the effect of

*Samantar* in the first instance. This will permit the parties to make the related arguments and engage in discovery, if necessary."). Judicial efficiency would not be served if this case returned to the Court of Appeals without that discovery being completed.

Accordingly, the first part of this Memorandum identifies the discovery that CWW wishes to take at this stage of the proceedings, before the entry of any sanctions or order of contempt. The second part of this Memorandum addresses the question posed by the Court, and identifies the specific sanctions it seeks against Mr. Lohman for his failure to provide documents as ordered by the Court, and the Court's authority for doing so. However, we urge that the Court need not and should not reach these issues until the conclusion of current efforts to obtain discovery in this matter, as entry of an order finding contempt or imposing sanctions, could give rise to an immediate, albeit unwarranted and possibly improper, appeal.

For similar reasons of judicial efficiency, CWW also requests that, before issuing any potentially appealable Order, the Court afford the parties an opportunity to fully brief, and then decide, both (i) any outstanding issues relating to the Court's discovery Orders or Respondents' contempt thereof, and (ii) Respondents' motion to dismiss on grounds of common-law foreign sovereign immunity (in light of any statement that may be forthcoming from the United States). Resolving these issues together will maximize efficiency by allowing them to be considered together by the Court of Appeals, on as complete a record as is possible at this point in the litigation, in the event of an interlocutory appeal.

For the avoidance of doubt, CWW does not concede that Respondents would be entitled to an appeal of an order imposing sanctions on them, or in the event of such an appeal, that they would be entitled to a stay of this action pending such appeal.

I.  **The Court Should Order the Following Supplemental Discovery Against Mr. Lohman and Respondents' Counsel.**

In light of Mr. Lohman's refusal to produce for *in camera* review the documents called for by the Court's August 19 Order, CWW is compelled to seek the documents and information it requests from other sources. CWW therefore requests that the Court order the following discovery:

1. An Order compelling Mr. Lohman's counsel, Mark Gottlieb, Esq., of Offit Kurman, to produce to the Court for *in camera* review, the documents identified on Mr. Lohman's privilege log.

2. An Order compelling Henry Reichner, Esq., of Reed Smith LLP, counsel for Mr. Senesie and Mr. Sesay, to produce to the Court for *in camera* review, the documents in his possession, custody or control identified on Mr. Lohman's privilege log (if and to the extent that such documents are not produced by Mr. Lohman or Mr. Gottlieb).

3. An Order compelling Mr. Lohman to appear personally in the Eastern District of Pennsylvania to be deposed pursuant to the discovery notice previously served by CWW. We request that this deposition take place under the supervision of the Court, after the production and the Court's *in camera* review of documents produced by Messrs. Gottlieb and Reichner.

CWW reserves the right to request further relief, including taking the depositions of Messrs. Reichner and Gottlieb, as appropriate following their responses to the present request and Mr. Lohman's deposition, and to take additional discovery from third parties and additional potential Respondents.

### A. Mr. Gottlieb Should Be Compelled to Produce the Documents Identified on Mr. Lohman's Privilege Log.

The authority to order the production of discoverable information from any person, including an attorney, is provided by the Federal Rules of Civil Procedure. *See generally* Fed. R. Civ. P. 45. On September 8, 2011, CWW served a subpoena on Mr. Gottlieb that called for the production of "All Documents identified on any of the Privilege Logs produced by You on behalf of your client, Samuel M. Lohman, on June 6, 2011." Subpoena to Mark E. Gottlieb, Esq., dated September 8, 2011 ("Gottlieb Subpoena") (Exhibit A). Mr. Gottlieb responded by letter, dated September 8, 2011, stating that "until and if Judge Diamond rules on [CWW's] request, [he] will not comply with your subpoena nor . . . provide a substantive response to the subpoena." Letter from Mark Gottlieb, dated September 8, 2011 (Exhibit B).

CWW does not seek discovery from Mr. Gottlieb as a sanction or penalty for Mr. Lohman's violation of the Court's Discovery Orders, nor does CWW rely on the Court's contempt power as the authority for such an Order. Rather, in light of Mr. Lohman's refusal to produce documents for *in camera* review that he has already conceded are responsive, CWW is obliged to seek those documents from an alternative source.[1] There is no bar to obtaining relevant, discoverable documents from attorneys; on the contrary, attorneys are served with discovery requests all the time. *E.g.*, *Johnston Dev. Group, Inc. v. Carpenters Local Union No. 1578*, 130 F.R.D. 348, 357 (D.N.J. 1990) (allowing

---

[1] It is clear that Mr. Gottlieb has the identified documents in his possession, as he necessarily reviewed them in order to sign Lohman's Objections and Responses to CWW's Requests for Production, dated June 6, 2011.

6

deposition of plaintiff's attorneys); *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565 (3d Cir. 1976) (allowing deposition of defendant-insurer's attorney). Moreover, the scope of CWW's request is limited: CWW has *only* requested documents that Mr. Gottlieb has already identified as responsive to document requests propounded to his client by including them in a privilege log.

It is black-letter law that the communication of otherwise discoverable documents to an attorney does not protect them from discovery. *Fisher v. United States*, 425 U.S. 391, 404 (1976) ("[P]re-existing documents which could have been obtained by court process from the client when he was in possession may also be obtained from the attorney by similar process following transfer by the client"). The *in camera* review of these documents already ordered by the Court – to which CWW has no objection – suffices to protect any other possible privilege that Mr. Lohman or Mr. Gottlieb might assert. Indeed, CWW submits that Mr. Lohman's direct refusal to comply with the Court's Order to produce the documents has waived any such privilege that might conceivably apply here. *Cf. In re Chevron Corp.*, 749 F. Supp. 2d 170, 182-85 (S.D.N.Y. 2010) (party's failure to comply with order to file privilege log waived any claims of privilege with respect to the documents sought).

### B.   Mr. Reichner Should Be Compelled to Produce the Documents Identified on Mr. Lohman's Privilege Log.

For all of the same reasons, it is also appropriate to order Mr. Reichner to produce the documents identified on Mr. Lohman's privilege log. As with Mr. Gottlieb, CWW seeks at this time *only* the documents identified in Mr. Lohman's privilege log, and seeks

them pursuant to Federal Rule of Civil Procedure 45 and a Subpoena served on Mr. Reichner on September 8, 2011 (Exhibit C). To the extent that CWW obtains these documents from Mr. Gottlieb or another source, CWW will not seek a duplicative production from Mr. Reichner.

### C. The Court Should Order Mr. Lohman to Appear For a Deposition

On October 25, 2010, CWW served a Notice of Deposition on counsel for Respondent Lohman. On May 31, 2011, the Court Ordered Mr. Lohman to "appear – no later than twenty-one (21) days after the date on which Respondents provide [full and complete] responses [to CWW's document requests] – to have [his] deposition[] taken pursuant to the October 25, 2010 Notice[]." Because Respondents have not provided the "full and complete" responses they have repeatedly been ordered to provide, Mr. Lohman's deposition has not yet taken place.

In this circumstance, CWW will seek to depose Mr. Lohman based on documents from other sources (although it will take his deposition, if necessary, without documents). Accordingly, CWW respectfully requests that the Court order Mr. Lohman to appear in this District for a deposition to be presided over by the Court, *see* Tr. at 11-15, at a date after the completion of the Court's *in camera* review of documents produced by Mr. Gottlieb or Mr. Reichner as described above.

There can be no doubt that the Court has the authority to order a party to appear for a duly noticed deposition. Fed. R. Civ. P. 37(a); *see*, *e.g.*, *Bro-Tech Corp. v. Thermax, Inc.*, Civ. No. 05-2330, 2006 WL 3337496, at *2 (E.D.Pa. Nov. 16, 2006) (ordering officer and director of Indian defendant to travel to Philadelphia for deposition); *Triple*

*Crown Am., Inc. v. Biosynth AG*, No. CIV.A. 96–7476, 1998 WL 227886, at *4 (E.D.Pa. April 30, 1998) (ordering agents of Swiss defendant to appear in the Eastern District of Pennsylvania for deposition).  And Mr. Lohman has consented to having his deposition taken in this matter.  *E.g.*, Email from W. Pillsbury to M. Hackell, dated June 13, 2011 (Exhibit D) ("we confirm that Mr. Lohman will honor the Court's order and will appear for the deposition in Philadelphia"); Tr. at 14 ("He has indicated that he is prepared to do that and was prepared to do that.").  CWW respectfully requests that the Court so Order.

CWW fully expects that Mr. Lohman will comply with the Court's Order to appear for his deposition.  In the event that he does not, CWW reserves the right to seek further relief and appropriate sanctions.

**II.    CWW Requests Monetary Sanctions Against Mr. Lohman For His Violation of the Court's Discovery Orders.**

Subject to the consideration that sanctions not be imposed until CWW has had the opportunity to take the discovery described above, CWW requests that the court impose, upon completion of that discovery, the following sanctions on Mr. Lohman for his failure to provide a "full and complete response" to CWW's discovery requests, as required by the Court's May 10, 2011 and May 31, 2011 Orders, and his refusal to provide the documents identified on his privilege log for the Court's *in camera* review, as required by the Court's August 19, 2011 Order.

### A. CWW Is Entitled to Compensatory Sanctions for the Losses It Has Incurred in Litigating Mr. Lohman's Contempt of the Discovery Orders.

CWW seeks compensatory sanctions representing the total amount of attorneys' fees and expenses it has incurred since May 10, 2011 as a result of Mr. Lohman's noncompliance with the Court's Discovery Orders. Compensatory sanctions are routinely awarded for violations of a court's discovery orders and include costs incurred in "uncovering and establishing . . . contemptuous behavior." *AMG Nat'l Trust Bank v. Ries*, 319 Fed. Appx. 90, 92 (3d Cir. 2008). Such sanctions are intended "to make reparation to the injured party and restore the parties to the position they would have held" had the court's order been obeyed and, as a result, typically include attorneys' fees. *Robin Woods Inc. v. Woods*, 28 F.3d 396, 400 (3d Cir. 1994). An award of interest on such costs is also appropriate "to place [CWW] in the position [it] would have occupied had [it] never been forced to seek an adjudication of contempt and sanctions." *Horizon Unltd., Inc. v. Silva*, No. CIV.A. 97-7430, 2002 WL 1896297, at *5 (E.D. Pa. Aug. 15, 2002) (awarding 6% interest); *see Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 79 (1st Cir. 2002) ("If the purpose of remedial contempt sanctions is to make an aggrieved party whole, then it follows that a court should be able to fashion sanctions that take into account not only the actual loss stemming from the contumacious conduct but also the time value of any associated deprivation of funds.").

The Court's May 10, 2011 Order was unequivocal: it directed Respondents to "provide **full and complete** responses to Defendant's October 25, 2010 Interrogatories and Requests for Production of Documents" (emphasis in original). Rather than comply

with this Order, Mr. Lohman and the other Respondents filed on May 20, 2011, a "Motion to Declare the Discovery Requests Moot" (Dkt. # 241), to which CWW was obliged to respond.  After that motion was denied in turn, Mr. Lohman filed two additional motions, one for a Protective Order (Dkt. # 248), and one reiterating his May 20 Motion, asking the Court to find that the relief sought by CWW had been fully satisfied as to him (Dkt. # 254), both of which CWW was obliged to answer.  When Lohman finally responded substantively to CWW's document request, he produced only heavily redacted time records and an extensive privilege log, which necessitated a second motion by CWW to compel discovery (Dkt. # 255).

In order to make CWW whole for its losses, *Robin Woods*, 28 F.3d at 400-01, CWW respectfully requests that the Court grant its request of attorneys' fees and costs, with interest, after the conclusion of jurisdictional discovery.  Because this case is ongoing, CWW requests that the Court determine the amount of compensatory sanctions to be imposed based on an *in camera* review of the relevant timesheets of counsel for CWW, which CWW will submit with the Court's permission.

      **B.**    **CWW Requests Coercive Sanctions Against Mr. Lohman Until He Fully Purges His Contempt of the Court's Discovery Orders.**

As long as Mr. Lohman remains in violation of the Discovery Orders, coercive sanctions are proper.  In order to purge his contempt of the Discovery Orders, Mr. Lohman must produce full and complete discovery responses to CWW's discovery requests of October 25, 2010, and appear for deposition as noticed.

Coercive sanctions are especially appropriate here because Mr. Lohman has repeatedly defied this Court's discovery Orders. This is the very situation that coercive sanctions are designed to address:

> [Coercive sanctions] look to the future and are designed to aid the plaintiff by bringing a defiant party into compliance with the court order or by assuring that a potentially contumacious party adheres to an injunction by setting forth in advance the penalties the court will impose if the party deviates from the path of obedience.

*Latrobe Steel Co. v. United Steelworkers of Am.*, 545 F.2d 1336, 1344 (3d Cir. 1976). Accordingly, CWW requests that coercive sanctions be imposed on Mr. Lohman in the amount of $5,000 per day until he complies with the Discovery Orders, to be imposed after the completion of jurisdictional discovery.

## CONCLUSION

For the foregoing reasons, CWW respectfully requests that this Court grant the relief requested herein.

Dated: September 28, 2011
New York, New York

DEBEVOISE & PLIMPTON LLP

By:   /s/ Matthew S. Hackell
Donald Francis Donovan
Donald W. Hawthorne
Matthew S. Hackell
919 Third Avenue
New York, NY  10022
(212) 909-6000

COZEN O'CONNOR

Stephen A. Cozen
Richard J. Bortnick
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

*Attorneys for Defendant CIGNA Worldwide Insurance Company*