# Exhibit A

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

THE EASTERN DISTRICT OF PA

| | | |
|---|---|---|
| The Abi Jaoudi & Azar Trading Corp.  *Plaintiff* | ) ) ) | |
| v. | ) ) | Civil Action No. 91-6785 |
| CIGNA Worldwide Ins. Co.  *Defendant* | ) ) ) | (If the action is pending in another district, state where: ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:   MARK E. GOTTLIEB, ESQUIRE

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See attached Schedule A

| Place: Chambers of the Hon. Paul S. Diamond U.S. Courthouse, Room 6613, 601 Market St., Philadelphia, PA 19106 | Date and Time: 09/09/2011   10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:   9/7/2011

CLERK OF COURT

_____         OR         _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

### DOCUMENTS TO BE PRODUCED TO THE COURT
### FOR *IN CAMERA* REVIEW ON SEPTEMBER 9, 2011

Definitions

1. "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular means all originals, drafts, copies (if the originals are not available), and non-identical copies (whether different from the original because of underlining, editing, marks, notes made on or attached to such copy, or otherwise) of the following items, whether printed, handwritten, in electronic form, or recorded (through any mechanical or electronic sound, video, photographic, digital or computer recording system, or otherwise): correspondence, memoranda, inter-office communications, e-mail messages, summaries of personal conversations or interviews, minutes or records or notes of telephone calls, meetings or conferences, telephone call logs, date books, calendars, expense logs, opinions or reports of consultants, projections, financial or statistical statements or compilations, contracts, agreements, publications, articles, books, pamphlets, notes, reports, studies, logs, surveys, diaries, calendars, tape recordings, maps, charts, pictures, photographs, films, notebooks, drawings, plans, and any other writing of whatever description including any information contained in any computer although not yet printed out.

2. "You" means Mark Gottlieb, Esquire, and also includes Offit Kurman and any of its members, counsel or associates.

3. The Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request more inclusive; the word "all" means "any and all" and the word "any" means "any and all."

## Instructions

1. Any and all responsive Documents in Your possession, custody or control shall be produced.

2. In accordance with the Court's Order of August 22, 2011, all Documents called for by this Request shall be produced to the Court for *in camera* review. If You assert that any such Document is not discoverable, You shall provide to the Court a full and complete explanation detailing, Document by Document, the precise legal grounds for any claim that the document is not discoverable. Any Document that you do not assert is not discoverable shall be produced to counsel for CWW as set forth in this subpoena.

3. If You, after investigation, determine that You have no Documents satisfying a request, Your statement that You have no such Documents constitutes a representation that You have conducted a search for the Documents and represent that You have no Documents that comply.

4. If any Documents, or parts of Documents, called for by this request have been destroyed, discarded, or otherwise disposed of, a list shall be furnished setting forth

2

as to each document the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

### Request

All Documents identified on any of the Privilege Logs produced by You on behalf of your client, Samuel M. Lohman, on June 6, 2011.

# Exhibit B


**Offit | Kurman**
Attorneys At Law

*Mark E. Gottlieb, Esquire*
*267-338-1318 (Direct Dial)*
*267-338-1335 (Facsimile)*
*mgottlieb@offitkurman.com*

September 8, 2011

**Via Regular Mail and Electronic Mail**

Donald W. Hawthorne, Esquire
Debevoise and Plimpton LLP
919 Third Avenue
New York, NY  10022

Re:   *The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Insurance Co.*, **No. 91-6785**

Dear Mr. Hawthorne,

I am writing to acknowledge that I have received the subpoena for documents to "Mark E. Gottlieb, Esquire", returnable September 9, 2011, as well as the subpoena to testify at a deposition, on September 29, 2011.

In light of your letter to the Court dated September 7, 2011, in which you request the Court to Order that counsel for Mr. Lohman, produce documents and submit to a deposition, I wish to confirm that until and if Judge Diamond rules on your request, I will not comply with your subpoena nor will I provide a substantive response to the subpoena.

Frankly, it appears from your correspondence to the Court that you did not expect literal compliance with the subpoena but rather served the subpoenas to "avoid any possible technical objection" (page 2) to your effort to seek an order from Judge Diamond. To the extent you require a substantive responsive, without waiver of any other objections, I object pursuant to Federal Rule of Civil Procedure 45(c) because the time period to comply is not reasonable. Providing 24 hours to respond does not appear to be taking reasonable steps to avoid imposing undue burden.

I will, of course, if Ordered by the Court, provide a substantive response to your effort to seek documents and testimony.

Very truly yours,

*[signature]*

Mark E. Gottlieb

cc:   Richard J. Bortnick, Esquire (via e-mail only)
      Henry F. Reichner, Esquire (via e-mail only)

# Exhibit C

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

THE EASTERN DISTRICT OF PENNSYLVANIA

| The Abi Jaoudi & Azar Trading Corp. | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 91-6785 |
| | ) | |
| CIGNA Worldwide Ins. Co. | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  HENRY F. REICHNER, ESQUIRE

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:
See attached Schedule A

| Place: Chambers of The Hon. Paul S. Diamond U.S. Courthouse, Room 6613, 601 Market St., Philadelphia, PA 19106 | Date and Time: 09/09/2011 10:00 a.m. |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  09/07/2011

CLERK OF COURT

_____/s/ Michael E. Kunz_____ OR  _____
Signature of Clerk or Deputy Clerk              Attorney's signature

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* _____
_____, who issues or requests this subpoena, are:

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____.

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____.

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00____ .

I declare under penalty of perjury that this information is true.

Date: _____

                                                  _____
                                                        *Server's signature*

                                                  _____
                                                       *Printed name and title*

                                                  _____
                                                         *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED TO THE COURT
## FOR *IN CAMERA* REVIEW ON SEPTEMBER 9, 2011

### Definitions

1. "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular means all originals, drafts, copies (if the originals are not available), and non-identical copies (whether different from the original because of underlining, editing, marks, notes made on or attached to such copy, or otherwise) of the following items, whether printed, handwritten, in electronic form, or recorded (through any mechanical or electronic sound, video, photographic, digital or computer recording system, or otherwise): correspondence, memoranda, inter-office communications, e-mail messages, summaries of personal conversations or interviews, minutes or records or notes of telephone calls, meetings or conferences, telephone call logs, date books, calendars, expense logs, opinions or reports of consultants, projections, financial or statistical statements or compilations, contracts, agreements, publications, articles, books, pamphlets, notes, reports, studies, logs, surveys, diaries, calendars, tape recordings, maps, charts, pictures, photographs, films, notebooks, drawings, plans, and any other writing of whatever description including any information contained in any computer although not yet printed out.

2. "You" means Henry Reichner, Esquire, and also includes Reed Smith LLP and any of its members, counsel or associates.

3. The Request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request more inclusive; the word "all" means "any and all" and the word "any" means "any and all."

### Instructions

1. Any and all responsive Documents in Your possession, custody or control shall be produced.

2. In accordance with the Court's Order of August 22, 2011, all Documents called for by this Request shall be produced to the Court for *in camera* review. If You assert that any such Document is not discoverable, You shall provide to the Court a full and complete explanation detailing, Document by Document, the precise legal grounds for any claim that the document is not discoverable. Any Document that you do not assert is not discoverable shall be produced to counsel for CWW as set forth in this subpoena.

3. If You, after investigation, determine that You have no Documents satisfying a request, Your statement that You have no such Documents constitutes a representation that You have conducted a search for the Documents and represent that You have no Documents that comply.

4. If any Documents, or parts of Documents, called for by this request have been destroyed, discarded, or otherwise disposed of, a list shall be furnished setting forth

as to each document the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

## Request

All Documents that are described on any of the Privilege Logs produced by Respondent Samuel Lohman on June 6, 2011.

# Exhibit D

## Hackell, Matthew

| | |
|---|---|
| **From:** | Pillsbury, William [wpillsbury@offitkurman.com] |
| **Sent:** | Monday, June 13, 2011 12:49 PM |
| **To:** | Hackell, Matthew; Gottlieb, Mark |
| **Cc:** | Hawthorne, Donald W.; 'Richard J. Bortnick (rbortnick@cozen.com)'; Finnerty, Meghan |
| **Subject:** | RE: The Abi Jaoudi & Azar Trading Corp. v. CIGNA |
| **Follow Up Flag:** | Follow up; Email: Saved To Accutrac 06/13/11 - 22366/1040 |
| **Due By:** | Tuesday, June 14, 2011 1:00 PM |
| **Flag Status:** | Red |

Matt,

As represented on the call, we confirm that Mr. Lohman will honor the Court's order and will appear for the deposition in Philadelphia (as per CWW's notice). Please prepare an amended notice of deposition and forward it to us. At this deposition, Mr. Lohman reserves his right to invoke all privileges and confidentiality laws to which he is bound.

In addition, we will be seeking reimbursement for Mr. Lohman's reasonable travel costs from CWW by Motion to the Court. As stated before, it is our belief that CWW, as the party calling the deposition, is obligated to cover these costs, especially in a circumstance such as this one.

While it wasn't raised on the call, we expect that the previous representation that CWW "agrees that Mr. Lohman's appearance will be without prejudice to his position concerning personal jurisdiction," (Letter of June 5, 2011), has not been changed.

Regards,
Mark and Will

**William H. Pillsbury, Esq.**

**Offit | Kurman**

**Attorneys At Law**

Ten Penn Center
1801 Market Street
Suite 2300
Philadelphia, PA 19103

(267) 338-1321 (direct)
(267) 338-1335 (facsimile)
wpillsbury@offitkurman.com
http://www.offitkurman.com

---

**From:** Hackell, Matthew [mailto:mhackell@debevoise.com]
**Sent:** Monday, June 13, 2011 11:26 AM
**To:** Gottlieb, Mark; Pillsbury, William
**Cc:** Hawthorne, Donald W.; 'Richard J. Bortnick (rbortnick@cozen.com)'
**Subject:** The Abi Jaoudi & Azar Trading Corp. v. CIGNA

Dear Mark:

I write this e-mail to memorialize our meet-and-confer teleconference at 1:45 on Friday, June 10, 2011. In particular, I write to memorialize your statement during that call that you will not assert the parties' disagreement as to whether CWW or Mr. Lohman should pay his travel expenses as an impediment to his appearing to have his deposition taken, as noticed, in Philadelphia, Pennsylvania.

You stated that, if the parties are unable to reach agreement with respect to Mr. Lohman's travel expenses related to his deposition, he will appear for his deposition as agreed and you may seek reimbursement for his expenses by motion to the Court.

It is our understanding from your recent correspondence that Mr. Lohman will make himself available in Philadelphia for deposition on June 22.

If the above is incorrect in any respect, please let me know immediately.

Regards,


Matthew S. Hackell
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6610
Fax: (212) 521-7610
mhackell@debevoise.com

*******************************

PRIVILEGED AND CONFIDENTIAL

This e-mail message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure. If you are not the intended recipient, please do not disseminate, distribute or copy this communication, by e-mail or otherwise. Instead, please notify us immediately by return e-mail (including the original message in your reply) and by telephone (you may call us collect in New York at 1-212-909-6000) and then delete and discard all copies of the e-mail. Thank you.

9/27/2011