IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORPORATION,<br><br>          Plaintiff,<br><br>     v.<br><br>CIGNA WORLDWIDE INSURANCE COMPANY,<br><br>          Defendant. | Civil Action No. 91-6785 |

**NON-PARTY RESPONDENT SAMUEL M. LOHMAN, ESQUIRE'S BRIEF IN OPPOSITION TO DEFENDANT CIGNA WORLDWIDE INSURANCE COMPANY'S MOTION FOR RELIEF REGARDING LOHMAN'S FAILURE TO COMPLY WITH THE COURT'S AUGUST 19, 2011 ORDER**

Non-party Respondent, Samuel M. Lohman, Esquire ("Lohman"), by and through his counsel, hereby responds to Defendant Cigna Worldwide Insurance Company's ("CWW") Motion for Relief Regarding Mr. Lohman's Failure to Comply with the Court's August 19, 2011 Order (the "Motion"). Mr. Lohman requests that the Court deny the relief requested in the Motion, as well as deny CWW from seeking the sanctions referenced in its Memorandum of Law in Support of the Motion (the "Memorandum of Law") but not sought in this Motion.

**I.     INTRODUCTION**

In its Motion, CWW seeks, exclusively, for counsel of Mr. Lohman, Mark E. Gottlieb, Esquire, and former counsel of non-party Respondents Foday Sesay and Josie Senesie (collectively, the "Receivers"), Henry Reichner, Esquire, to be required to produce documents obtained in their respective representation of Mr. Lohman and the Receivers for an *in camera* review and for Mr. Lohman to be compelled to appear for a deposition. The scope of information sought by CWW goes far beyond the "jurisdictional discovery" in which CWW disingenuously professes to engage. In other words, CWW continues to seek discovery outside

the subject matter authorized by the Third Circuit and simply ignores that its previous pretense for such discovery, the determination on the real party in interest issue, has been undermined entirely by the Notice of Potential Participation by the United States (the "U.S. Notice") (Docket No. 281), filed on September 19, 2011.  CWW has now evolved its position to attempt to find another pretense for discovery.  It now relies on a claim of needing a complete record for the appellate review, but cannot cite to any factual issues that are relevant and in dispute as to the ultimate issue of civil contempt.

At this point, CWW is taking all measures to avoid a legal determination of the merits of its contempt claims and a review by the Court of Appeals for the Third Circuit of the legal questions involved in this claim.  By use of this tactic, CWW continues to abuse the discovery process in this Court to find information to use in another litigation in aid of a different party's defense case, ACE Limited ("ACE").  Such an abuse of process should not be tolerated and CWW's Motion should be denied entirely.

CWW does reference that, at some undetermined future time, it would like sanctions and a finding of contempt, but not until it has completed its inappropriate and exhaustive fishing expedition.  CWW has implicitly admitted to what Mr. Lohman and the Receivers have argued to this Court, this contempt proceeding is no longer about a determination of whether Mr. Lohman, or any other party, should be held in contempt, but about performing discovery.  Despite not seeking sanctions or a finding contempt, CWW still argues for a relief it is not seeking.  (See Mem. of Law at 9-12.)  Because CWW is not actually seeking the sanctions or finding of contempt, Mr. Lohman believes those portions of the Memorandum of the Law should be struck.  Nonetheless, to the extent a substantive response is required, Mr. Lohman notes that, for the reasons discussed in more detail below, the U.S. Notice has demonstrated that the sole

reason for CWW's discovery is baseless and, thus, Mr. Lohman's refusal to comply with those requests was appropriate. Furthermore, sanctions are inappropriate because this Court lacks jurisdiction over Mr. Lohman.

Furthermore, CWW is seeking extraordinary discovery from counsel for Mr. Lohman and the former counsel to the Receivers. The very cases relied upon by CWW demonstrate that obtaining discovery from opposing counsel is frowned upon and should be limited to circumstances where the attorneys have unique information that cannot be obtained from other sources. To allow CWW both to thwart Mr. Lohman's right to appellate review and, then, circumvent his legal arguments for withholding documents by requiring his counsel to produce the documents would be a miscarriage of justice and demonstrates the oppressive nature of the discovery requests served on Mr. Lohman's counsel.[1]

## II.   ARGUMENT

### A.   CWW's Reason For Discovery Has Been Undermined By The U.S. Notice And, Therefore, No Further Discovery Should Be Ordered.

CWW has continually argued that its reason for discovery has been to determine the real party in interest so as to resolve the question presented by the State Department and the United States Court of Appeals for the Third Circuit. Specifically, In its Motion to Compel, CWW explained the purpose of discovery as follows:

> After receiving submissions and presentations from all parties, the State Department has now stated that it cannot determine if it will express any view, unless and until the Court makes **a determination on the real party in interest issue – the very subject on which the Court has ordered discovery**.

(CWW Mem. of Law in Support of Mot. to Compel Discovery, filed on February 17, 2011 (Docket No. 231) at 2 (emphasis added).)

---

[1] This Brief is not responding on behalf of the Receivers, but, in light of the similar legal arguments, Mr. Lohman believes that Mr. Reichner should not be required to produce any documents in his possession.

The United States Department of Justice addressed this argument and states: "Because of the manner in which the litigation has subsequently developed, **it does not appear that the Court will have occasion to rule on the real party in interest**."  (U.S. Notice at 2 (emphasis added).)  If, as CWW has claimed, its discovery were to address the question of the real party in interest, the Department of Justice would not have issued the U.S. Notice and, most definitely, not have included this language.  However, the Department of Justice did issue the U.S. Notice with this specific language and has demonstrated that CWW's assertion that the "determination on the real party in interest issue – the very subject on which the Court has ordered discovery" is inaccurate.  CWW's discovery was never about resolving that question posed by the original Notice filed by the U.S. on January 21, 2011 (to the effect of finding out in "what capacity" the Liberian Receivers were sued), or any proper legal question before the Court.

Now, tacitly admitting that its previous basis for seeking discovery no longer exists, CWW has altered its position to seek discovery in order to complete some undefined record and relies on the language of the Third Circuit.  (See Mem. of Law at 3-4 (citing Abi Jaoudi & Azar Trad. Corp. v. CIGNA Worldwide Ins. Co., 391 Fed. Appx. 173, 179 (3d Cir. 2010).)  In the Third Circuit decision, it allowed discovery "if necessary" for the purpose of permitting "the District Court to consider the effect of Samantar in the first instance." Abi Jaoudi, 391 Fed. Appx. at 179 (citing Samantar v. Samantar v. Yousuf,   U.S.   , 130 S. Ct. 2278 (2010)).

In Samantar, the Supreme Court concluded that individuals were not entitled to immunity under the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602, *et seq.* ("FSIA"), but that individuals may be entitled to common law sovereign immunity or immunity if an entity protected under the FSIA is a necessary party. See Samantar, 130 S. Ct. at 2291-92.  CWW relies on the Third Circuit's recognition that discovery may be necessary, but simply ignores that

it is only "if necessary" to "consider the effect of Samantar in the first instance." CWW has not and cannot show how, in light of the U.S. Notice, what factual issues need to be resolved. In fact, the decision by the Department of State to make a final determination without waiting for further discovery demonstrates that the discovery sought by CWW has no relation to the limited discovery conditionally proposed by the Third Circuit.

CWW should not be allowed to continue to abuse the discovery process in this case and waste the judicial resources of this Court in an expansive and inappropriate fishing expedition. Following the anticipated final determination by the Department of State, this Court should resolve the original question of civil contempt.

> **B.     Requiring Mr. Gottlieb To Produce Documents Would Be Oppressive And An Undue Burden And, Thus, Against The Federal Rules Of Civil Procedure.**

CWW demands that Mr. Gottlieb, pursuant to a subpoena, be ordered to produce documents responsive to a subpoena issued. Initially, Mr. Lohman would note that CWW has already requested similar relief from this Court and the request was taken into consideration following briefing. In response, and in an obvious effort to avoid this Court having the opportunity to be fully briefed on the validity of the requests, CWW simply served subpoenas requiring production prior to the date of this response or the filing of its Motions. CWW's disregard for this Court's own request highlights its continued approach of simply ignoring any adverse determinations and abusing all legal processes in an effort to obtain discovery unrelated to any relevant issue in making a final determination on Mr. Lohman's alleged contempt. Such abusive behavior should not be tolerated.

Furthermore, CWW's legal arguments are disingenuous. CWW claims that discovery on attorneys occurs "all the time" and is permissible, but then is only able to cite to an over twenty year old case outside of this district, Johnston Development Group, Inc. v. Carpenters Local

Union No. 1578, 130 F.R.D. 348 (D.N.J. 1990) and a thirty-five year old decision from the Third Circuit, Jamison v. Miracle Mile Rambler, Inc., 536 F.2d 560 (3d Cir. 1976). The inaccuracy of CWW's arguments is highlighted not only by its inability to find more recent cases, but the discussions in those cases themselves.

In Johnston Development, the District of New Jersey noted three factors that should be considered before producing documents. 130 F.R.D. at 353. First, that court noted that all discovery must "pass the proportionality test" meaning that the discovery must "concern relevant information that is within the inquiring party's legitimate discovery needs when assessed against the lawsuit's 'nature and complexity, the importance of the issues at stake in a case seeking damages . . . . and the significance of the substantive issues.'" Id. (quoting Notes of the Advisory Committee, Fed. R. Civ. P. 26(b) (1983 Amendment)). In addition, discovery of an attorney "on central factual issues, rather than peripheral concerns, would weigh more heavily for the proportionality of the discovery." Id. Because the discovery being sought here is, at best, peripheral to any of the legal questions related to Mr. Lohman's alleged contempt,[2] this discovery, in and of itself, is not proportional and especially not when directed towards counsel for Mr. Lohman.

Second, discovery against a counsel is not enforceable when it is available from other sources. Id.; see also Jamison, 536 F.2d at 565 (Allowing deposition of opposing counsel because: "By the very nature of this type of litigation, we have difficulty in comprehending how a plaintiff can prepare his case without such discovery."). CWW appears to be contending that

---

[2] The discovery sought appears to have conflated the concept of pre-action discovery or investigation into traditional notions of discovery – thereby yielding to error in the use of discovery in this case. CWW says it wants to have discovery (a) not to advance its aiding and abetting of contempt case against Mr. Lohman and the Liberian Receivers, but rather to (b) identify persons unknown to CWW, who may have lent financial assistance to the Receivers' estate in connection with furthering its activities (such as in respect of the Receivers' indemnity enforcement action in the Cayman Islands). It wants to do this to sue more respondents. That is pre-action discovery. It is not discovery in aid of the case against the Respondents named by CWW before this Court. There is no jurisdictional basis for conflating the two concepts as one.

because the party who controls the discovery refuses to comply on various legal grounds, this discovery is now not available from other sources.  There is no support for such an interpretation and, in fact, such a result would make it impossible for any party to be allowed to challenge the legality of discovery orders.  CWW is opting not to seek sanctions, including a finding of civil contempt, for Mr. Lohman's alleged violation of this Court's order, but that decision hardly constitutes a finding that the discovery is solely available from Mr. Gottlieb, or, for that matter, Mr. Reichner.

Finally, the District of New Jersey notes that the "prospect of oppression is ever-present in" seeking discovery from adverse counsel.  Johnston Dev., 130 F.R.D. at 353.  That court cited an opinion from the United States Court of Appeals for the Eighth Circuit that found discovery of opposing counsel a "harassing practice" and "appears to be an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process."  Id. (quoting Shelton v. American Motors Corp., 805 F.2d 1323, 1330 (8th Cir. 1986).  Under Federal Rule of Civil Procedure 45(c)(1), "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden . . . on a person subject to the subpoena."  Requiring Mr. Gottlieb to produce documents that his client is refusing to produce based on legal grounds would be an undue burden on Mr. Gottlieb and potentially damaging to the attorney-client relationship.  Furthermore, such an act is oppressive and designed to harass Mr. Lohman.

This type of oppressive, harassing behavior has been a hallmark of CWW's entire handling of this matter.  As a prime example, during the hearing CWW requested the right to garnish fees being paid to counsel for the Receivers in an action filed outside this district.  Not only was there no legal basis for such action, but it demonstrated that CWW will make every

effort to harass not only the Respondents in this matter, but attempt to deprive them of counsel through these tactics.

Finally, while Mr. Lohman disputes that CWW is entitled to this information, Mr. Lohman wishes to clarify what documents are in possession of his counsel. Offit Kurman returned all documents in its possession prior to production of the privilege log and the redacted legal invoices, except for the unredacted legal invoices. Furthermore, attorneys from Offit Kurman have reviewed the documents identified in the privilege log since that date in another attorney's office outside of this district. As such, the only documents under Mr. Gottlieb's custody or control are the unredacted legal invoices. To the extent CWW's footnote 1 is an implication that Mr. Gottlieb must have gained possession of the documents to review them, this fact is firmly disputed and simply inaccurate.

### C. Mr. Lohman Maintains His Position That Discovery Should Not Have Ever Been Permitted And Nothing In This Brief Should Constitute A Waiver Of Previous Arguments.

Mr. Lohman has already addressed, in many prior filings, why discovery is inappropriate in this case. Specifically, discovery, of any sort, including the deposition of Mr. Lohman is not appropriate because:

(1)   this Court continues to lack personal jurisdiction over Mr. Lohman;

(2)   the nature of the discovery sought is improper and outside of the proper scope of inquiry established by the United States Court of Appeals for the Third Circuit in this matter;

(3)   Mr. Lohman is entitled to common-law sovereign immunity as legal counsel for the court-appointed Liberian Receivers and Commissioners of Insurance; and

(4)   In most likelihood, production of the documents to this Court would result in production to CWW and to ACE Limited, and such a result would violate Mr. Lohman's obligations under United States, Swiss, and other foreign law.

Mr. Lohman will not restate those previously made arguments, but nothing in this Brief should be considered a waiver of the arguments previously made.

## III. CONCLUSION

For the foregoing reasons, CWW's Motion should be denied and this Court, after the final determination by the State Department is issued, hold a hearing on the ultimate issue of whether Mr. Lohman should be held in contempt for violation of the anti-suit injunction.

Dated: October 12, 2011

                                          Respectfully submitted,

                                          /s/ Mark E. Gottlieb
                                          Mark E. Gottlieb, Esquire
                                          William H. Pillsbury, Esquire
                                          OFFIT KURMAN, P.A.
                                          1801 Market Street
                                          Suite 2300
                                          Philadelphia, PA  19103
                                          267-338-1321
                                          267-338-1335 (facsimile)

                                          *Attorneys for Non-Party*
                                          *Samuel M. Lohman, Esquire*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Non-Party Respondent Samuel M. Lohman, Esquire's Brief in Opposition to Defendant Cigna Worldwide Insurance Company's Motion for Relief Regarding Lohman's Failure to Comply with the Court's August 19, 2011 Order was filed electronically, which constitutes service on all parties, and e-mailed on this date to:

> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA  19103
>
> Donald W. Hawthorne, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY  10022
>
> Henry F. Reichner, Esquire
> REED SMITH LLP
> 500 One Liberty Place
> 1650 Market Street
> Philadelphia, PA  19103-7301

Dated: October 12, 2011

> Respectfully submitted,
>
> /s/ Mark E. Gottlieb
> Mark E. Gottlieb, Esquire
> OFFIT KURMAN, P.A.
> 1801 Market Street
> Suite 2300
> Philadelphia, PA  19103
> 267-338-1321
> 267-338-1335 (facsimile)
>
> *Attorneys for Non-Party*
> *Samuel M. Lohman, Esquire*