

WILMINGTON

Attorneys At Law

*Mark E. Gottlieb, Esquire*
*(267) 338-1318 (direct dial)*
*(267) 338-1335 (facsimile)*
*mgottlieb@offitkurman.com*

October 18, 2011

<u>*Via Electronic Court Filing*</u>

The Honorable Paul S. Diamond
United States District Court for the
Eastern District of Pennsylvania
U.S. Courthouse, Room 6613
601 Market Street
Philadelphia, PA 19106

      Re:   *The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co.*, No. 91-6785

Dear Judge Diamond:

      I am writing in response to Donald Hawthorne's letter to Your Honor dated October 14, 2011. While this letter asserts to be a Reply on behalf of Defendant CIGNA Worldwide Insurance Company ("CWW") in response to my client, Non-party Respondent Samuel M. Lohman's Brief in Opposition to CWW's Motion for Relief, in this letter CWW is now seeking additional relief, specifically my deposition. In addition, CWW makes several baseless attacks against myself. As such, I felt that I must respond on behalf of my firm and myself, as well as Mr. Lohman.

      CWW is now contending that my office's returning files belonging to Mr. Lohman reviewed for the limited purpose of preparing a privilege log constitutes "aiding and abetting his client's contempt". This argument is completely baseless. The documents were all identified as privileged and returned prior to any order requiring their production to Your Honor or CWW. More to the point, the documents never were the property of Offit Kurman and Offit Kurman had no right of possession, outside of a retaining lien to provide security for costs and fees. See, e.g. Novinger v. E. I. Du Pont de Nemours & Co., 809 F.2d 212, 218 (3d Cir. 1987) (describing Pennsylvania common law retaining lien). Simply put, Offit Kurman had no reason nor basis to refuse to return the documents. This Court should reject the implication by CWW that the return of the documents constitutes an "aiding and abetting" of Mr. Lohman's alleged contempt.

      CWW's argument essentially requires counsel to refuse to abide by their client's decision under the assumption that documents reviewed for privilege will eventually be ordered to be produced. There is no support whatsoever for this assertion, which explains the utter lack of legal citation by CWW in its "Reply".

Case 2:91-cv-06785-PD Document 286 Filed 10/18/11 Page 2 of 3 | WILMINGTON



**Offit | Kurman**
Attorneys At Law

It is telling that, despite filing a so-called Reply, CWW does not bother to address the legal and factual arguments in Mr. Lohman's Brief in Opposition, but now turns its attacks on counsel for Mr. Lohman. Noticeably absent from CWW's "Reply" is:

- Any discussion of the Notice of Potential Participation by the United States;

- Any explanation of what valid purpose this discovery has in advancing the jurisdictional questions involved in this civil contempt proceeding; or

- Any clarification on why discovery of counsel is appropriate, when the very cases they relied upon in their Motion for Relief made clear that such a request is disfavored.

CWW's "Reply" is a continued example of its abuse of the discovery process in this case. As its "Reply" demonstrates, CWW is not seeking discovery that would address the jurisdictional questions raised in Samantar or by the Department of Justice, but is solely focused on identifying "the ultimate investors in the AJA claims." The Third Circuit, in remanding this matter, was clear that the only discovery that should occur was that necessary to resolve the issues raised by Samantar, in other words limited jurisdictional discovery. Not only is CWW seeking discovery far beyond this limited scope, but has made the remarkable admission that it wants this Court to not address the ultimate civil contempt issue until such time as they have completed CWW's inappropriate discovery.

Mr. Lohman and Offit Kurman also object to the nature of the additional documents being sought along with the deposition. The documents sought are: documents "including, embodying, referring to, or summarizing the privilege log, drafts thereof, or the documents listed therein." In addition, CWW implies that it will want to perform a forensic analysis on Offit Kurman's computers. This material clearly includes documents protected by the attorney-client privilege and the work-product doctrine. In effect, CWW is asking for all communications between Offit Kurman and Mr. Lohman, as well as notes taken by attorneys of Offit Kurman and copies of drafts of documents. CWW is effectively requesting that this Court strip Mr. Lohman of his attorney-client privilege and Offit Kurman of protection for its work-product. Despite this extreme and outrageous request, CWW provides no legal support and acts as if this request is standard.

Page 2 of 3

www.offitkurman.com



WASHINGTON | BALTIMORE | PHILADELPHIA | WILMINGTON

For the reasons discussed above, CWW's newest requested relief, along with its other requests, should be denied. Mr. Lohman again requests that a hearing on the ultimate issue of civil contempt be scheduled following the Department of Justice's final determination and an opportunity for all parties to file briefing related to that final determination.

Respectfully yours,

/s/ Mark E. Gottlieb
Mark E. Gottlieb

MEG/whp

cc:  Donald W. Hawthorne, Esq. (via ECF)
   Richard J. Bortnick, Esq. (via ECF)
   Henry F. Reichner, Esq. (via ECF)