D E B E V O I S E   &   P L I M P T O N   LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

November 9, 2011

BY ELECTRONIC COURT FILING

The Hon. Paul S. Diamond
United States District Court for the
    Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

**The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Insurance Co.
Index No. 91-6785**

Dear Judge Diamond:

        We write on behalf of CIGNA Worldwide Insurance Company ("CWW")
regarding the order of the Liberian court, dated August 18, 2011, submitted to the Court
by counsel for Mr. Lohman on October 20, 2011, and attached hereto as Exhibit A.

        While CWW does not believe that the Liberian court's order raises any new issue,
is entitled to any weight, or indeed has any consequences for this proceeding, it does
suggest questions about what information was presented to the Liberian court in the
proceeding that produced this order.

        In particular, the Liberian court stated that it "t[ook] notice" that the Receiver's
actions "were directed and instructed by the Government of the Republic of Liberia," that
the Republic of Liberia considers this proceeding "incompatible with the internationally
recognized principle of sovereign immunity of officials of a foreign government," and
that "there does not appear to be a basis for the District Court to take personal jurisdiction
over" the Receiver in this action.  Ex. A at ¶¶ (e) & (f).  The order does not explain,
however, how the Liberian court was informed of the views of the Republic of Liberia,
on what basis the Republic of Liberia could claim that sovereign immunity was
implicated where it has conceded that it is not the real party in interest, or the bases for
any of the Liberian court's conclusions as to the propriety or impropriety of the
Receiver's actions or the rulings of this Court.

        On October 26, CWW wrote to Mr. Lohman's counsel requesting that he provide
the motion papers, affidavits, exhibits, documents and evidence that were before the

New York  •  Washington, D.C.  •  London  •  Paris  •  Frankfurt  •  Moscow  •  Hong Kong  •  Shanghai

The Hon. Paul S. Diamond                    2                    November 9, 2011

Liberian court when it was asked to enter the order, including (1) the Receiver's motion (with its affidavit and exhibits); (2) the sheriff's returns of service mentioned in the Liberian court's order, and (3) any submission through which the Liberian court was informed of the views of the Republic of Liberia concerning sovereign immunity.  This letter is attached as Exhibit B.

      Mr. Lohman's counsel responded on November 4, stating that Mr. Lohman had produced the Liberian court's order only because the Liberian court had ordered him to do so and that Mr. Lohman "is under no obligation to produce any further documents" to CWW or to this Court,[1] and refused to provide any of the papers submitted to the Liberian Court.  This letter is attached as Exhibit C.

      CWW is attempting to obtain these documents through the Liberian court system; however, obtaining documents from the Liberian court is a time-consuming and uncertain process.  Accordingly, we respectfully request that the Court order Mr. Lohman to produce the requested documents – which his letter does not deny he has in his possession – to CWW and to the Court.

                             Respectfully submitted,


                             /s/ Donald W. Hawthorne
                             Donald W. Hawthorne

cc:    Henry F. Reichner, Esq.
       Mark E. Gottlieb, Esq.
       Thad J. Bracegirdle, Esq.

---

[1]    Neither Mr. Lohman nor his counsel is a party to the Liberian proceeding, nor, to our knowledge, are they citizens of, resident in, or licensed to practice law in Liberia. Mr. Lohman does not explain why he has sought to obey the Liberian court's order with such alacrity, while disregarding the orders of this Court.

# Exhibit A



### REPUBLIC OF LIBERIA
## MINISTRY OF FOREIGN AFFAIRS
### MONROVIA, LIBERIA

#### (Convention de Haye du 5 Octobre, 1961)

#### APOSTILLE

1. **COUNTRY: REPUBLIC OF LIBERIA**

In pursuant to and in keeping with Chapter 2-0 Section, 20.3 (L) of the New Executive Law of the Republic of Liberia which gives the Ministry of Foreign Affairs the authority to certify Public documents in the custody of the Ministry and to authenticate the signature of Public Officials, this is to certify that the

"COURT'S ORDER IN A MOTION FOR DECLARATORY RELIEF
IN THE MATTTER OF SECTION 5.13 OF THE LIBERIAN INSURANCE LAW
AND
IN THE MATTER OF THE LIBERIAN BRANCH OF CIGNA WORLDWIDE
INSURANCE COMPANY (IN LIQUIDATION)

FODAY L. SESAY )
COMMISSIONER OF INSURANCE OF THE REPUBLIC OF LIBERIA ) MOTION FOR DECLARATORY
..................................................................................MOVANT) RELIEF
....................................................................................................... )
VERSUS )
ABI JAOUDI AND AZAR TRADING CORPORATION, )
MONROVIA, LIBERIA.................................................RESPONDENT )"
Is genuine and authentic.

2. Said document has been notarized by Mary Mamie Howe.

3. Acting in the capacity as NOTARY PUBLIC , MONTSERRADO COUNTY, REPUBLIC OF LIBERIA

4. Bearing the seal/stamps of the NOTARY PUBLIC, MONTSERRADO COUNTY, REPUBLIC OF LIBERIA

5. Attested by CLLR. LLOYD B. KENNEDY

#### ACCORDINGLY CERTIFIED

6. At Monrovia, Montserrado County    7.    October 12, 2011

8. By order of the Minister of Foreign Affairs

9. <u>**NO. CLD/2-5/10/12/2011-190**</u>



_____
CLLR. KRUBO B. KOLLIE
DEPUTY MINISTER/LEGAL COUNSELOR

REPUBLIC OF LIBERIA) IN THE CIVIL LAW COURT, 6TH JUDICIAL CIRCUIT FOR AND IN
MONTSERRADO COUNTY)MONTSERRADO COUNTY, SITTING IN ITS JUNE TERM, 2011

BEFORE HIS HONOUR: YUSUF D. KABA.....RESIDENT CIRCUIT JUDGE

IN THE MATTER OF SECTION 5.13 OF THE LIBERIAN INSURANCE LAW
                        AND
IN THE MATTER OF THE LIBERIAN BRANCH OF CIGNA WORLDWIDE
            INSURANCE COMPANY(IN LIQUIDATION)

FODAY L. SESAY                                    )
COMMISSIONER OF INSURANCE OF
THE REPUBLIC OF LIBERIA.....................MOVANT  )MOTION FOR DECLARATORY RELIEF

        V E R S U S                                )

ABI JAOUDI AND AZAR TRADING                        )
CORPORATION, MONROVIA......RESPONDENT

## COURT'S ORDER

A motion has been made by the Honourable Foday Sesay, Commissioner of Insurance, R.L. and
Movant in the above entitled cause of action, for an order for directions, amending a certain prior order
the Movant as Court-appointed Receiver (the Receiver) over the assets, undertakings and liabilities of
insolvent estate of the Liberian branch of CIGNA Worldwide Insurance Co. (the debtor), pursuant to
section 5.13 of the Insurance Law, Title 16 of the Liberian Code of Law Revised (1972) and such motion
was heard August 18, 2011.

Upon hearing the motion for declaratory relief filed along with its supporting affidavit and exhibits
and upon hearing the submission of the counsel for the movant/receiver, no one appearing for the
proven creditors of the Liberian estate of the debtor company.(namely: the Abi Jaoudi and Azar Trading
corp. and some twenty two other creditors sometimes referred to collectively as "Elegant Inc. and 21
others or as the G-22)

And upon service per sheriff's returns on Abi Jaoudi and Azar Trading Corp. and the G-22:

a. This court orders that the notice of motion and its supporting affidavit were duly and timely
   served on Abi Jaoudi and Azar Trading corp. and the G-22. The hearing of this motion is properly
   returnable today.
b. This Court takes notice of movant's proposed reduction of the quantum of liabilities of the
   estate of the Debtor as provided in the Order Fixing Liabilities of this Court dated August 22,
   2007, by the value of liability evidenced by that certain judgment of this Court dated October 4,
   2000, in favor of the Abi Jaoudi and Azar Trading Corp. as against CIGNA Worldwide Insurance
   Company (AJA judgment) including all interest accrued thereon, in the aggregate amount of
   US$108,956,173.00 (the AJA Claim Value) as advanced by the Movant's predecessor as Receiver,
   Mr. Josie Senesie, in that certain indemnity enforcement action pending before the Grand Court
   of Cayman Islands known as CIGNA Worldwide Insurance Company (by and thru its Court-
   appointed Receiver, Foday Sesay and in respect of the assets, undertakings and affairs of its
   licensed Liberian Branch and Business)v. ACE Limited (cause No.329 of 2008 (the Cayman
   Action) for indemnification by ACE Limited of the proven liabilities arising from some twenty
   three property and casualty insurance claims that are supported by two separate judgments of
   this court against CIGNA Worldwide Insurance Company (CWW) and
c. As movant has sought to amend the pleadings in the Cayman Action to reflect the reduction of
   the quantum of liabilities as aforesaid,
d. This Court orders and directs that such course of action does not require the sanction of this
   court but for the sake of clarity and completeness, and for the avoidance of all doubts, ORDERS
   AND DECLARES that such course of action is hereby approved and ratified by this Court, and

e. This Court further Orders and Directs that Movant's discharge of counsel, Reed Smith LLP, in the
   U.S. District Court of Pennsylvania and decision not to participate further in the civil contempt
   proceedings pending before the District Court in the action known as The Abi Jaoudi and Azar
   Trading Corp. v. CIGNA Worldwide Insurance Co. civil actionNo. 91-6785, commenced by CWW

against Mr. Josie Senesie, then Commissioner of Insurance of Liberia, as the then Receiver of estate CWW's former Liberian branch and Mr. Samuel Lohman, as a member of movant's legal Team and as an attorney, for allegedly aiding and abetting the Abi Jaoudi and Azar Trading Corp. In the enforcement of the judgment of this court establishing the AJA Claim Value before the Grand Court of Cayman Islands is proper course of action and does not require the sanction of this court but for the sake of clarity and completeness, and for the avoidance of all doubts, is hereby approved and ratified by this court.

f.   This Court also takes notice of the fact that the foregoing actions and decisions of Movant to decline to attorn to jurisdiction of the District Court were directed and instructed by the Government of the Republic of Liberia in response to threat of an order of contempt being made against Movant by the District Court under circumstances where such action was considered by the Republic of Liberia to be incompatible with the internationally recognized principle of sovereign immunity of officials of a foreign government and where there does not Appear to be a basis for the District Court to take personal jurisdiction over Movant, and

g.   This Court further orders and directs that a copy of this order should be provided to the District Court, and

h.   This Court further orders and declares that Movant is not required to seek the prior approval and or subsequent ratification of any course of action taken in the above captioned proceedings or in any proceedings in other for a designed to further and protect the interest of the Receivership, and

i.   This Court further orders and declares that the Movant's proposed form of undertakings to the Grand Court of the Cayman Islands in the Cayman Action to reduce the quantum of liabilities advanced therein by the amount of the AJA Claim Value; amend the Statement of Claim in such Action for the purpose of removing the grounds for the contempt Proceedings against the former Movant, Mr. Josie Senesie and Mr. Lohman in the District Court, and not to pursue any further action or proceedings arising from the AJA Judgment against ACE Limited in the Grand Court of the Cayman Islands or in any other court or tribunal anywhere in the world, is proper and hereby approved and ratified, and

j.   This Court further orders that the Order of this Court dated August 22, 2007 fixing the aggregate value of the liabilities of the insolvent estate of the Liberian branch and business of CWW be hereby amended so as to reflect the reduction thereof by the amount of the AJA Claim Value, and to reflect the aggregate value of the liabilities of the Liberian estate of the Debtor as of the 2nd day of August, A.D. 2011 in the amount of US$40,073,211.95, plus interest accruing at six per cent per annum from that date. And it is hereby so ordered.

Given under my hand and seal of court
This _18th_ day of August, A.D. 2011.

HIS HONOR PETER W. GBENEWLEH
ASSIGNED CIRCUIT COURT JUDGE
CIVIL LAW COURT, 6TH JUDICIAL CIRCUIT
COURT FOR MONTSERRADO COUNTY
REPUBLIC OF LIBERIA



*Republic of Liberia*                     *Office of the Notary Public*

*Monntserrado County*                   *Monrovia, Liberia*

# NOTARY CERTIFICATE

*Personally Appeared Before Me in My Office within the City of Monrovia, Montserrado County, Republic of Liberia this* 12TH *day of* OCTOBER *, A. D. 20$^{11}$ duly qualified Notary Public for and in the County of Montserrado and in the Republic Aforesaid the Parties to the attached documents:-*

"AFFIDAVIT OF FODAY L. SESAY, COMMISSIONER OF INSURANCE OF THE REPUBLIC OF LIBERIA, WITH OFFICES AT THE BUREAU OF INSURANCE, MINISTRY OF TRANSPORT, BROAD & MECHLIN STREETS, CITY OF MONROVIA, REPUBLIC OF LIBERRIA"

*and did in my presence and in the presence of each other execute and signed their genuine signatures on the said Instruments (s) to be the person (s) they represent and that the same was made in my presence and declared by each of them to be their voluntary acts and in their own hand writing.*

*Therefore I Mary Mamie Howe, Notary Public aforesaid, have attached my Official Signature Notary Seal to avail when and where Necessary.*

*I have affixed my genuine Signature attesting to this transaction by the power vested in me this* 12TH *day of* OCTOBER *, A. D. 20* 11

**MARY MAMIE HOWE**
PROCESSED BY MARY LLOYD B. KENNEDY
OF KENNEDY LAW FIRM
NOTARY PUBLIC, MONTSERRADO COUNTY. R.L.
$2.50 REVENUE STAMPS AFFIXED ON THE ORIGINAL.

# Exhibit B

D E B E V O I S E   &   P L I M P T O N   LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

October 26, 2011

BY E-MAIL

Mark E. Gottlieb, Esq.
Offit Kurman, P.A.
1801 Market Street
Suite 2300
Philadelphia, PA 19103

**The Abi Jaoudi & Azar Trading Corp. v. CIGNA Worldwide Insurance Co.**
**Index No. 91-6785**

Dear Mr. Gottlieb:

I write in response to your Notice of October 20, 2011, which attached the August 18, 2011 order of the Liberian court.

The Liberian court's order refers to – and apparently relies on – motion papers and other documents submitted by the Receiver (and perhaps others), that CWW was not served with and has not seen, and which you did not produce (to our knowledge) to Judge Diamond. We request that you produce to CWW all motion papers, affidavits, exhibits, documents and evidence that were before the Liberian court when it was asked to enter the order, including (1) the Receiver's motion (with its affidavit and exhibits); (2) the sheriff's returns of service mentioned in the Liberian court's order, and (3) any submission through which the Liberian court was informed of the views of the Republic of Liberia concerning sovereign immunity.

The Liberian Court's order also appears not to have been provided to CWW or the District Court until more than 60 days after it was entered in Liberia. As Mr. Lohman's counsel, you did not mention this order or the Receiver's motion during your appearance before Judge Diamond on August 19, 2011 or in Mr. Lohman's many letters and submissions to the Court since that date. We request an explanation for the delay of over two months in bringing this order and the Receiver's motion to the attention of the District Court

A response is requested by November 3, 2011.

Best regards,

Matthew S. Hackell

Matthew S. Hackell

New York  •  Washington, D.C.  •  London  •  Paris  •  Frankfurt  •  Moscow  •  Hong Kong  •  Shanghai

# Exhibit C



Attorneys At Law

Mark E. Gottlieb, Esquire
267-338-1318 (Direct Dial)
267-338-1335 (Facsimile)
mgottlieb@offitkurman.com

November 4, 2011

*Via E-Mail*

Matthew S. Hackell, Esquire
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

        Re:   *The Abi Jaoudi & Azar Trading Corp. v. CIGNA Worldwide Ins. Co.,*
              **No. 91-6785**

Dear Mr. Hackell:

    This letter is in response to your October 26, 2011 letter. The documents you request are public records in Liberia and you are welcome to obtain those documents. The order was provided to Judge Diamond because, as you are well aware, it was ordered to be produced to Judge Diamond by the Liberian Court. We are under no obligation to produce any further documents from the Liberian Court to you or to the Eastern District of Pennsylvania.

    As for the "delay of over two months", as you can see from the order that was produced, the order was not notarized until October 12, 2011. As such, it was not a final, apostilled order until that date. We filed the Notice and Order soon after receipt of the apostilled copy. In the future, we would request that you avoid implications of impropriety, especially if you have not taken the time to actually read the material filed.

                      Very truly yours,

                      Mark E. Gottlieb