UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., )<br>)<br>Plaintiff, )<br>)<br>-against- )<br>)<br>CIGNA WORLDWIDE INS. CO., )<br>)<br>Defendant. )<br>)<br>_____ ) | Civil Action No. 91-6785 |

**MOTION OF NON-PARTIES ECHEMUS AND JAMES LITTLE**
**FOR A PROTECTIVE ORDER**

Non-parties Echemus Group L.P., Echemus Investment Management Ltd., and EF (US) LLC (together, "Echemus"), and James Little ("Little") hereby move for a protective order quashing Defendant Cigna Worldwide Insurance Company's ("CWW") discovery requests in this matter. Those requests should be quashed for substantially the same reasons set forth in Echemus and Little's Response to CWW's Amended Emergency Motion for Contempt (Doc. No. __) ("Response").[1]

CWW has propounded various discovery requests in service of its Amended Emergency Motion for Contempt (Doc. No. 307) ("Amended Motion"). On April 6, 2012, CWW purported to serve (but did not actually serve) Mr. Little with two Rule 45 document subpoenas, one directed to one of the Echemus entities and the second directed to Little. *See* Exhs. A & B.[2]

---

[1] We incorporate the definition of capitalized terms in the Response. As in the Response, Echemus and Little appear specially to object to CWW's continued disregard of their right not to be subject to personal jurisdiction in this Court. In filing this motion, Echemus and Little maintain their objection to any attempt to exercise personal jurisdiction over them in this Court.

[2] The document subpoenas were directed to "The Echemus Fund," "Echemus Investment Management Limited," and "Echemus Investment Management Limited Corporation." Neither the first nor the third entity exists.

These document subpoenas requested documents related to any investment by Echemus in the Abi Jauodi Judgment. CWW also separately served a Rule 45 deposition subpoena on Mr. Little, seeking to obtain testimony on these issues. On May 7, 2012, Echemus and Little served objections to those requests pursuant to Rule 45(c). *See* Exh. C. In addition to jurisdictional and service objections, Echemus and Little explained that they had no responsive information because neither of them had made any investment in the Abi Jaoudi Judgment.

Without following up on these subpoenas, and without any response to Echemus and Little's Rule 45(c) objections, CWW filed its Amended Motion on May 10, 2012. Mr. Little agreed to accept service of the Amended Motion through counsel on May 17, 2012. When CWW formally served the Amended Motion on Little's counsel pursuant to that agreement, it without warning added new document requests, interrogatories, and a deposition notice to Mr. Little. *See* Exhs. D - F.[3] These new discovery requests, unlike the Rule 45 subpoenas, broadly sought information regarding Echemus's activities – not limited to the Abi Jauodi Judgment.[4]

CWW's various discovery requests should be quashed principally for the reasons set forth in Echemus and Little's Response to CWW's Amended Motion. As explained in the Response, CWW's assertion that Echemus and Little aided and abetted a violation of this Court's Anti-Suit Injunction is not only factually unsupported but affirmatively misleading. Echemus did not provide funding to pursue the Abi Jaoudi Judgment and did absolutely nothing to run afoul of this Court's prior orders. CWW should not be entitled to seek burdensome and harassing discovery based on CWW's wholly unfounded accusation of contempt.

---

[3] Mr. Little has not agreed to accept service of these document requests. Indeed, CWW did not disclose its intent to propound these discovery requests when it sought Mr. Little's agreement to accept service of the Amended Motion.

[4] CWW did not send Echemus's counsel any new discovery requests directed to Echemus. To the extent CWW has purported to propound such discovery, the instant motion should be deemed to encompass those discovery requests as well.

Moreover, CWW's discovery requests are improper.  First, neither Echemus nor Mr. Little has ever been properly served with the discovery requests (with the exception of the Rule 45 deposition subpoena to Mr. Little, which Mr. Little acknowledges having received through personal service).  Second, as set forth in their Response, Mr. Little and Echemus are not subject to personal jurisdiction in the United States District Court for the Eastern District of Pennsylvania.  Third, Echemus and Little have already provided a sworn declaration and supporting documentation proving they did not invest in or otherwise seek to assist in the enforcement of the Abi Jaoudi Judgment.  Any further discovery – and certainly discovery as broad and overreaching as what CWW seeks – is irrelevant to and beyond the scope of this contempt proceeding, and could be detrimental to the business interests of Echemus.  Rather than repeat all of these arguments here, we simply incorporate by reference Echemus and Little's Rule 45(c) objections.  *See* Exh. C.

For the foregoing reasons, the Court should grant Echemus and Mr. Little's motion for protective order and quash the outstanding discovery requests directed to them.

| | |
|---|---|
| June 8, 2012 | Respectfully submitted, |
| | |
| | /s/ _____ |
| Of counsel: | Joseph A. Tate |
| | DECHERT LLP |
| Mark C. Hansen | Cira Centre |
| Derek T. Ho | 2929 Arch Street |
| Leo R. Tsao | Philadelphia, PA 19104-2808 |
| Daniel G. Bird | Tel.:  (215) 994-2350 |
| KELLOGG, HUBER, HANSEN, TODD, | Fax:  (215) 655-2350 |
|    EVANS & FIGEL, P.L.L.C. | |
| 1615 M Street, NW, Suite 400 | |
| Washington, DC 20036 | |
| Tel.:  (202) 326-7900 | |
| Fax:  (202) 326-7999 | |
| | *Counsel for Non-Party Respondents Echemus Group L.P., Echemus Investment Management Ltd., EF (US) LLC, and James Little* |

4

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this the 8th day of June 2012, a copy of the foregoing MOTION OF NON-PARTIES ECHEMUS AND JAMES LITTLE FOR A PROTECTIVE ORDER, along with the exhibits thereto, have been sent via ECF notification and/or e-mail to the following:

_/s/_ _____