# Exhibit B

## Issued by the
## United States District Court
## For The Eastern District Of Pennsylvania

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., <br><br> Plaintiff, <br><br> v. <br><br> CIGNA WORLDWIDE INSURANCE CO. <br><br> Defendant. | SUBPOENA IN A CIVIL CASE <br><br> Civil Action No. 91-6785 |

TO:   Mr. James Little
      316 Wyndhurst Ave, Baltimore, MD 21210

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  Please see Schedule A, appended hereto.

| PLACE   Cozen O'Connor, Richard J. Bortnick, Esquire, 1900 Market Street, Philadelphia, PA 19103 | DATE AND TIME <br> 4/19/2012 5:00 p.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | |
|---|---|
| | DATE AND TIME |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) <br> *Richard Bortnick* Attorney for Defendant | DATE <br> March 29, 2012 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Richard J. Bortnick, Esquire, Cozen O'Connor
1900 Market Street, Philadelphia, PA  19103         (215) 665-2000

## PROOF OF SERVICE

| SERVED | DATE 6 April 2012 | PLACE 316 Wyndhurst Ave., Baltimore, Md |
|---|---|---|
| SERVED ON (PRINT NAME) Mr. James Little | | MANNER OF SERVICE Personal Service |
| SERVED BY (PRINT NAME) Frank Crumbley | | TITLE: Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE 6 April 2012

SIGNATURE OF SERVER

ADDRESS OF SERVER

7245 Hanover Parkway, Suite C, Greenbelt, Maryland 20770

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(b) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all the designated materials or of the premises. If objection is made, the party servicing the subpoena may, upon notice to the person commanded to produce, more at any time for any order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena

i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of any unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance to production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

<u>Schedule A</u>

<u>DEFINITIONS & INSTRUCTIONS</u>

1. "Echemus" means any of the following entities: the Echemus Fund, Echemus Investment Management Limited, or Echemus Investment Management Limited Corporation, including without limitation any director, officer, employee or any other Person acting as an agent of the foregoing entities, as well as any parent companies, subsidiaries, affiliates, and predecessors.

2. "CWW" means CIGNA Worldwide Insurance Company.

3. "Concerning" means relating to, referring to, reflecting, describing, evidencing, constituting, alluding to, germane to, mentioning, analyzing, setting forth, summarizing, characterizing, directly or indirectly, expressly or implicitly, in whole or in part, the subject matter of the Request.

4. "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular means all originals, drafts, copies (if the originals are not available), and non-identical copies (whether different from the original because of underlining, editing, marks, notes made on or attached to such copy, or otherwise) of the following items, whether printed, handwritten, in electronic form, or recorded (through any mechanical or electronic sound, video, photographic, digital or computer recording system, or otherwise):  correspondence, memoranda, inter-office communications, e-mail messages, summaries of personal conversations or interviews, minutes or records or notes of telephone calls, meetings or conferences, telephone call logs, date books, calendars, expense logs, opinions or reports of consultants, projections,

financial or statistical statements or compilations, contracts, agreements, publications, articles, books, pamphlets, notes, reports, studies, logs, surveys, diaries, calendars, tape recordings, maps, charts, pictures, photographs, films, notebooks, drawings, plans, and any other writing of whatever description including any information contained in any computer although not yet printed out.

5.  "Liberian Judgment" means the judgment entered October 4, 2000, in favor of The Abi Jaoudi and Azar Trading Corp. ("AJA") by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia.

6.  "Person" means any natural person or any legal entity, including, without limitation any business or governmental entity or association.

7.  Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request more inclusive; the word "all" means "any and all" and the word "any" means "any and all."

8.  If any Documents, or parts of Documents, called for herein are withheld under a claim of privilege or work product, a list shall be furnished setting forth as to each such document the following information: (<u>a</u>) the nature of the document, e.g., letter, memorandum, telegram, etc.; (<u>b</u>) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (<u>c</u>) the date of the document; (<u>d</u>) a description of the

subject matter of the document; and (e) a statement of the basis upon which the privilege or work product claim is made.

9. Responsive Documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the enumerated requests set forth below.  If with respect to any category there are no responsive documents, so state in writing.

10. If you, after investigation, determine that you have no Documents satisfying a request, your statement that you have no such Documents constitutes a representation that you have conducted a search for the Documents and represent that you have no Documents that comply.

11. If any Documents, or parts of Documents, called for by this request have been destroyed, discarded, or otherwise disposed of, a list shall be furnished setting forth as to each document the following information:  (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

12. Unless otherwise stated, each Request constitutes a request for all responsive documents generated after January 1, 2003 (the "Relevant Period").

REQUESTS FOR DOCUMENTS TO BE PRODUCED

1. Documents sufficient to show the nature and extent of Echemus's, or any other Person's, interest (whether direct or indirect) in the Liberian Judgment and any entitlement to recoveries thereon during the Relevant Period. For the avoidance of doubt, this request seeks, without limitation, documents sufficient to show whether you or Echemus have (or during the Relevant Period had) (i) any ownership or other interest, legal or equitable and direct or indirect, in the Liberian Judgment; and (ii) any actual or conditional right to receive any portion of any recovery arising from or relating to the Liberian Judgment, whether directly or indirectly.

2. Documents sufficient to show the nature and extent of Echemus's, or any other Person's, interest (whether direct or indirect) in CC International Limited ("CCI") during the Relevant Period. For the avoidance of doubt, this request seeks, without limitation, documents sufficient to show whether you or Echemus have (or during the Relevant Period had) (i) any ownership or other interest, legal or equitable and direct or indirect, in CCI; and (ii) any actual or conditional right to receive any portion of any funds held or received by CCI, whether directly or indirectly.

3. Documents sufficient to show the nature and extent of Echemus's or any other Person's funding (whether direct or indirect) of any efforts to enforce the Liberian Judgment during the Relevant Period. For the avoidance of doubt, this request seeks, without limitation, documents sufficient to show whether you or Echemus provided funds

4

or otherwise made funds available, during the Relevant Period, to Josie Senesie or Foday Sesay in their capacity as receiver for the Liberian "branch" of CWW (the "Liberian Receiver"), or to any other Person (including CCI) for the purposes of making such funds available to the Liberian Receiver or of supporting any Person's effort to enforce the Liberian Judgment.

4. All Documents reflecting, describing or relating to any agreement entered into between Echemus and CCI, or between or among any Persons relating to any investment by Echemus relating to the Liberian Judgment and/or any entitlement to recoveries thereon.

5. All Documents created or sent by You, Echemus, or by any Person on behalf of You or Echemus, describing or relating to any investment made by Echemus in CCI or to the Liberian Judgment and/or any entitlement to recoveries thereon.

6. Any prospectuses, summaries of claims, or other document describing the business of Echemus and/or the claims in which Echemus had invested, or intended, planned or proposed to invest, whether prepared by Echemus or by any Person acting on behalf or for the benefit of Echemus, in connection with any discussions or communications with individual or institutional investors concerning the possibility of investing in Echemus or in any fund or entity with an interest in any recovery arising from or relating to the Liberian Judgment.

7. Any PowerPoint presentation prepared by Echemus, or any Person acting on behalf or for the benefit of Echemus, in connection with any discussions or communications with individual or institutional investors concerning the possibility of

their investing in Echemus or in any fund or entity with an interest in any recovery arising from or relating to the Liberian Judgment.

8. Any scripts or outlines prepared by Echemus, or by any Person acting on behalf or for the benefit of Echemus, in connection with any discussions or communications with individual or institutional investors concerning the possibility of their investing in Echemus or in any fund or entity with an interest in any recovery arising from or relating to the Liberian Judgment.

9. Documents sufficient to identify all Persons who have, or during the Relevant Period had, any investment or interest in Echemus or any actual or conditional entitlement to receive, directly or indirectly, any portion of any recovery received by Echemus arising from or relating to the Liberian Judgment.