# Exhibit C

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

SUMNER SQUARE
1615 M STREET, N.W.
SUITE 400
WASHINGTON, D.C. 20036-3215
───
(202) 326-7900

FACSIMILE:
(202) 326-7999

May 7, 2012

*Via Electronic Mail*

Richard J. Bortnick, Esq.
Cozen O'Connor
1900 Market Street
Philadelphia, PA  19103

    Re:    *The Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Insurance Co.*, E.D. Pa., No. 91-6785

Dear Richard:

    I write pursuant to Rule 45(c) to provide written objections on behalf of Echemus Investment Management Limited ("Echemus") and James Little in his capacity as director thereof, to the document subpoena you issued to Echemus and the deposition subpoena you issued to Mr. Little in the above-referenced matter.  The subpoenas fail to comply with Federal Rules of Civil Procedure 26 and 45 and are improper in at least four respects:  (1) service of both subpoenas was improper or defective, (2) Mr. Little and Echemus are not subject to personal jurisdiction in the United States District Court for the Eastern District of Pennsylvania, (3) the subpoenas improperly seek the discovery and use of documents beyond the scope of the above-referenced action, and (4) neither Mr. Little nor Echemus has information relevant to the above-referenced matter.  Because service of the subpoenas was improper, Mr. Little and Echemus have no legal obligation to respond to them.  We nevertheless provide these objections to preserve their rights and to forestall any wasteful efforts on your part to attempt to enforce subpoenas that were served improperly.  In light of these objections, we reserve the right to seek all appropriate relief, including costs or other appropriate sanctions, if you proceed with your threatened motion to compel.  We also reiterate our request to meet and confer with you regarding these objections.  Finally, we reserve our right to supplement and amend these objections.

Improper and Defective Service

    Both the document and deposition subpoenas fail to comply with Rule 45.  Rule 45 requires a subpoena that is not served within the district from which it is issued to be served "within 100 miles of the place specified for the deposition [or] production" of documents.  Fed. R. Civ. P. 45(b)(2)(B); *see also id.* 45(c)(3)(A) ("[T]he issuing court must quash or modify a

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Richard J. Bortnick, Esq.
May 7, 2012
Page 2

subpoena that . . . requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person"). The subpoenas to Mr. Little and Echemus were issued from the United States District Court for the Eastern District of Pennsylvania, delivered outside that district to Baltimore, Maryland, and call for compliance more than 100 miles away in Philadelphia, Pennsylvania. The subpoenas therefore are not enforceable under Rule 45. *See Cramer v. Target Corp.*, No. 1:08-CV-1693-OWW-SKO, 2010 WL 1791148, at *2 (E.D. Cal. May 4, 2010) (quashing subpoena that "improperly command[ed] that production take place outside the 100 mile limit"); *Merchant Bank of N.Y. v. Grove Silk Co.*, 11 F.R.D. 439, 440 (M.D. Pa. 1951) (quashing subpoena duces tecum delivered "at a place more than 100 miles distant from" the place of testimony); *see also Legion Ins. Co. v. John Hancock Mut. Life Ins. Co.*, 33 Fed. Appx. 26, 28 (3d Cir. 2002) ("[A] subpoena duces tecum issued by a federal court cannot be served upon a nonparty for the production of documents located outside the geographic boundaries specified in Rule 45.").

Service pursuant to Rule 45 also "requires delivering a copy" of the subpoena "to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b)(1). The subpoena that you issued to Echemus, and that a process server attempted to serve on Mr. Little, was delivered to Mr. Michael Niccolini, who lives near Mr. Little, but who was not in any way authorized to accept service on his behalf and is not an agent of Echemus. Mr. Niccolini is prepared to swear to that fact. Moreover, the deposition subpoena was delivered to Mr. Little without the required attendance and mileage fees. Because neither subpoena complied with these basic requirements of Rule 45, service of the subpoena was doubly defective.

Lack of Personal Jurisdiction

In addition, the subpoenas also are unenforceable because the United States District Court for the Eastern District of Pennsylvania lacks personal jurisdiction over Mr. Little and Echemus. "[T]o satisfy the dictates of the due process clause," a person must have "purposefully directed his conduct toward the forum state or must have purposefully availed himself of the protection of the laws of the forum state." *D&S Screen Fund II v. Ferrari*, 174 F. Supp. 2d 343, 346 (E.D. Pa. 2001) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 471-72 (1985)). Echemus is incorporated in the British Virgin Islands, whose registered office is located at Ellen L. Skelton Building, Road Town, Tortola, British Virgin Islands, West Indies, and whose place of business is located at Third Floor, Fleming House, Road Town, Tortola, British Virgin Islands, West Indies. Since the completion of its funding, Echemus has had no physical presence and conducted no business in the United States. (The document subpoena is also purportedly directed to The Echemus Fund and The Echemus Management Limited Corporation, but no such entities exist.) Mr. Little resides in Maryland and does not conduct business in Pennsylvania. Neither Echemus nor Mr. Little has directed conduct toward, or maintained sufficient minimum

KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL, P.L.L.C.

Richard J. Bortnick, Esq.
May 7, 2012
Page 3

contacts with, Pennsylvania. Nor have they purposefully availed themselves of the privileges or protections of the laws in Pennsylvania. It follows that neither is subject to personal jurisdiction in the Eastern District of Pennsylvania.

Beyond the Scope of Appropriate Discovery In This Action

The subpoenas also are objectionable because they seek documents and information beyond the scope of the above-referenced action. As we understand it from the published opinions in this case, the limited issue before the district court on remand from the Third Circuit is whether common law sovereign immunity extends to the Receiver and Commissioner of Insurance appointed by a Court and by the government of Liberia to pursue a former indemnity enforcement action in the Cayman Islands against a third party, ACE Limited ("ACE"). *See The Abi Jaoudi & Azar Trading Corp. v. Cigna Worldwide Ins. Co.*, 391 Fed. Appx. 173, 178-80 (3d Cir. 2010); Statement of Interest of the United States of America at 1, 15, *The Abi Jaoudi and Azar Trading Corp. v. Cigna Worldwide Ins. Co.*, No. 91-CV-6785 (E.D. Pa. filed Dec. 5, 2011) (explaining the position of the United States regarding the potential immunity from suit of, *inter alia*, the Receiver and Commissioner of Insurance). Discovery was authorized by the Third Circuit only on that limited issue. *See Cigna Worldwide*, 391 Fed. Appx. at 178 (discussing "alternative paths to immunity" and "remand[ing] for further proceedings to allow the parties to address those possible options"). The discovery that Cigna seeks from Mr. Little and Echemus, however, has nothing to do with the sole issue before the District Court.

Indeed, Cigna has made plain that it improperly seeks to use any information obtained in this proceeding for purely collateral purposes. Despite my best efforts to negotiate a reasonable compromise, Cigna has refused Echemus's and Mr. Little's proposal to limit the use of any information it might receive from Echemus or Mr. Little to use *in this proceeding*. Instead, Cigna has insisted on the right to use any information it receives in response to the subpoenas in numerous collateral proceedings, and to provide the information to third parties who are not involved in this proceeding – including ACE, a third party involved in a collateral proceeding in a foreign country. *See* Exh. A. It is apparent from Cigna's position that the subpoenas seek to achieve an improper collateral purpose – namely, to use discovery that goes beyond the scope of this proceeding as a means to bypass discovery in other jurisdictions, and to enlist the United States District Court for the Eastern District of Pennsylvania to compel discovery that Cigna intends to provide to non-parties outside of these proceedings.

Relevance

Finally, neither Mr. Little nor Echemus has relevant documents or information. Even if the above-referenced case eventually moves past issues of sovereign immunity, the case generally concerns enforcement of the so-called "Anti-Suit Injunction" relating to the Liberian

Kellogg, Huber, Hansen, Todd, Evans & Figel, p.l.l.c.

Richard J. Bortnick, Esq.
May 7, 2012
Page 4

Judgment in favor of The Abi Jaoudi and Azar Trading Corporation ("AJA").[1]  We are prepared to submit an affidavit from Mr. Little confirming that Echemus does not have now, and has not ever had, any direct or indirect investment in AJA or the Liberian Judgment.  Such an affidavit would be fully responsive to Cigna's first document request to Echemus, seeking "[d]ocuments sufficient to show" the extent of Echemus's investment in the Liberian Judgment.  And because Echemus has no interest in AJA or the Liberian Judgment, it has no documents responsive to Cigna's other document requests regarding the Liberian Judgment.

      Your suspicions about Echemus's involvement in the pursuit of the Liberian Judgment have no basis in fact.  You have indicated that your belief to the contrary rests on the deposition transcript of Kirk Huddles.  However, as I indicated to you last week, Mr. Huddles testified repeatedly at his deposition that he left Echemus before any investment decisions were made, and he thus does not and cannot possibly have actual knowledge of whether Echemus made any direct or indirect investment in the pursuit of the Liberian Judgment.  *See* Tr. of Dep. of Kirk Huddles 24:15-21; 28:15-17; 48:5-8; 53:23-54:2 (attached hereto as Exh. B).

      To the extent that Cigna's subpoenas purport to seek documents or deposition testimony beyond the Liberian Judgment, which is the only judgment that arguably implicates the Anti-Suit Injunction issued by the district court, such discovery is irrelevant and therefore improper under Rules 26 and 45.

      For the foregoing reasons, the subpoenas issued to Echemus and Mr. Little are improper and unenforceable.

                                    Sincerely,

                                    /s/ Derek T. Ho

                                  Derek T. Ho

---

[1] Capitalized terms are defined herein as they are in the subpoenas.