# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------x
THE ABI JAOUDI AND AZAR TRADING CORP.,  :

       Plaintiff,   :   Civil Action No. 91-6785

  -against-   :

CIGNA WORLDWIDE INSURANCE CO.   :

       Defendant.   :

-------------------------------------------------------------------x

### DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO RESPONDENT JAMES LITTLE

Defendant Cigna Worldwide Insurance Co. ("CWW"), by its undersigned attorneys, hereby request that Respondent James Little ("You") produce for inspection and copying, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, the documents described below, by delivering such documents to the offices of Debevoise & Plimpton LLP, 919 Third Avenue, New York, New York 10022, within thirty (30) days of the date hereof.

### DEFINITIONS & INSTRUCTIONS

1.   "You" and "Your" refers to James Little, and includes any business, corporation, limited liability company, partnership, joint venture, or other legal entity controlled by You or in which You have an ownership interest, including Echemus.

2.   "Echemus" means any of the following entities: Echemus Group L.P., Echemus Investment Management Limited, Echemus International Limited, and EF (USA) LLC, and includes without limitation any director, officer, employee or any other

person acting as an agent of the foregoing entities, as well as any parent companies, subsidiaries, affiliates, and predecessors of any of the foregoing entities.

3. "CCI" means CC International Ltd., a company organized under the laws of St. Kitts & Nevis, with its registered address at Dixcart Management Nevis Limited, P.O. Box 598, Dixcart House, Fort Charles, Charlestown, Nevis, Saint Kitts and Nevis.

4. "Receiver" means Josie Senesie or Foday Sesay, as the case may be, in their capacity as Liberian court-appointed receiver for the "Liberian branch and business" of CWW.

5. "Liberian Judgments" means, inclusively, (i) the judgment entered October 4, 2000, in favor of The Abi Jaoudi and Azar Trading Corp. ("AJA") by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia, and (ii) the judgment entered August 22, 2005, against CWW and in favor of a group of 22 claimants, by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia.

6. "Martin Kenney" refers to Martin S. Kenney, and includes any law firm, business, corporation, limited liability company, partnership, joint venture, or other legal entity controlled by Martin Kenney or in which Martin Kenney has an ownership interest, including without limitation Martin Kenney & Co. Solicitors.

7. The "Included Actions" are:

    (a)    the above-captioned action in the United States District Court for the District of Pennsylvania, captioned *The Abi Jaoudi & Azar Trading Corp. v. CIGNA Worldwide Insurance Co.*, Civil Action No. 91-6785;

    (b)    the action pending in the Grand Court of the Cayman Islands entitled *CIGNA Worldwide Insurance Company (by and through its court appointed receiver, Josie Senesie and in respect of the Assets,*

      *Undertakings and affairs of its licensed Liberian branch and business) against ACE Limited*, FSD Cause No 96 of 2011 (PCJ) (formerly Cause No 329 of 2008);

(c)   the action currently pending in the Court of Chancery of the State of Delaware entitled *CIGNA Worldwide Insurance Co. v. Josie Senesie*, Civil Action No. 4171-VCL; or

(d)   the action in the Civil Law Court, Sixth Judicial Circuit, Montserrado County, Liberia, entitled *In the Matter of Section 5.13 of the Liberian Insurance Law and In the Matter of the Liberian Branch of CIGNA Worldwide Insurance Company (In Liquidation)*.

  8.   "Concerning" means relating to, referring to, reflecting, describing, evidencing, constituting, alluding to, germane to, mentioning, analyzing, setting forth, summarizing, characterizing, directly or indirectly, expressly or implicitly, in whole or in part, the subject matter of the Request.

  9.   "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular means all originals, drafts, copies (if the originals are not available), and non-identical copies (whether different from the original because of underlining, editing, marks, notes made on or attached to such copy, or otherwise) of the following items, whether printed, handwritten, in electronic form, or recorded (through any mechanical or electronic sound, video, photographic, digital or computer recording system, or otherwise): correspondence, memoranda, inter-office communications, e-mail messages, summaries of personal conversations or interviews, minutes or records or notes of telephone calls, meetings or conferences, telephone call logs, date books, calendars, expense logs, opinions or reports of consultants, projections, financial or statistical statements or compilations, contracts, agreements, publications, articles, books, pamphlets, notes, reports, studies, logs, surveys, diaries, calendars, tape

recordings, maps, charts, pictures, photographs, films, notebooks, drawings, plans, and any other writing of whatever description including any information contained in any computer although not yet printed out.

10. "Person" means any natural person or any legal entity, including, without limitation any business or governmental entity or association.

11. Each request shall be construed as being inclusive rather than exclusive. Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request more inclusive; the word "all" means "any and all" and the word "any" means "any and all."

12. If any Documents, or parts of Documents, called for herein are withheld under a claim of privilege or work product, a list shall be furnished setting forth as to each such document the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; and (e) a statement of the basis upon which the privilege or work product claim is made.

13. Responsive Documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the

enumerated requests set forth below. If with respect to any category there are no responsive documents, so state in writing.

14. If You, after investigation, determine that You have no Documents satisfying a request, Your statement that You have no such Documents constitutes a representation that You have conducted a search for the Documents and represent that You have no Documents that comply.

15. If any Documents, or parts of Documents, called for by this request have been destroyed, discarded, or otherwise disposed of, a list shall be furnished setting forth as to each document the following information: (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

16. Unless otherwise stated, each Request constitutes a request for all responsive documents generated after January 1, 2003 (the "Relevant Period").

## REQUESTS FOR DOCUMENTS TO BE PRODUCED

1. All Documents concerning any communication or discussion concerning enforcement of the Liberian Judgments, including without limitation communications or discussions concerning the enforcement (or the possibility of enforcement) of the Liberian Judgments in any jurisdiction outside Liberia.

2. All Documents concerning any plan to collect or recover assets "linked to the Liberian branch" of CWW, including without limitation any "Civil Recovery Plan."

3. All Documents concerning the ownership of, or any other interest in, (a) the Liberian Judgments or (b) the right to receive any proceeds of (or arising from) the Liberian Judgments, including without limitation all Documents concerning any acquisition, sale, transfer or assignment, or potential, contemplated or proposed acquisition, sale, transfer or assignment, of such interest or right.

4. All Documents concerning the ownership or control of, or any other interest in, CCI, including without limitation Documents sufficient to identify all persons who hold (or who at any time during the Relevant Period held) any ordinary or preferred shares of CCI.

5. All Documents concerning the ownership or control of, or any other interest in, St. Cleer LLC, including without limitation Documents sufficient to identify all persons who hold (or who at any time during the Relevant Period held) any of the membership interests of St. Cleer LLC.

6. All Documents reflecting or concerning any agreements (i) between CCI and any of its shareholders, owners or controllers of CCI, or (ii) among any or all of the

shareholders, owners or controllers of CCI, whether entered into during or prior to acquiring an interest in CCI.

7.  All Documents reflecting or concerning any agreements between CCI and St. Cleer LLC.

8.  All Documents concerning any funds provided or otherwise made available during the Relevant Period to (i) CCI or (ii) the Receiver, including Documents sufficient to identify the date, amount and source of each such contribution, transfer or payment, and the person (or persons) who directed or authorized each such contribution, transfer or payment.

9.  All Documents concerning any funds expended during the Relevant Period in connection with or relating to (a) the Liberian Judgments or (b) the Included Actions, including Documents sufficient to identify the date, amount, source and recipient of each such expenditure, and the person (or persons) who directed or authorized each such expenditure.

10.  All Documents concerning any request for payment, including any invoice, received by (i) You, (ii) Martin Kenney, (iii) Echemus, (iv) the Receiver, (v) CCI, or (vi) any other person; from any lawyer, law firm, investigator or other provider of legal, paralegal, clerical or other legal support services, related in any way to (a) the Liberian Judgments or (b) the Included Actions.

11.  All Documents concerning any payment (whether or not related to an invoice) made by (i) You, (ii) Martin Kenney, (iii) Echemus, (iv) the Receiver, (v) CCI, or (vi) any other person; to any lawyer, law firm, investigator or other provider of legal,

paralegal, clerical or other legal support services, related in any way to (a) the Liberian Judgments or (b) the Included Actions.

12. All Documents concerning the nature and extent of Your or Echemus's interest (whether direct or indirect) in CCI during the Relevant Period, including without limitation (i) any ownership, control or other interest, legal or equitable and direct or indirect, in CCI; and (ii) any actual or conditional right to receive any portion of any monies held or received by CCI, whether directly or indirectly.

13. All Documents concerning the nature and extent of Your or Echemus's provision of funding (whether directly or indirectly) to CCI or the Receiver during the Relevant Period, including without limitation, Documents sufficient to show whether You or Echemus provided funds or otherwise made funds available, during the Relevant Period, to CCI or the Receiver, the date, amount and source of each such contribution, transfer or payment, and the person (or persons) who directed or authorized each such contribution, transfer or payment.

14. All Documents concerning any expenditure or disbursement of funds by You or Echemus in connection with or relating to (a) the Liberian Judgments or (b) the Included Actions, including Documents sufficient to identify the date, amount and recipient of each such expenditure, and the person (or persons) who directed or authorized each such expenditure.

15. All Documents concerning the ownership or control of, or any other interest in, Echemus, including without limitation Documents sufficient to identify (i) each general partner, limited partner, partner, shareholder, member or other interest-

holder of any Echemus entity; (ii) each person who during the Relevant Period was a general partner, limited partner, partner, shareholder, member or other interest-holder of any Echemus entity, and (iii) each other person who has, or during the Relevant Period had, any interest, right or entitlement to receive any portion of any monies that may be realized by Echemus.

16. All Documents reflecting or concerning any agreements (i) between Echemus and any general partner, limited partner, partner, shareholder, member or other interest-holder of any Echemus entity, or (ii) among any or all of the general partners, limited partners, partners, shareholders, members or other interest-holders of any Echemus entities, whether entered into during or prior to acquiring an interest in Echemus.

17. All Documents reflecting or concerning any agreements between (i) Echemus and CCI, or (ii) Echemus and any other shareholder, owner or controller of CCI.

18. All Documents concerning or reflecting any communications between or among You, Martin Kenney, John Bagalini and/or any other Person affiliated with, or contracted or retained by, Echemus, concerning the formation of Echemus, any efforts to obtain or attract funding for Echemus and/or any funding obtained for Echemus, including all communications concerning any Echemus Investors or potential Echemus Investors.

19. All Documents concerning or reflecting any communications sent by You, Martin Kenney, John Bagalini or any other Person on behalf of Echemus to any Echemus

Investors and/or potential Echemus Investors, or to any other Person concerning the business, investments and/or performance of Echemus.

20.     All descriptive memoranda prepared during the Relevant Period regarding Echemus, including any investor presentation, prospectus, offering circular, offering memorandum, private placement memorandum, information memorandum, registration statement, or any other document for the offer or sale of securities or other interests in Echemus.

Dated: May 11, 2012
       Philadelphia, Pennsylvania

DEBEVOISE & PLIMPTON LLP

By:     /s/ Donald W. Hawthorne
       Donald Francis Donovan
       Donald W. Hawthorne
COZEN O'CONNOR
       Matthew S. Hackell
       919 Third Avenue
Stephen A. Cozen
       New York, NY  10022
Richard J. Bortnick
       (212) 909-6000
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

*Attorneys for Defendant Cigna Worldwide Insurance Company*