DEBEVOISE & PLIMPTON LLP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
Fax  212 909 6836
www.debevoise.com

July 2, 2012

BY ELECTRONIC COURT FILING

Hon. Paul S. Diamond
United States District Court for the
   Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA  19106

**The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Insurance Co.
Index No. 91-6785**

Dear Judge Diamond:

      On behalf of Cigna Worldwide Insurance Company ("CWW"), we write to address the letter of Echemus[1] and James Little to the Court dated June 26, 2012 *(Doc. 326)*, in which they suggest that the Court should convene a Rule 16 pretrial conference because "issue is joined" in this proceeding.

      1.  Echemus and Little continue to ignore the basic principle that a party that claims lack of jurisdiction must submit to discovery appropriate to test that claim.  *See Federal Ins. Co. v. Richard I. Rubin & Co.*, 12 F.3d 1270 (3d Cir. 1993).  Specifically, Echemus and Little contest personal jurisdiction on the ground that they did not aid and abet the contempt, raising a factual claim that is squarely disputed by the documentary evidence put forward by CWW.  It is a straightforward proposition that CWW is entitled to jurisdictional discovery to resolve this factual dispute.

      It is no answer to CWW's right to discovery to suggest that "issue is joined with regard to whether [Echemus and Little] should be a target of this motion and subject to extensive and burdensome discovery."  It is precisely in order to allow this Court (and the Court of Appeals, if necessary) to determine on a full and fair record whether Echemus and Little, and likewise Kenney, are proper "targets" of the motion for contempt that discovery should go forward.

      The suggestion that this Court should decide the jurisdictional issues raised by Echemus, Little, and Kenney without affording CWW jurisdictional discovery is especially ill-considered given the history of this case.  It can fairly be concluded from

---

[1]   "Echemus" refers collectively to Echemus Group, L.P., Echemus Investment Management Ltd., Echemus International Limited, and EF (USA) LLC.

The Hon. Paul S. Diamond 2 July 2, 2012

the record so far assembled that it was these Respondents who gave the instructions that prompted Senesie, Sesay, and Lohman to defy this Court's earlier discovery orders. It was, after all, an effort to hide the identities of the investors – including Echemus, Little, and Kenney – that led (a) Senesie and Sesay to contest jurisdiction from this Court to the Court of Appeals to the State Department and then back to this Court, but then to default rather than comply with the Court's discovery orders, and (b) Lohman first to agree to provide documents to this Court *in camera* and appear for deposition, and then to renege. CWW's partial success to date in overcoming the obstruction orchestrated by Echemus, Little, and Kenney in no way relieves them of their own responsibility to provide discovery directly now that they have been identified.

2. Needless to say, CWW is prepared to appear before the Court at any time to address any issue. But we respectfully suggest that at this time there is no need for a conference, and that the Court should instead simply grant the motion to compel and deny the motion for a protective order, and then schedule a conference after completion of discovery.

The threshold question at this time is whether CWW is entitled to jurisdictional discovery. Echemus, Little, and Kenney have provided no reason why the Court should not order that discovery now on the terms CWW has requested. The Court has already ordered the Receiver and Lohman to produce discovery that sought the very same information that CWW now seeks from Echemus, Little, and Kenney: the identities of those funding the contemptuous conduct and the scope of their conduct in aiding and abetting the contempt. *See* Order dated May 10, 2011 *(Doc. 239)*; Order dated May 31, 2011 *(Doc. 246)*. In making those orders, the Court has already – repeatedly and decisively – rejected the arguments that Echemus, Little, and Kenney have previously made through their proxies in an attempt to avoid discovery. Those arguments are no more persuasive now, when made directly.

Given these Respondents' professed desire for efficiency, we request the Court to ask them immediately to take one step that would enormously speed matters. As we have advised in our motion papers, there is yet another investor, who provided US$ 2.85 million to CCI. *See* CWW's Reply Memorandum in Further Support of Its Amended Motion for Contempt, at 3 *(Doc. 325)* ("Reply Memorandum"). Little has alluded to, but refused to identify, this investor. *See* Declaration of James Little, dated June 7, 2012 *(Doc. 322)*. These Respondents should promptly identify that individual by letter or email to CWW's counsel, so that he or she can be served and discovery proceed in tandem with discovery of these Respondents, which would avoid unnecessary delay.

3. Once jurisdictional discovery is complete, we expect that this proceeding could be expeditiously brought to a close by consolidating all issues of jurisdiction, liability, and quantum. As Judge Fullam observed earlier, the Respondents' jurisdictional and merits arguments substantially overlap. *See* Tr. at 31, dated Dec. 4, 2008 *(Doc. 193)* ("there probably isn't any defense on the merits. If [Respondents] don't win on

The Hon. Paul S. Diamond 3 July 2, 2012

jurisdiction, they're in trouble"). For that reason, CWW fully hopes and expects that jurisdictional discovery will largely or completely satisfy the need for merits discovery. And given that the quantum of damages will be measured by attorneys' fees and expenses, that aspect of the proceedings should be straightforward.

4. CWW understands Echemus and Little to say by their June 26 letter that CWW should have filed under seal the documents submitted with its Reply Memorandum. CWW is unaware of any reason why these documents should be filed under seal. CWW received these documents from a third-party witness who, to the best of CWW's knowledge, was not subject to any nondisclosure or confidentiality obligation. And Echemus and Little identify no other basis on which the documents might warrant confidential treatment. *See Shingara v. Skiles*, 420 F.3d 301, 306 (3d Cir. 2005) (Issuance of a protective order requires a showing "that disclosure will result in a clearly defined, specific and serious injury").

\*   \*   \*

For the reasons set forth here and in our Reply Memorandum, we respectfully request that the Court grant the motion to compel, deny the motion for a protective order, and order these Respondents immediately to identify the additional investor referred to in Mr. Little's affidavit.

Respectfully submitted,

  /s/ Matthew S. Hackell
Donald Francis Donovan
Matthew S. Hackell

Copy: Henry F. Reichner, Esq.
Mark E. Gottlieb, Esq.
Joseph A. Tate, Esq.
Robert C. Clothier, III, Esq.
Gary M. Miller, Esq.
Derek T. Ho, Esq.
Thad J. Bracegirdle, Esq.
Richard J. Bortnick, Esq.
Donald W. Hawthorne, Esq.