**EXHIBIT A**



&

GRIPPO & ELDEN LLC
111 South Wacker Drive
Chicago, Illinois 60606
(312) 704 7700
FAX:    (312) 558-1195
          (312) 263-7356

To Call Writer Direct
(312) 704-7703
gmiller@grippoelden.com

June 11, 2012

Donald W. Hawthorne
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022

      Re:    *The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co.,*
             *et al.*, Case No. 91-6785

Dear Donald:

      I write regarding the discovery requests Cigna Worldwide Insurance Company ("Cigna") sent to Martin Kenney on May 10, 2012. Mr. Kenney does not believe he is obligated to respond to any discovery requests, for written discovery or depositions, unless and until it is established that the Court may lawfully exercise personal jurisdiction over him and subject-matter jurisdiction over the dispute.

      In the event that jurisdiction is found to exist, Mr. Kenney expects that Cigna will comply with Federal Rules of Civil Procedures regarding discovery against non-parties. As a non-party, Mr. Kenney cannot be compelled to answer interrogatories, nor can he be compelled to produce documents or answer questions at a deposition, without proper service of a subpoena. *See* Fed. R. Civ. P. 30, 33-34 & 45. Furthermore, as a non-party, Mr. Kenney cannot be compelled to travel to Pennsylvania for a deposition. Fed. R. Civ. P. 45(c)(3)(A)(ii). If, as you seem to think, Mr. Kenney is properly considered a party to the dispute, you cannot initiate discovery withhold the parties first holding a Rule 26(f) conference. Fed. R. Civ. P 26(d)(1).

      The requests contain a number of substantive deficiencies as well. The most egregious of those are listed below:

- Privilege: You have expressly requested communications between Mr. Kenney and his clients or persons who have a common interest with Mr. Kenney's clients on topics that relate to Mr. Kenney's representation of his clients (*e.g.*, Document Request Nos. 1-4). Such communications are protected by the attorney-client privilege, as well as a number of applicable foreign privileges and legal protections, including the solicitor-client



&

privilege, the litigation privilege and s. 3 of The Confidential Relationships Act, 1985 (St. Kitts and Nevis).

- Work-Product: You have requested a number of categories of documents that contain Mr. Kenney's work-product. For example, you requested all documents that concern the nature of Mr. Kenney's representation of certain clients, all documents that concern his discussions with various parties related to his representation of the same clients and all documents he exchanged or received in connection with an international arbitration proceeding (*e.g.*, Document Request Nos. 1-4, 12, 13). Many of these documents were prepared in anticipation of litigation. Thus, they are work-product and will not be produced.

- Irrelevant: You have requested many categories of information that are unrelated to the current proceeding, including but not limited to documents related to the G-22, the Delaware state court action and Echemus (*e.g.*, Interrogatory No. 5 & Document Request Nos. 18-25). As you know, the G-22 claims are not subject to the April 2001 anti-enforcement injunction and Echemus did not fund efforts to enforce the Abi Jaoudi Liberian judgment. Indeed, Echemus was not established until after the Cayman Action was stayed and provided funds to CCI only on the condition that they would not be used to enforce the Abi Jaoudi Liberian judgment. As a result, Mr. Kenney will not produce information related to either the G-22, the action against the G-22 in Delaware or Echemus.

- No Possession, Custody or Control. The requests define Mr. Kenney to include any entity in which he has any ownership interest. Please be advised that an ownership interest does not necessarily result in possession, custody or control of documents, and the Federal Rules only require Mr. Kenney to produce documents within his possession, custody or control. Fed. R. Civ. P. 34(a)(1). Accordingly, in the event he is required to respond, Mr. Kenney will only produce documents in his possession, custody or control.

- Overbroad: Given the limited scope of the current proceeding, the volume and nature of the documents you have requested is excessive. For example, you seek "all" documents related to the scope and duration of Mr. Kenney's representation of various third-parties and "all" documents concerning any payments or requests for payments related to Mr. Kenney's representation of various third-parties. In the event Mr. Kenney is required to respond, he will provide documents necessary to establish relevant facts, and nothing more.

- Confidentiality: You have requested information regarding CCI and St. Cleer (*e.g.*, Interrogatory Request Nos. 1-3 & Document Request Nos. 6-10). Disclosure of this information may be prohibited by the business and professional confidentiality laws of



&

Donald W. Hawthorne
June 11, 2012
Page 3

St. Kitts and Nevis, including The Confidential Relationships Act (1985), and, if so, Mr. Kenney will not produce it.

The above objections are not intended to be exhaustive and Mr. Kenney reserves his right to formally respond and object in the event the Court assumes jurisdiction.

Very truly yours,

Gary M. Miller

cc: Derek T. Ho
Mark E. Gottlieb
Robert C. Clothier