**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP.,    ) | |
|    ) | |
| Plaintiff,    ) | |
|    ) | |
| -against-    ) | Civil Action No. 91-6785 |
|    ) | |
| CIGNA WORLDWIDE INS. CO.,    ) | |
|    ) | |
| Defendant.    ) | |
|    ) | |
|    ) | |

**NON-PARTY RESPONDENT JAMES LITTLE'S
EMERGENCY MOTION TO QUASH AND FOR RELATED RELIEF**

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Respondent James

Little ("Mr. Little"), by and through his undersigned attorneys, hereby moves to quash part of a

single request included within Defendant Cigna Worldwide Insurance Co.'s ("CWW") Requests

for the Production of Documents to Respondent James Little ("Requests").  Moreover, Mr. Little

seeks, on an emergency basis, an order deferring the date of his deposition, currently scheduled

for this Friday, August 10, 2012, until this lone document dispute is resolved.  This emergency

relief is necessary because CWW has refused to defer Mr. Little's deposition until the Court's

resolution of the document dispute, and has threatened to take a second deposition of Mr. Little if

the Court rules in its favor after the deposition scheduled for this Friday.

**INTRODUCTION AND SUMMARY**

The document request at issue calls for documents sufficient to identify all investors in

any of the Echemus respondents, including individuals and entities that collectively own EF

(USA), LLC ("EF USA"), which is a minority shareholder in and has no control over the

investment decisions of Echemus Group LP.  The identities of the EF USA investors are wholly

irrelevant to the Court's personal jurisdiction over Mr. Little – the only issue on which this Court has ordered discovery.  CWW's sole justification for seeking this information is that "the ownership and control of Echemus is relevant to determining Mr. Little's responsibility for and involvement in the relevant conduct at issue here."  But Mr. Little has already disclosed – both in his filed declaration and through other documents he produced in response to CWW's Requests – the identity of Echemus Group LP's majority investor.  Moreover, those same documents show that EF USA, the minority investor in Echemus Group LP, does *not* have control over Echemus Group LP's investments.  And Mr. Little himself has no ownership interest in either Echemus Group LP or EF USA.  He is a director of Echemus Investment Management Limited ("EIML"), an affiliate that has no ownership interest in Echemus Group LP.  Thus, the identities of the EF USA investors (investors in a passive minority investor in Echemus Group LP) would shed no light on the extent, if any, of Mr. Little's involvement in the events in question.

Moreover, disclosure of these investors' identities will cause serious, concrete harm to Mr. Little and Echemus.  Mr. Little has a reasonable basis for concern that CWW will use the identities of these investors to damage Echemus's business by subjecting them to harassment or otherwise trying to disrupt Mr. Little's business relationship with these investors.  Mr. Little's livelihood depends on the willingness of these investors to continue to participate in EF USA.  Thus, disclosure of these investors' identities creates a serious risk of irreparable and ruinous financial consequences for Mr. Little.

Mr. Little has made extraordinary efforts to respond in good faith and in an extremely short time frame to the broad requests contained in CWW's Requests.  To date, the identification of the EF USA investors is the only dispute that the parties have not been able to resolve amicably with respect to Mr. Little's document production.  Accordingly, Mr. Little seeks an

order from this Court quashing CWW's overly broad Requests to the extent they seek the identities of these investors.

CWW has also taken the position that Mr. Little's deposition, currently scheduled for Friday, August 10, 2012, should proceed despite the foregoing document dispute.  CWW has indicated that it would seek to re-depose Mr. Little if it succeeds in obtaining the identities of Echemus's passive, minority investors.  To avoid the unreasonable burden of being deposed twice, Mr. Little seeks an emergency order that his deposition date, currently scheduled for this Friday, August 10, 2012, be deferred until after this lone document dispute is resolved.

## **BACKGROUND**

On July 20, 2012, the Court ordered that CWW could "take jurisdictional discovery from Mr. Little" to determine "Mr. Little's involvement, if any, in the efforts to enforce the Liberian judgment."  Order [Dkt. No. 334] at 1-2 (July 20, 2012) ("DN 334").  On July 27, 2012, CWW propounded a set of ten broad requests for production, not including subparts.  *See* Defendant Cigna Worldwide Insurance Co.'s Requests for the Production of Documents to Respondent James Little (July 27, 2012) (attached hereto as Exhibit A).  On August 3, 2012, pursuant to the Court's order, Mr. Little timely filed objections and responses to CWW's Requests and produced more than 3,000 pages of documents in response to the Requests.

Only one request has generated a dispute between CWW and Mr. Little.  That request sought "Documents sufficient to identify all persons (including without limitation any partner, shareholder or member of Echemus) having, at any time from the inception of Echemus to the present, the right to control Echemus, or possessing any ownership interest in Echemus, and the extent of such interest or control."  *Id*. at 6.  "Echemus" is defined to include any of the Echemus respondents, including EF USA.

3

Mr. Little met and conferred with CWW, and in good faith agreed to respond to the request in part.  Specifically, Mr. Little has produced documents to the extent they identify persons having at any time the right to control Echemus Group LP.  Mr. Little has also produced documents that explain the corporate structure of Echemus, including documents that show that EF USA is a passive, minority investor in Echemus Group LP.  Mr. Little objected, however, to the *identification* of the investors in EF USA – passive, minority owners who have never held any right to control Echemus Group LP, and who therefore have never participated in any of Echemus Group LP's investment decisions.  *See* Non-Party Respondent James Little's Objections and Responses to Defendant CIGNA Worldwide Insurance Co.'s Requests for the Production of Documents, Aug. 3, 2012, at 7-8 (attached hereto as Exhibit B).

CWW insisted on production of the identities of the investors in EF USA and took the position that "ownership and control of Echemus is relevant to determining Mr. Little's responsibility for and involvement in the relevant conduct at issue here."  Email from N. Gaglio to D. Ho (Aug. 7, 2012) (attached hereto as Exhibit C).

Pursuant to the Court's July 20 order, CWW is scheduled to depose Mr. Little this Friday, August 10, 2012.  Mr. Little has indicated he is available on that date for a single, seven-hour deposition, consistent with the Federal Rules and the local practice in this Court.  CWW indicated in the parties' meet and confer that it intends to "proceed with the deposition" of Mr. Little on Friday, and it has threatened to seek to re-depose Mr. Little if any documents are produced after this Friday's deposition.  CWW rejected Mr. Little's proposal that the deposition be deferred until after the Court resolves the parties' dispute about the identities of Echemus's passive, minority investors.

# ARGUMENT

## I.    Applicable Law

Pursuant to Fed. R. Civ. P. 45(c)(3)(B)(i), this Court may quash a subpoena if it requires "disclosing a trade secret or other confidential research, development, or commercial information."[1]  Once the target of discovery demonstrates that a request seeks confidential commercial information, "the burden shifts" to the proponent of the request to demonstrate that the information sought is "both relevant and necessary."  *Echostar Communications Corp. v. News Corp. Ltd.*, 180 F.R.D. 391, 394 (D. Colo. 1998) (denying in part motion to compel discovery) (internal quotation marks omitted).  Even if the proponent meets this standard, the court must "balance the need for the disclosure against the injury that would result from that disclosure."  *Id.* (internal quotation marks omitted).  "[E]ven if the information sought is relevant, discovery is not allowed where no need is shown . . . or where the potential harm caused by production outweighs the benefit."  *Mannington Mills, Inc. v. Armstrong World Indus., Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002) (granting motion to quash subpoena).

Pursuant to Fed. R. Civ. P. 26(c)(1)(A), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . forbidding the disclosure or discovery."  "Legitimate interests in privacy are among the proper subjects of this provision's protection."  *Pearson v. Miller*, 211 F.3d 57, 72 (3d Cir. 2000).  "The injury shown . . . need be no more than 'embarrassment'; thus, a party need not establish a monetizable injury."  *Id.* at 73.

---

[1] The Requests purport to treat Mr. Little as a party to this case.  As the Court has recognized, however, Mr. Little is a nonparty to this action, entitled to the full protections of Federal Rule of Civil Procedure 45.  *See* DN 334 at 2.

II.     The Identity of the EF USA Investors Is Confidential Commercial Information That Should Be Protected From Discovery

The identities of the EF USA investors are confidential commercial information, disclosure of which would be extremely damaging to Mr. Little, Echemus and the investors themselves.  As described in Mr. Little's declaration (attached hereto as Exhibit D), Mr. Little's livelihood depends on the willingness of outside investors to invest in Echemus.  *See* Exh. D, ¶¶ 4-6.  These investors are purely passive and have no control or authority over the investment decisions of Echemus Group LP.  *See id.* ¶ 3.  As passive investors in a private corporation, those investors have a strong and legitimate expectation that their identities will remain confidential.

Disclosure of the identities of these investors to CWW will cause serious damage to Echemus's relationship with these investors.  Disclosure not only violates these investors' expectation of privacy; it creates a serious risk that these investors will withdraw their investment from the fund, or refuse to pursue future investments in the fund.  *See id.* ¶ 5.  Mr. Little's livelihood depends critically on these investors' confidence in him, and that confidence depends on his ability to maintain their privacy and avoid any embarrassment to or harassment of them.  *See id.*  If Mr. Little cannot maintain the privacy of these passive, minority investors, his business relationship with them and with potential future investors, and his livelihood itself, will be severely and irreparably damaged.  *See id.* ¶ 6.  Disclosure will also seriously jeopardize Echemus as an ongoing concern.  *See id.*

III.    Discovery of the EF USA Investors' Identities is Not Relevant or Necessary

The identity of the EF USA investors is also irrelevant to the jurisdictional discovery ordered by the Court – namely, "Mr. Little's involvement, if any, in the efforts to enforce the Liberian judgment."  DN 334 at 1-2.  Mr. Little has already produced documents identifying any

individuals who hold, or who have held, the right to control Echemus Group LP since its

inception.  Indeed, Mr. Little's previously filed declaration already disclosed the identity of its

majority investor.  *See* Declaration of James Little [Dkt. No. 322] ¶ 11 (filed June 7, 2012).[2]  But

because Echemus's remaining passive investors have never exercised any control over the

investment decisions of Echemus, their identities have no relevance to the jurisdictional issues

raised in this case.  *Cf. Corbello v. Devito*, No. 2:08-cv-00867-RCJ-PAL, 2010 WL 4703519, at

*8 (D. Nev. Nov. 12, 2010) (granting motion for protective order regarding request for

identification of passive, minority investors in theatrical production).[3]

　　　　CWW has never provided any detailed explanation as to why the identity of Mr. Little's

passive investors would aid the Court's jurisdictional inquiry over Mr. Little.  Rather, Mr. Little

has reason to believe that CWW's true motive is to investigate whether it can seek sanctions

against *other* entities or individuals, however tenuous the connection to the events at issue in

these proceedings.  But jurisdictional discovery "is . . . not an opportunity to identify other

potential defendants and causes of action."  *Synygy, Inc. v. ZS Assocs., Inc.*, Civ. A. No. 07-3536,

2010 WL 4400064, at *3 (E.D. Pa. Nov. 4, 2010).  This Court should not permit CWW to seek

this improper discovery.  "In deciding whether a request comes within the discovery rules, a

court is not required to blind itself to the purpose for which a party seeks information.  Thus,

when the purpose of a discovery request is to gather information for use in proceedings other

---

[2] Mr. Little's declaration further makes clear that he has not conducted any business with
Echemus's investors in Pennsylvania.  *See* Exh. D, ¶ 3.

[3] To avoid any doubt as to the lack of relevance of this discovery, Mr. Little is willing to submit
*in camera* documents identifying the EF USA investors, as well as their residence and principal
place of business, so that the Court can satisfy itself that they are not relevant to minimum
contacts with the Commonwealth.

than the pending suit, discovery properly is denied." *Oppenheimer Fund, Inc. v. Sanders*, 437

U.S. 340, 352 n.17 (1978); *see also Echostar Communications Corp.*, 180 F.R.D. at 396 ("'It is

axiomatic that a party cannot take [discovery] for purposes unrelated to the lawsuit at hand.'"

(citation omitted, alteration in *Echostar*)).   Moreover, there is a serious risk that CWW can use

the identity of EF USA's investors to "annoy[], embarrass[], [and] oppress[]," Fed. R. Civ. P.

26(c)(1)(A), Echemus and Mr. Little by disrupting their business relationship.   The Court should

therefore quash CWW's request under Rule 26 as well as Rule 45.[4]

## **CONCLUSION**

For the reasons discussed above, the Court should quash the Requests to the extent they

call for the identification of the EF USA investors.   Furthermore, Mr. Little requests that the

Court order that CWW may not inquire during his deposition about the identity or activities of

those investors.   Finally, Mr. Little respectfully requests that the Court order, on an emergency

basis, that Mr. Little's deposition not proceed until the Court rules on this motion to quash.

---

[4] Mr. Little and CWW have agreed on a protective order governing confidential discovery materials produced in this case, but that order does not justify disclosure of Echemus's passive, minority investors.  First, CWW's willingness to agree to a protective order does not make the identity of Echemus's investors any more relevant, or any less confidential.  "If the subpoena is unduly burdensome and unreasonable under Rule 45(c)(3), then the party from whom documents are sought is not required to disclose any information, even to the opposing party's attorneys." *Recycled Paper Greetings, Inc. v. Davis*, No. 1:08-MC-13, 2008 WL 440458, at *4 (N.D. Ohio Feb. 13, 2008); *see also R & D Bus. Sys. v. Xerox Corp.*, 152 F.R.D. 195, 198 (D. Colo. 1993) (even if confidentiality order adequately protects producing party's interests, party seeking discovery "must still meet the burden of showing the necessity for the information sought"). Second, the protective order does not provide adequate protection to Echemus from the harm attendant to the disclosure of these investors' identities, which stems in significant part from the use of this information by CWW to inflict damage to Echemus and Mr. Little's business relationship with these individuals.

8

Dated:  August 8, 2012                    Respectfully submitted,


                                          _/s/ Derek T. Ho_____
                                          Joseph A. Tate
                                          DECHERT LLP
                                          Cira Centre
                                          2929 Arch Street
                                          Philadelphia, PA 19104-2808
                                          Tel.:  (215) 994-2350
                                          Fax:  (215) 655-2350

                                          Mark C. Hansen
                                          Derek T. Ho (*pro hac vice*)
                                          Leo R. Tsao
                                          Daniel G. Bird (*pro hac vice*)
                                          KELLOGG, HUBER, HANSEN, TODD,
                                            EVANS & FIGEL, P.L.L.C.
                                          1615 M Street, NW, Suite 400
                                          Washington, DC 20036
                                          Tel.:  (202) 326-7900
                                          Fax:  (202) 326-7999

                                          *Counsel for Non-Party Respondent James Little*

**CERTIFICATE OF SERVICE**

I, Derek T. Ho, declare that I am over the age of 18 years and not a party to this action.  I am a partner at the firm of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.  I represent James Little in the above captioned matter.  I hereby certify that the foregoing Emergency Motion to Quash and For Related Relief was electronically filed on the 8th day of August, 2012, using the CM/ECF system which will be sent electronically to any registered participant as identified on the Notice of Electronic Filing (NEF) system.

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 8th day of August, 2012.


*/s/ Derek T. Ho*
Derek T. Ho

**KELLOGG, HUBER, HANSEN, TODD,
   EVANS & FIGEL, P.L.L.C.**

1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dho@khhte.com

*Attorney for Non-Party Respondent James Little*