# Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

--------------------------------------------------------------------------x

THE ABI JAOUDI AND AZAR TRADING CORP.,      :

       Plaintiff,                :  Civil Action No. 91-6785

     -against-                    :

CIGNA WORLDWIDE INSURANCE CO.       :

       Defendant.              :

--------------------------------------------------------------------------x

**DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**
**TO RESPONDENT JAMES LITTLE**

Defendant Cigna Worldwide Insurance Co. ("CWW"), by its undersigned attorneys, hereby request that Respondent James Little ("You") produce for inspection and copying, pursuant to the Order dated July 20, 2012, a copy of which is annexed hereto as Exhibit A, the documents described below, by delivering such documents to the offices of Cozen O'Connor, 1900 Market Street, Philadelphia, Pennsylvania 19103, to the attention of Richard J. Bortnick, Esq., on or before August 3, 2012.

<u>DEFINITIONS & INSTRUCTIONS</u>

1.     "You" and "Your" refers to James Little, and includes any business, corporation, limited liability company, partnership, joint venture, or other legal entity controlled by You or in which You have an ownership interest, including Echemus.

2.     "Echemus" means any of the following entities: Echemus Group L.P., Echemus Investment Management Limited, Echemus International Limited, and EF (USA) LLC, and includes without limitation any director, officer, employee or any other person acting as an agent of the foregoing entities, as well as any parent companies, subsidiaries, affiliates, and predecessors of any of the foregoing entities.

3.        "CCI" means CC International Ltd., a company organized under the laws of St. Kitts & Nevis, with its registered address at Dixcart Management Nevis Limited, P.O. Box 598, Dixcart House, Fort Charles, Charlestown, Nevis, Saint Kitts and Nevis.

4.        "Receiver" means Josie Senesie or Foday Sesay, as the case may be, in their capacity as Liberian court-appointed receiver for the "Liberian branch and business" of CWW.

5.        "Liberian Judgment" means the judgment entered October 4, 2000, in favor of The Abi Jaoudi and Azar Trading Corp. ("AJA") by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia.

6.        The "Related Actions" are:

(a)        the above-captioned action in the United States District Court for the District of Pennsylvania, captioned *The Abi Jaoudi & Azar Trading Corp. v. CIGNA Worldwide Insurance Co.*, Civil Action No. 91-6785;

(b)        the action dismissed in the Grand Court of the Cayman Islands entitled *CIGNA Worldwide Insurance Company (by and through its court appointed receiver, Josie Senesie and in respect of the Assets, Undertakings and affairs of its licensed Liberian branch and business) against ACE Limited*, FSD Cause No 96 of 2011 (PCJ) (formerly Cause No 329 of 2008);

(c)        the action in the Civil Law Court, Sixth Judicial Circuit, Montserrado County, Liberia, entitled *In the Matter of Section 5.13 of the Liberian Insurance Law and In the Matter of the Liberian Branch of CIGNA Worldwide Insurance Company (In Liquidation)*.

7.        "Anti-Suit Injunction" means the order issued by Judge O'Neill in <u>Younis Bros. & Co. v. CIGNA Worldwide Ins. Co.</u>, 167 F. Supp. 2d 743, 745 (E.D. Pa. 2001), which prohibited, (i) "any actions that conflict with, constitute an attack upon, or seek to nullify this Court's final order dated September 15, 1995, and the judgment entered pursuant thereto," and (ii) "any action to enforce in any jurisdiction the Liberian judgment against defendant [CWW] dated October 4, 2000."

8.        "Concerning" means relating to, referring to, reflecting, describing, evidencing, constituting, alluding to, germane to, mentioning, analyzing, setting forth, summarizing,

characterizing, directly or indirectly, expressly or implicitly, in whole or in part, the subject matter of the Request.

9.     "Document" shall have the full meaning ascribed to it by Rule 34(a) of the Federal Rules of Civil Procedure, and in particular means all originals, drafts, copies (if the originals are not available), and non-identical copies (whether different from the original because of underlining, editing, marks, notes made on or attached to such copy, or otherwise) of the following items, whether printed, handwritten, in electronic form, or recorded (through any mechanical or electronic sound, video, photographic, digital or computer recording system, or otherwise):  correspondence, memoranda, inter-office communications, e-mail messages, summaries of personal conversations or interviews, minutes or records or notes of telephone calls, meetings or conferences, telephone call logs, date books, calendars, expense logs, opinions or reports of consultants, projections, financial or statistical statements or compilations, contracts, agreements, publications, articles, books, pamphlets, notes, reports, studies, logs, surveys, diaries, calendars, tape recordings, maps, charts, pictures, photographs, films, notebooks, drawings, plans, and any other writing of whatever description including any information contained in any computer although not yet printed out.

10.     "Person" means any natural person or any legal entity, including, without limitation any business or governmental entity or association.

11.     Each request shall be construed as being inclusive rather than exclusive.  Thus, words importing the singular shall include the plural; words importing the plural shall include the singular; words importing one gender shall include both genders; the words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Request more inclusive; the word "all" means "any and all" and the word "any" means "any and all."

12.     If any Documents, or parts of Documents, called for herein are withheld under a claim of privilege or work product, a list shall be furnished setting forth as to each such

3

document the following information:  (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; and (e) a statement of the basis upon which the privilege or work product claim is made.

13.    Responsive Documents shall be produced as they have been kept in the ordinary course of business or shall be organized and labeled to correspond with the enumerated requests set forth below.  If with respect to any category there are no responsive Documents, so state in writing.

14.    If You, after investigation, determine that You have no Documents satisfying a request, Your statement that You have no such Documents constitutes a representation that You have conducted a search for the Documents and represent that You have no Documents that comply.

15.    If any Documents, or parts of Documents, called for by this request have been destroyed, discarded, or otherwise disposed of, a list shall be furnished setting forth as to each document the following information:  (a) the nature of the document, e.g., letter, memorandum, telegram, etc.; (b) the name, address, occupation, title and business affiliation of each person who prepared, received, viewed and has or has had possession, custody or control of the document; (c) the date of the document; (d) a description of the subject matter of the document; (e) the date of destruction or other disposition; (f) a statement of the reasons for destruction or other disposition; (g) the name, address, occupation, title and business affiliation of each person who authorized destruction or other disposition; (h) the name, address, occupation, title and business affiliation of each person who destroyed or disposed of the document; and (i) the paragraph(s) of this request which call for the production of the document.

16.     Unless otherwise stated, each Request constitutes a request for all responsive Documents generated at any time, through the date hereof.

REQUESTS FOR DOCUMENTS TO BE PRODUCED

1.     All Documents concerning the Anti-Suit Injunction.

2.     All Documents concerning the Liberian Judgment or the Related Actions. Without limitation, this requests includes:

    a.   all Documents concerning enforcement of the Liberian Judgment;

    b.   all communications at any time with any party, including Martin Kenney, concerning the Liberian Judgment or the Related Actions;

    c.   all Documents concerning any plan to collect or recover assets purportedly linked to the Liberian branch of CWW, including without limitation any "Civil Recovery Plan," as referenced in the Claim Summary annexed hereto as Exhibit B.

    d.   all Documents concerning Echemus' or Your ownership of, interest in, or right to receive proceeds arising from the Liberian Judgment, including all Documents concerning any actual or proposed acquisition, sale, transfer or assignment of such interest or right;

    e.   all Documents concerning any funds expended in connection with or relating to the Liberian Judgment or the Related Actions, including any payments for legal services of any kind;

    f.   all Documents concerning any request for payment  in connection with or relating to the Liberian Judgment or the Related Actions;

    g.   all Documents concerning funds raised – including any effort to raise funds – to support efforts to enforce the Liberian Judgment;

    h.   any Echemus Investor Letter (including without limitation each of the series of the Investor Letters of which Nos. 2 and 5 are annexed hereto as Exhibit C),

5

investor presentation, prospectus, offering circular, offering memorandum, or private placement memorandum, or other communication between Echemus and investors or potential investors concerning in whole or part the Liberian Judgment or the Related Actions.

3.      All Documents concerning any investment made by You in Echemus, or funds expended by You on behalf of Echemus, and any moneys received by You from Echemus.

4.      All Documents reflecting or embodying any retention or compensation agreement between You and Echemus, and Documents sufficient to show Your title, position, responsibilities, and authority with respect to Echemus.

5.      Documents sufficient to identify all persons (including without limitation any partner, shareholder or member of Echemus) having, at any time from the inception of Echemus to the present, the right to control  Echemus, or possessing any ownership interest in Echemus, and the extent of such interest or control.

6.      All Documents concerning any funds, assets or financial assistance of any kind provided or made available to, or expended on behalf of, AJA, CCI or the Receiver, including without limitation any payments for legal services of any kind made by You or Echemus on behalf of CCI or the Receiver, and Documents concerning the decision, or the process of deciding, to provide or make available such funds, assets or financial assistance.

7.      All agreements between Echemus and AJA, CCI or the Receiver, and drafts thereof.

8.      Documents sufficient to identify all persons (including without limitation any partner, shareholder or member of CCI) having, at any time from 2010 to the present, the right to control CCI, or possessing any ownership interest in CCI, and the extent of such interest or control; and all agreements concerning the ownership, control or directors of CCI in effect during that time period.

9.     All Documents concerning any actions undertaken by You in the Commonwealth of Pennsylvania on behalf of or in connection with Echemus, CCI, the Liberian Judgment or the Related Actions.

10.    All Documents concerning:  (a) currently, any residence You have in the Commonwealth of Pennsylvania, or, (b) from 2010 to the present, any business You have transacted, services You have supplied, property You possess within, powers You have been granted under the laws of, or applications You have made to government of, the Commonwealth of Pennsylvania.

Dated:  July 27, 2012
   Philadelphia, Pennsylvania

**AXINN, VELTROP & HARKRIDER LLP**

By:   /s/ Donald W. Hawthorne
   Donald W. Hawthorne
   114 W. 47TH Street
   New York, NY  10036
   (212) 261-5665

*Attorneys for Defendant Cigna Worldwide Insurance Company*

**COZEN O'CONNOR**
Stephen A. Cozen
Richard J. Bortnick
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

**DEBEVOISE & PLIMPTON LLP**
Donald Francis Donovan
Matthew S. Hackell
919 Third Avenue
New York, NY  10022
(212) 909-6000