# Exhibit B

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -against- | ) | Civil Action No. 91-6785 |
| | ) | |
| CIGNA WORLDWIDE INS. CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**NON-PARTY RESPONDENT JAMES LITTLE'S OBJECTIONS AND RESPONSES**
**TO DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Respondent James Little

("Little"), by and through his undersigned attorneys, hereby objects and responds to Defendant

Cigna Worldwide Insurance Co.'s ("CWW") Requests for the Production of Documents to

Respondent James Little ("Requests").

**GENERAL OBJECTIONS**

The following General Objections apply to each and every Request and form an integral

part of Respondent's response to each Request:

1.      Little has undertaken extraordinary efforts in an extremely short time to collect,

review, and produce documents responsive to the Requests.  Little reserves the right to produce

additional documents in response to the Requests on a rolling basis if any additional responsive

documents are located.

2.      Little objects to the Requests to the extent they purport to treat Little as a party to

the above-captioned case.  As the Court has recognized, Little is a nonparty to this action,

entitled to the full protections of Federal Rule of Civil Procedure 45.  By responding to the

subpoena, Little does not waive and expressly preserves his arguments that the Court lacks personal jurisdiction over him.

3.      Little objects to the Requests to the extent they seek information or documents protected by the attorney-client privilege, the work product doctrine, or any other privilege or doctrine under applicable law, domestic or foreign, that would make the information or documents immune from discovery.  In the event any such material is produced in response to the Requests, such production is inadvertent and shall not constitute a waiver of any privilege, doctrine, or other ground for protecting such documents from disclosure.  Little reserves the right to withdraw from production or to seek the immediate return of any inadvertently produced documents.  Little's production of documents is made contingent upon this right.

4.      Little objects to the Requests insofar as they are vague or ambiguous, overly broad, duplicative, cumulative, unduly burdensome, and/or seek documents that are not reasonably calculated to lead to the discovery of admissible evidence.

5.      Little objects to the Requests to the extent that they ask Little to produce "all documents," as overly broad, unduly burdensome and unreasonably duplicative or cumulative. Moreover, Little objects to the Requests as overly broad and unduly burdensome to the extent they purport to require him to provide information other than that which may be obtained through a good-faith, reasonably diligent search.

6.      Little objects to the Requests to the extent that they exceed the scope of jurisdictional discovery ordered by the Court on July 20, 2012.  Specifically, Respondent objects to the Requests to the extent they seek documents that are not relevant to "Mr. Little's involvement, if any, in the efforts to enforce the Liberian judgment." Order (Dkt. No. 334) (July 20, 2012).  By responding to these Requests, Little does not concede the relevance or

admissibility of any documents provided.  In the event any information beyond the scope of jurisdictional discovery ordered by the Court is produced in response to the Requests, such production is inadvertent and shall not constitute a waiver of any future objection that such information is not discoverable under the Federal Rules, applicable case law, and/or Court orders governing discovery.

7.     By offering to produce documents responsive to any Request, Little is not representing that documents responsive to the Request exist.

8.     Little objects to the Requests to the extent they seek Documents that are publicly available, not within Little's possession, custody, or control, and/or that are equally available to CWW from other sources (including from CWW itself).

9.     Little objects to the Requests to the extent they seek disclosure of trade secrets or other confidential research, development, or commercial information.  To the extent that Documents otherwise responsive to the Requests contain information about business activities or investments that neither to CWW, ACE, and/or the Liberian Judgment, nor involve any contacts with the Commonwealth of Pennsylvania, Respondent will redact such confidential commercial information as "non-responsive."

10.    Little objects to the "Definitions" and "Instructions" on the ground that they seek to impose obligations upon Little beyond those provided for in the Federal Rules of Civil Procedure and the Local Rules of this Court.

11.    Little objects to each Request to the extent it requires him to produce documents prohibited from public disclosure by any law, regulation, or other applicable governmental requirement of the United States or any applicable state or foreign jurisdiction.

12.     Little objects to the "Definitions" and "Instructions" contained in the Requests on the grounds that they are overbroad, vague, and unduly burdensome.

13.     Little objects to the definition of "You" and "Your" to include Echemus.  That definition conflicts with the definition of "You" in the opening paragraph of the Requests.  It also renders certain of the Requests unintelligible.  *See* Request Nos. 3 and 4.  And it imposes obligations on Mr. Little beyond those permitted by the Federal Rules and the Court's July 20, 2012 Order.  Little will respond by adopting a reasonable interpretation of "You" and "Your" depending on the particular Request.

14.     Little objects to the definition of "Echemus" as unduly broad and overly burdensome to the extent it purports to include "any director, officer, employee or any other person acting as an agent of the foregoing entities, as well as any parent companies, subsidiaries, affiliates, and predecessors of any of the foregoing entities."  Little also objects to the Requests to the extent they fail to identify which Echemus entity is being referenced.  Little will respond by adopting a reasonable definition of Echemus depending on the particular Request.

15.     Little objects to the definition of "concerning" as vague, ambiguous, unduly broad and overly burdensome.  Little will respond by adopting a reasonable definition of these and other terms.

16.     Little objects to the definitions of "Document" and "Documents" to the extent they are broader than the definition in the Federal Rules.

17.     Little objects to the Requests to the extent that they assume facts not in evidence.

18.     Little objects to the Requests as unduly burdensome and irrelevant to the extent that they purport to demand "all responsive Documents generated at any time, through the date hereof."

19.     Pursuant to Rule 45(d)(2), Respondent intends to produce a privilege log for documents withheld or redacted on grounds of attorney-client privilege or work-product protection, or any other privilege or doctrine under applicable law, domestic or foreign, that makes such information or documents immune from discovery.  Given the extremely short time frame for responding to the Requests, Respondent will produce privilege logs on a rolling basis. Further, Respondent objects to the Requests as unduly burdensome to the extent they purport to require him to include in such a log every privileged document generated on or after April 5, 2012, the date on which Cigna's successor in interest, ACE Ltd., sought a court order joining Mr. Little as a costs party in the Cayman proceeding.  Respondent will not log privileged documents generated after that date.

20.     These General Objections are incorporated by reference into each and every response below to the extent applicable.

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1:**  All Documents concerning the Anti-Suit Injunction.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 1:**  Little incorporates by reference each of the General Objections set forth above.  In addition to the foregoing General Objections, Little specifically objects that the phrase "concerning the Anti-Suit Injunction" is vague and ambiguous.  Subject to the foregoing General and Specific Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 2:**  All Documents concerning the Liberian Judgment or the Related Actions. Without limitation, this requests includes: a. all Documents concerning enforcement of the Liberian Judgment; b. all communications at any time with any party, including Martin Kenney, concerning the Liberian Judgment or the Related Actions; c. all Documents concerning any plan to collect or recover assets purportedly linked to the Liberian branch of CWW, including without limitation any "Civil Recovery Plan," as referenced in the Claim Summary annexed hereto as Exhibit B. d. all Documents concerning Echemus' or Your ownership of, interest in, or right to

5

receive proceeds arising from the Liberian Judgment, including all Documents concerning any actual or proposed acquisition, sale, transfer or assignment of such interest or right; e. all Documents concerning any funds expended in connection with or relating to the Liberian Judgment or the Related Actions, including any payments for legal services of any kind; f. all Documents concerning any request for payment in connection with or relating to the Liberian Judgment or the Related Actions; g. all Documents concerning funds raised – including any effort to raise funds – to support efforts to enforce the Liberian Judgment; h. any Echemus Investor Letter (including without limitation each of the series of the Investor Letters of which Nos. 2 and 5 are annexed hereto as Exhibit C), investor presentation, prospectus, offering circular, offering memorandum, or private placement memorandum, or other communication between Echemus and investors or potential investors concerning in whole or part the Liberian Judgment or the Related Actions.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 2:**  Little incorporates by reference each of the General Objections set forth above.  In addition to the foregoing General Objections, Little specifically objects to the Request as unduly burdensome and irrelevant to the extent that it purports to demand "all responsive Documents generated at any time, through the date hereof."  Specifically and without limitation, Little objects that the Request is unreasonable insofar as it demands "all documents" concerning the Cayman proceeding generated on or after April 5, 2012 – the date on which CWW's successor in interest, ACE Ltd., sought a court order adding Mr. Little as a costs party in the Cayman action – and "all documents" concerning this action generated on or after April 17, 2012 – the date on which Little was served with a Rule 45 deposition subpoena by CWW.  CWW's demand for documents generated after those dates not only seeks irrelevant information, but improperly invades the attorney-client privilege, work product protection, and other applicable privileges.  To avoid the unnecessary and unreasonable burden on Mr. Little imposed by the Request, Little will review and produce only documents generated prior to those dates.  Subject to the foregoing General and Specific Objections, Little will produce non-privileged documents responsive to this Request.

6

**REQUEST NO. 3:**  All Documents concerning any investment made by You in Echemus, or funds expended by You on behalf of Echemus, and any moneys received by You from Echemus.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 3:**  Little incorporates by reference each of the General Objections set forth above.  Subject to the foregoing General Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 4:**  All Documents reflecting or embodying any retention or compensation agreement between You and Echemus, and Documents sufficient to show Your title, position, responsibilities, and authority with respect to Echemus.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 4:**  Little incorporates by reference each of the General Objections set forth above.  Subject to the foregoing General Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 5:**  Documents sufficient to identify all persons (including without limitation any partner, shareholder or member of Echemus) having, at any time from the inception of Echemus to the present, the right to control Echemus, or possessing any ownership interest in Echemus, and the extent of such interest or control.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 5:**  Little incorporates by reference each of the General Objections set forth above.  In addition to the foregoing General Objections, Little specifically objects to and will not produce documents in response to the Request insofar as it seeks information regarding the investors in or persons with an ownership interest in Echemus who are not Respondents in this action.  CWW has not made a *prima facie* showing that any such persons were involved in any efforts to enforce the Liberian Judgment. Such documents are clearly beyond the scope of the jurisdictional discovery ordered by the Court as to Little – namely, discovery as to "Mr. Little's involvement, if any, in the efforts to enforce the Liberian judgment."  Moreover, Mr. Little is prepared to represent that no such persons reside or have their principal place of business in Pennsylvania.  While information about Echemus's investors is wholly irrelevant to jurisdictional discovery, such information is highly

7

confidential and commercially sensitive, and its disclosure would cause serious harm to Echemus

and any such investors. This information should thus be protected from disclosure under Rule

45(c)(3). To the extent that Documents otherwise responsive to the Request contain such

information, Respondent will redact such confidential commercial information as "non-

responsive." Subject to the foregoing General and Specific Objections, Little will produce non-

privileged documents responsive to this Request.

**REQUEST NO. 6:** All Documents concerning any funds, assets or financial assistance of any kind provided or made available to, or expended on behalf of, AJA, CCI or the Receiver, including without limitation any payments for legal services of any kind made by You or Echemus on behalf of CCI or the Receiver, and Documents concerning the decision, or the process of deciding, to provide or make available such funds, assets or financial assistance.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 6:** Little incorporates by

reference each of the General Objections set forth above. Subject to the foregoing General

Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 7:** All agreements between Echemus and AJA, CCI or the Receiver, and drafts thereof.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 7:** Little incorporates by

reference each of the General Objections set forth above. Subject to the foregoing General

Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 8:** Documents sufficient to identify all persons (including without limitation any partner, shareholder or member of CCI) having, at any time from 2010 to the present, the right to control CCI, or possessing any ownership interest in CCI, and the extent of such interest or control; and all agreements concerning the ownership, control or directors of CCI in effect during that time period.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 8:** Little incorporates by

reference each of the General Objections set forth above. In addition to the foregoing General

Objections, Little specifically objects to the Request to the extent that the "right to control" CCI

8

is vague and ambiguous.  After a reasonable search, Little does not have documents sufficient to

show the information sought in this Request.  Subject to the foregoing General and Specific

Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 9:**  All Documents concerning any actions undertaken by You in the Commonwealth of Pennsylvania on behalf of or in connection with Echemus, CCI, the Liberian Judgment or the Related Actions.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 9:**  Little incorporates by

reference each of the General Objections set forth above.  Subject to the foregoing General

Objections, Little will produce non-privileged documents responsive to this Request.

**REQUEST NO. 10:**  All Documents concerning: (a) currently, any residence You have in the Commonwealth of Pennsylvania, or, (b) from 2010 to the present, any business You have transacted, services You have supplied, property You possess within, powers You have been granted under the laws of, or applications You have made to government of, the Commonwealth of Pennsylvania.

**OBJECTIONS AND RESPONSE TO REQUEST NO. 10:**  Little incorporates by

reference each of the General Objections set forth above.  Subject to the foregoing General

Objections, Little will produce non-privileged documents responsive to this Request.

Dated:  August 3, 2012                                    Respectfully submitted,


                                                          */s/ Joseph A. Tate*
Mark C. Hansen                                            Joseph A. Tate
Derek T. Ho (*pro hac vice*)                              DECHERT LLP
Leo R. Tsao                                               Cira Centre
Daniel G. Bird (*pro hac vice*)                           2929 Arch Street
KELLOGG, HUBER, HANSEN, TODD,                             Philadelphia, PA 19104-2808
   EVANS & FIGEL, P.L.L.C.                                Tel.:  (215) 994-2350
1615 M Street, NW, Suite 400                              Fax:  (215) 655-2350
Washington, DC 20036
Tel.:  (202) 326-7900
Fax:  (202) 326-7999


                                                          *Counsel for Non-Party Respondent James*
                                                          *Little*

9

## CERTIFICATE OF SERVICE

I, Derek T. Ho, declare that I am over the age of 18 years and not a party to this action.  I am a partner at the firm of Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C., located at 1615 M Street, N.W., Suite 400, Washington, D.C. 20036.  I represent James Little ("Little") in the above captioned matter.  I served a true and correct copy of Non-Party Respondent James Little's Objections and Responses to Defendant Cigna Worldwide Insurance Co.'s ("CWW") Requests for the Production of Documents on August 3, 2012 via email to the following individuals:

| COUNSEL NAME |
| --- |
| Donald W. Hawthorne |
| Richard J. Bortnick |
| Donald Francis Donovan |

I declare, under penalty of perjury, that the foregoing is true and correct.  Executed this 3rd day of August, 2012.

/s/ Derek T. Ho
Derek T. Ho

**KELLOGG, HUBER, HANSEN, TODD,
  EVANS & FIGEL, P.L.L.C.**

1615 M Street, N.W., Suite 400
Washington, D.C. 20036-3209
Tel:  (202) 326-7900
Fax:  (202) 326-7999
dho@khhte.com

*Attorney for Non-Party Respondent James Little*