IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

------------------------------------------------------------------------x
:
THE ABI JAOUDI AND AZAR TRADING CORP., :
:
      Plaintiff, : Civil Action No. 91-6785
:
  -against- :
:
CIGNA WORLDWIDE INS. CO., :
:
      Defendant. :
:
------------------------------------------------------------------------x

**STIPULATION AND PROPOSED PROTECTIVE ORDER
REGARDING CONFIDENTIAL MATERIAL**

      CIGNA Worldwide Insurance Company ("CWW") and non-party Respondent James Little, ("Little") (collectively, the "Parties") are engaged in discovery that requires them to divulge information related to non-parties that Little claims may be confidential, proprietary, confidential and privileged under applicable law, and business information and/or trade secrets, the disclosure of which might injure or damage the disclosing party or other non-parties. In order to expedite the flow of discovery and promote the prompt resolution of disputes over confidentiality, the Court Orders, as follows:

**<u>CONFIDENTIALITY</u>**

      1      Any party or non-party Respondent may designate material produced by them in this proceeding as CONFIDENTIAL MATERIAL, based on a good faith belief that such material is entitled to confidential treatment under applicable law.

      2.     Except upon the written consent of the producing party, the parties shall treat all CONFIDENTIAL MATERIAL as confidential and shall use CONFIDENTIAL MATERIAL only in connection with the following proceedings or actions (collectively, the "Covered Proceedings"):

1

a. The contempt proceeding in the above-referenced matter (the "Contempt Proceeding");

b. The action in the Grand Court of the Cayman Islands entitled CIGNA Worldwide Insurance Company (by and through its court appointed receiver, Josie Senesie and in respect of the Assets, Undertakings and affairs of its licensed Liberian branch and business) against ACE Limited, Cause No. FSD 96 of 2011 (PCJ) (Originally Cause No. 329 of 2008) (the "Cayman Islands Action");

c. The action in the Court of Chancery of the State of Delaware entitled *CIGNA Worldwide Ins. Co. et al v. Josie Senesie*, Civil Action No. 4171-VCL ("the Delaware Action");

d. Any ongoing proceedings, or any new or renewed proceedings, in the Civil Law Court, Sixth Judicial Circuit, Montserrado County, Liberia, entitled *In the Matter of Section 5.13 of the Liberian Insurance Law and In the Matter of the Liberian Branch of CIGNA Worldwide Insurance Company (In Liquidation)*;

e. Any action brought by any person in any jurisdiction purporting to enforce against any person: (i) the judgment entered October 4, 2000, in favor of AJA by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia (the "AJA Liberian Judgment"), or (ii) the judgment entered August 22, 2005, against CWW and in favor of a group of 22 claimants, by the Court for the Sixth Judicial Circuit, Montserrado County, Liberia (together, the "Liberian Judgments");

f. Any action brought by CWW or ACE Ltd. in response to any attempt to enforce the Liberian Judgments; or

g. Any appeals relating to any of the proceedings or actions listed in this paragraph.

3. Except upon the written consent of the producing party, the Parties shall not disclose CONFIDENTIAL MATERIAL to any person or entity other than the following:

a. Counsel ("outside" and "inside") to CWW, ACE Ltd., Little, or any other person who is a party or non-party Respondent in the Covered Proceedings, and their respective associates, paralegals, or clerical or other support staff or services;

b. Officers, directors, employees, or agents of CWW, ACE Ltd., Little, or any other person who is a party or non-party Respondent in the Covered Proceedings, to the extent such person has a reasonable need to know such confidential information to assist with the Covered Proceedings;

2

    c. Experts or consultants (including their employees, associates, and/or support staff) retained by CWW, ACE Ltd., or Little in connection with any of the Covered Proceedings, provided that such individual is provided with and agrees in writing to be bound by this Stipulation and Order;

    d. Deponents, witnesses, and court reporters at a deposition or occasion resulting in testimony sworn under oath in any of the Covered Proceedings, in accordance with the provisions of Paragraph 4 and such other procedures as may be agreed upon among the parties, or at a hearing or trial in any of the Covered Proceedings, subject to such appropriate provisions as may be ordered by the applicable Court;

    e. The Court and its personnel in the Contempt Proceeding;

    f. A court presiding over any of the Covered Proceedings and its personnel; and

    g. Other persons agreed to in writing by the producing party.

4. CONFIDENTIAL MATERIAL may be disclosed in a deposition in any of the Covered Proceedings, but counsel for any party may advise the reporter of the disclosure of CONFIDENTIAL MATERIAL, and the portion(s) of the transcript of the deposition containing CONFIDENTIAL MATERIAL shall be so marked and treated as such. Additionally, if any CONFIDENTIAL MATERIAL is to be used during the deposition of a non-party witness, the deponent shall be given a copy of this Stipulation and Order prior to the start of the deposition, and requested to agree on the record or in writing to be so bound. In the event the deponent elects not to agree on the record or in writing to be bound by this Stipulation and Order, the deposition shall nevertheless proceed as if the witness had agreed to be bound by the Stipulation and Order.

5. CONFIDENTIAL MATERIAL submitted to, presented to, or filed with the Court in any of the Covered Proceedings shall be placed in a sealed envelope and shall bear the following statement:

> CONFIDENTIAL DOCUMENTS — Subject to Stipulation and Protective Order Regarding Confidential Information in The Abi Jaoudi and Azar Trading Corp. v. CIGNA Worldwide Ins. Co., U.S. Dist. Ct., E.D. Pa., No. 91-6785. This envelope contains documents filed in this case by [name of party] and is not to be

opened nor the contents to be displayed nor revealed except by Order of the Court or written agreement of the parties.

6. Nothing in this Stipulation and Order shall prevent or limit any party from filing, disclosing, or otherwise using without restriction:

   a. its own Documents or information;

   b. Documents or information that it has obtained from a source other than the producing party or its counsel pursuant to this Stipulation and Order, provided that CWW and ACE Ltd. agree as of the date of this Stipulation to treat all documents produced by Kirk Huddles as CONFIDENTIAL MATERIAL; or

   c. Documents or information that are publicly available or a matter of public record on file with any court or governmental or regulatory agency or board.

7. If any party disputes that any document or information produced is CONFIDENTIAL MATERIAL, the parties shall attempt to resolve by agreement the question of whether or on what terms the Document or information is entitled to confidential treatment. If the Parties are unable to agree as to whether or on what terms a Document or information should be designated as CONFIDENTIAL MATERIAL, and the Party disputing treatment as CONFIDENTIAL MATERIAL informs the producing party, after an attempt to resolve the issue by agreement, that it rejects such characterization, the Party asserting confidentiality shall have five (5) day from the date on which it receives such rejection to move the Court for a protective order. If the producing party fails to move for a protective order for materials with respect to which a party has rejected a characterization as CONFIDENTIAL MATERIAL within five days of such rejection, the materials will no longer be treated as CONFIDENTIAL MATERIAL. If a party moves for a protective order with respect to any material it has designated as CONFIDENTIAL MATERIAL, such material shall be treated as CONFIDENTIAL MATERIAL until a resolution of the dispute is achieved by following the procedures described above or as ordered by the Court.

## **OTHER MATTERS**

8. Nothing in this Stipulation and Order shall operate as an admission by any party that any particular Document or information is, or is not, privileged or is, or is not, admissible in evidence at the Contempt Proceeding.

9. Nothing in this Stipulation and Order shall operate to require the production of Documents or information that is privileged or otherwise protected from disclosure.

10. A decision by the Court that any Document or information is not entitled to confidentiality will not operate to limit the applicability of this Stipulation and Order to any other "CONFIDENTIAL MATERIAL." In the event that the Court determines that any portion of this Stipulation of Confidentiality and Order is not enforceable, the remaining provisions shall be enforced and construed to carry out the intent of the parties hereto.

11. In the event that a non-party or court or governmental body requests or purports to require disclosure of any "CONFIDENTIAL MATERIAL," the party from whom disclosure is sought shall give reasonable written notice to the designating party to enable it to take such protective measures.

12. The terms of this Stipulation and Order will survive the termination of this Contempt Proceeding.

13. Nothing in this Stipulation and Order shall be construed as a waiver of any rights by any of the Parties with respect to matters not specifically provided for in this Stipulation and Order.

14. This Stipulation and Order may be modified or amended by agreement of all the signatories herein, subject to approval by the Court, or by order of the Court for good cause shown.

15. This Stipulation and Order may be executed in counterparts. The failure of any

proposed signatory to execute this Stipulation and Order shall not affect the rights and obligations of the signatories that have executed it or impair its validity.

BY THE COURT:

Dated:  August 8, 2012                                             _____

| _____/s/ Derek T. Ho_____ | _____/s/ Donald W. Hawthorne_____ |
|---|---|
| Joseph A. Tate, | Donald W. Hawthorne |
| DECHERT LLP | AXINN, VELTROP & HARKRIDER LLP |
| Cira Centre | 114 W. 47th Street, 22nd Floor |
| 2929 Arch Street | New York, NY 10036 |
| Philadelphia, PA 19104-2808 | Tel.: 212-728-2200 |
| Tel.: (215) 994-2350 | Fax: 212-728-2201 |
| Fax: (215) 655-2350 | |
| | Donald Francis Donovan |
| Mark C. Hansen | Matthew S. Hackell |
| Derek T. Ho *(pro hac vice)* | DEBEVOISE & PLIMPTON LLP |
| Leo R. Tsao | 919 Third Avenue |
| Daniel G. Bird *(pro hac vice)* | New York, NY 10022 |
| KELLOGG, HUBER, HANSEN, TODD, | Tel.: 212-909-6000 |
| EVANS & FIGEL, P.L.L.C. | Fax: 212-521-7468 |
| 1615 M Street, NW, Suite 400 | |
| Washington, DC 2003 6 | Stephen A. Cozen |
| Tel.: (202) 326-7900 | Richard J. Bortnick |
| Fax: (202) 326-7999 | COZEN O'CONNOR |
| | 1900 Market Street |
| *Counsel for Non-Party Respondent* | Philadelphia, Pennsylvania 19103 |
| *James Little* | Tel.: (215) 665-2000 |
| | |
| | *Counsel for Defendant CIGNA Worldwide* |
| | *Insurance Company* |

ACE Ltd., by its counsel Axinn, Veltrop & Harkrider LLP, hereby agrees to be bound by this Stipulation and Order.

_____/s/ Donald W. Hawthorne_____
AXINN, VELTROP & HARKRIDER LLP

6

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---------------------------------------------------------------------------x
THE ABI JAOUDI AND AZAR TRADING CORP.,   :

     Plaintiff,   :   Civil Action No. 91-6785

  -against-   :

CIGNA WORLDWIDE INSURANCE CO.   :
     Defendant.

  :
---------------------------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the Stipulation and Proposed Protective Order Regarding Confidential Material was served electronically on this date to:

| | |
|---|---|
| Henry F. Reichner, Esquire<br>REED SMITH LLP<br>2500 One Liberty Place<br>1650 Market Street<br>Philadelphia, PA  19103 | Joseph A. Tate, Esquire<br>DECHERT LLP<br>Cira Centre<br>2929 Arch Street<br>Philadelphia, PA 19104 |
| Mark E. Gottlieb, Esquire<br>OFFIT KURMAN, P.A.<br>1801 Market Street<br>Suite 2300<br>Philadelphia, PA  19103 | Derek T. Ho, Esquire<br>Kellogg, Huber, Hansen, Todd,<br>Evans & Figel, P.L.L.C.<br>1615 M Street, N.W.<br>Suite 400<br>Washington, DC  20036 |
| Robert C. Clothier, III, Esquire<br>FOX ROTHSCHILD LLP<br>2000 Market Street<br>20th Floor<br>Philadelphia, PA 19103-3291 | |

Dated: August 8, 2012

|  |  |
|---|---|
|  | **AXINN, VELTROP & HARKRIDER LLP** |
|  | By:   /s/ Donald W. Hawthorne<br>Donald W. Hawthorne<br>114 W. 47TH Street |
| COZEN O'CONNOR | New York, NY  10036<br>(212) 261-5665 |
| Stephen A. Cozen |  |
| Richard J. Bortnick | *Attorneys for Defendant Cigna Worldwide* |
| 1900 Market Street | *Insurance Company* |
| Philadelphia, Pennsylvania 19103 |  |
| (215) 665-2000 |  |

DEBEVOISE & PLIMPTON LLP

Donald Francis Donovan
Matthew S. Hackell
919 Third Avenue
New York, NY  10022
(212) 909-6000