UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

-------------------------------------------------------------------------X
: 
THE ABI JAOUDI AND AZAR TRADING CORP.,          :
:
        Plaintiff,          :
:   Civil Action No. 91-6785
   -against-          :
:
CIGNA WORLDWIDE INSURANCE CO.,          :
:
        Defendant.          :
:
-------------------------------------------------------------------------X

### DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S NOTICE OF SUPPLEMENTAL AUTHORITY SUPPORTING ITS MOTION TO COMPEL DISCOVERY

      Petitioner Cigna Worldwide Insurance Co. ("CWW") respectfully notifies the Court of the filing of Supplemental Authority in support of its Motion to Compel Discovery, pursuant to Federal Rule of Civil Procedure 37(a), from respondents James Little, Echemus Group L.P., Echemus Investment Management Ltd., and Martin Kenney to comply fully with CWW's document requests and deposition notices, which was filed on September 5, 2012 (Docket No. 347).

      Specifically, CWW wishes to bring to the Court's attention the Fourth Circuit's November 2nd, 2012 decision in *Yousuf v. Samantar*, No. 11-1479 (4th Cir. Slip op. Nov. 2, 2012), a copy of which is attached as Exhibit "A," which is relevant to the claims of sovereign immunity raised by various contempt respondents in this case, including Martin Kenney.

      Specifically, on remand from the Supreme Court, the Fourth Circuit held that assertions of common law immunity based on conduct, unlike those based on status, are matters to be determined by the courts, and not the Executive Branch. Ex. "A" at 15. The Fourth Circuit explained that assertions of "official acts" or conduct-based immunities, such as those here, "turn

upon principles of customary international law and foreign policy, areas in which the courts respect, but do not automatically follow, the views of the Executive Branch." *Id.* at 14. Accordingly, "[t]he State Department's determination regarding conduct-based immunity. . . is not controlling, but carries substantial weight in our analysis of the issue." *Id.* at 15. Thus, while not directly relevant for the motions pending before the Court, *Yousuf"s* holding that the immunity question is ultimately for the Court to decide underscores the appropriateness of providing the Court a full factual record - which CWW's pending motions seek to provide - before the Court addresses respondents' immunity arguments.

As CWW explained in earlier briefing, the Court need not resolve any issue regarding immunity to decide CWW's pending motion to compel discovery from respondents. *See*, *e.g.*, Defendant CWW' s Memorandum of Law in Support of its Renewed Motion to Compel Discovery, Sept. 5, 2012 (at 15-16) (Docket # 347). If the Court does reach the merits of immunity, however, the Fourth Circuit decision supports the proposition that this Court need not follow the views expressed by the State Department in its Statement of Interest, but must instead independently evaluate respondents' claims of immunity on a full record. Consistent with its prior reservation of rights, CWW stands ready to fully argue this issue at that time. See, e.g., Response of CWW to the Statement of Interest of the United States of America, Dec. 21, 2011 (at 25), Docket # 293.

Respectfully submitted,

**AXINN, VELTROP & HARKRIDER LLP**

By:   /s/ Donald W. Hawthorne
      Donald W. Hawthorne
      114 W. 47TH Street
      New York, NY 10036
      (212) 261-5665

*Attorneys for Defendant Cigna Worldwide Insurance Company*

**COZEN O'CONNOR**
Stephen A. Cozen
Richard J. Bortnick
1900 Market Street
Philadelphia, Pennsylvania 19103
(215) 665-2000

**DEBEVOISE & PLIMPTON LLP**
Donald Francis Donovan
919 Third Avenue
New York, NY 10022
(212) 909-6000

Dated: November 28, 2012