IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **THE ABI JAOUDI AND AZAR TRADING CORP.,** : | |
| Plaintiff, : | |
| : | |
| v. : | |
| : | Civ. No. 91-6785 |
| **CIGNA WORLDWIDE INS. CO., et al.,** : | |
| Defendants. : | |
| : | |

## O R D E R

On June 25, 2012, Defendant CIGNA Worldwide Insurance Company filed a Motion to Compel Discovery from James Little, Martin Kenney, and a collection of investment funds known as the Echemus entities—all Respondents to CIGNA's Amended Emergency Motion for Contempt.  *(Doc. Nos. 307, 325.)*  On July 20, 2012, I ordered Mr. Little to comply with CIGNA's discovery requests, deferring decision as to the remainder of CIGNA's Motion.  *(Doc. No. 334.)*  CIGNA took Mr. Little's deposition on August 10, 2012.

CIGNA has now renewed its Motion to Compel, arguing that Mr. Little has failed to comply fully with its discovery requests regarding Echemus-related emails and documents. *(Doc. No. 347.)*  Mr. Little claims to have produced all Echemus documents within his control. *(Little Resp., Doc. No. 351.)*  Remarkably, Mr. Little states that he can produce no responsive Echemus emails because he has twice lost his laptop computer.  *(Little Dep. 105:2-4, Doc. No. 347 Ex. A.)*  He cryptically notes that his counsel "had access" to Echemus's email server, but has not explained why emails from that server have not been produced.  *(Id. at 105:15-23.)*  In a footnote, counsel states only that "emails are unrecoverable from the third party's [Echemus's] server."  *(Little Resp., Doc. No. 351 at 18  n.17.)*

Mr. Little advances a cramped and tortured definition of "documents," relying upon the word's purported meaning under the British Virgin Islands Business Companies Act.  *(See Little Resp. Ex. 3, Doc. No. 351.)*  Mr. Little's actions, and his absurdly narrow reading of the BVI Act, are of a piece with the continuing refusal of Josie Senesie, Foday Sesay, and Samuel Lohman to abide by the discovery orders of this Court, while at the same time, denying responsibility for an apparent violation of this Court's 2001 Anti-Suit Injunction.  Furthermore, even if Mr. Little's interpretation of the BVI Act were plausible, foreign law does not control discovery conducted in this Court.   See Work v. Bier, 106 F.R.D. 45 (D.D.C. 1985) (federal discovery rules apply to discovery of documents located abroad); Laker Airways, Ltd. v. Pan American World Airways, F.R.D. 42, 47 (D.D.C. 1984) ("It is not *ipso facto* a defense to a discovery request that the law of a foreign country may prohibit production or disclosure."); Lasky v. Continental Products Corp., 569 F. Supp. 1227, 1228 (E.D. Pa. 1983) (although principles of comity counsel restraint in compelling discovery abroad, federal courts may "compel parties to take actions which may be in violation of the laws of a foreign state").  This is especially true here, where the subject of discovery is an American citizen residing in the United States (indeed, within 100 miles of this Courthouse).  See S.E.C. v. Homa, 514 F.3d 661, 673 (7th Cir. 2008) (affirming court's imposition of sanctions on U.S. nationals living abroad who failed to comply with deposition subpoena); see also Int'l Soc. for Krishna Consciousness, Inc. v. Lee, 105 F.R.D. 435, 443 (S.D.N.Y. 1984) (discovery problems requiring international cooperation "only occur with respect to discovery procedures actually undertaken in the foreign country, and *most typically against an individual or entity not subject to the jurisdiction of the American court and therefore not amenable to any form of the American judicial compulsion*") (emphasis added).

Mr. Little ***shall produce forthwith all documents and emails*** responsive to CIGNA's document production request within his "possession, custody, or control." Fed. R. Civ. P. 34(a)(1); see <u>Mercy Catholic Med. Ctr. v. Thompson</u>, 380 F.3d 142, 160 (3d Cir. 2004) ("[S]o long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control."). This shall include all documents within Mr. Little's control personally and as Director of Echemus Investment Management Ltd. He shall also grant CIGNA unfettered access to both his personal and his Echemus email servers and internet service providers to determine whether responsive emails exist. The Parties shall enter into an agreement under Evidence Rule 502 to prevent any inadvertent waiver of privilege. <u>See</u> Fed. R. Evid. 502(e).

I will continue to defer any decision as to CIGNA's remaining discovery requests until after Mr. Little's compliance with this Order. **Failure of Mr. Little to comply with this Order by December 15, 2012 will likely result in sanctions,** including a finding of contempt, the imposition of fines, and any "further just orders." Fed. R. Civ. P. 37(b); <u>see</u> <u>also</u> 28 U.S.C. § 1927 (1980). If I should determine that any person or entity is improperly obstructing discovery, I will refer the matter to the Department of Justice for appropriate criminal investigation. <u>See</u> 18 U.S.C § 1503 (1996); <u>see</u> <u>also</u> <u>United States v. Lundwall</u>, 1 F. Supp. 2d 249, 251 (S.D.N.Y. 1998) (the destruction and concealment of documents during civil discovery "fall[s] comfortably within the reach of the text of § 1503").

**AND NOW**, this 30th day of November, 2012, it is hereby **ORDERED** that Defendant CIGNA's Motion to Compel is **GRANTED in part**.

                                                **AND IT IS SO ORDERED.**
                                                /s/ Paul S. Diamond

                                                _____
                                                Paul S. Diamond, J.