**IN UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., | :    CIVIL ACTION |
| Plaintiff, | : |
| v. | : |
| CIGNA WORLDWIDE INS. CO., et al., | : |
| Defendants. | : |
|  | :    NO. 91-6785 |

**NON-PARTY RESPONDENT MARTIN S. KENNEY'S RESPONSE TO CIGNA
WORLDWIDE INSURANCE COMPANY'S NOTICE OF SUPPLEMENTAL
AUTHORITY SUPPORTING ITS MOTION TO COMPEL DISCOVERY**

On November 30, 2012, this Court granted Cigna Worldwide Insurance

Company's ("CIGNA") Renewed Motion to Compel Discovery insofar as it applied to non-party

respondent James A. Little.  Two CIGNA motions, however, remain pending against non-party

respondent Martin S. Kenney ("Kenney"):  (1) CIGNA's "Amended Emergency Motion for

Contempt," which seeks to hold Kenney in contempt for his efforts on behalf of two Liberian

Insurance Commissioners in the filing and prosecution of an insolvency indemnity action in the

Cayman Islands ("Cayman Action") against Swiss insurance holding company, ACE Limited;

and (2) CIGNA's Renewed Motion to Compel Discovery in support of the contempt motion,

which seeks to have the Court compel Kenney, a Canadian citizen resident in the British Virgin

Islands, to come to Philadelphia to be subjected to a deposition regarding the alleged contempt

and to submit to what CIGNA has called "jurisdictional discovery," but which actually calls

upon Kenney to produce in the United States to CIGNA all documents that could possibly relate

to the merits of CIGNA's aiding and abetting of contempt charge.

Kenney has opposed both motions by raising issues of personal and subject-matter jurisdiction, privilege, comity, and statute of limitations. Dkt Nos. 324, 333 & 350. Included in the subject-matter jurisdiction issue is the fundamental question of whether the Liberian Insurance Commissioners and their agents (including Kenney) are entitled to sovereign immunity for accepting a certain proof of claim as a debt of CIGNA's insolvent Liberian branch and for the filing and prosecution of the Cayman Action for indemnity of that claim, as well as twenty-two others. The State Department has provided this Court with its view that the Liberian Commissioners and their agents are entitled to sovereign immunity to the extent that the Commissioners were acting in their official capacities under Liberian law when they took the actions of which CIGNA complains. Dkt. No. 290. The Liberian Civil Law Court has since determined that the Commissioners were acting in their official capacities. Dkt. No. 299.

On November 28, 2012, CIGNA filed a "Notice of Supplemental Authority Supporting Its Motion to Compel Discovery," which attaches the Fourth Circuit's recent decision on sovereign immunity in *Yousuf v. Samantar*, No. 11-1479 (4th Cir. Nov. 2, 2012), Dkt. No. 356, notwithstanding that CIGNA admits that the decision "is not directly related to the motions pending before this Court," *id.* at 2. This statement is correct insofar as CIGNA cites *Yousuf* to support its demands for additional merits-based discovery; CIGNA seeks no discovery on whether the Insurance Commissioners were acting in their official capacities in connection with the Cayman Action.

The new authority is, however, relevant to the issue of sovereign immunity raised by Kenney in both pending motions. But contrary to CIGNA's claim, the Fourth Circuit's decision *supports* Kenney's claim of immunity. Here, the State Department and Kenney maintain that the Insurance Commissioners are entitled to sovereign immunity to the extent they

were acting in their official capacities. Dkt. No. 290. The Fourth Circuit agreed, further opining that "[w]ith respect to conduct-based immunity, foreign officials are immune from 'claims arising out of their official acts while in office,'" (citing *Restatement (Third) of Foreign Relations Law* § 464, reprt. note 14), and that the State Department's opinion on official immunity is entitled to "substantial weight." *Yousuf*, Slip Op. at 15, 16. The State Department's position is that the Insurance Commissioners are entitled to immunity if, under Liberian law, they were acting in an official capacity. Dkt. No. 290. The Liberian courts have ruled that the actions taken by the Insurance Commissioners, including (but not limited to) the filing and prosecution of the Cayman Action were taken in the Commissioners' official capacities. Dkt. No. 299. There can be no question that Kenney's conduct as an attorney for and representative of the Insurance Commissioners is protected by sovereign immunity. *See* Dkt. Nos. 324 at 20-24 & 333 at 19-20.

CIGNA's argument to the contrary rests on a legal conclusion unsupported by *Yousuf*, or any other cases cited by CIGNA. CIGNA maintains that whether the Liberian Insurance Commissioners were acting in their official capacities should be determined by state law applicable to state insurance commissioners in the United States. Dkt. No. 325-1 at 26. CIGNA cites no legal support that U.S. state law should determine the official capacity of the Liberian Insurance Commissioners in their pursuit of indemnity in a foreign country against a foreign corporation pursuant to the order of the Liberian court. *Id.*

Beyond *Yousuf's* agreement with the principles applicable here, the decision is not relevant to the issues before this Court because it addressed materially different facts:

- In *Yousuf*, Samantar was sued for *jus cogens* violations, including "torture, extra-judicial killings and prolonged arbitrary imprisonment of politically and

3

ethnically disfavored groups," to which immunity does not apply. *Yousuf,* Slip Op. at 23. The Insurance Commissioners and Kenney are sued for alleged aiding and abetting a contempt of court by, *inter alia,* filing the Cayman Action, conduct to which immunity does apply.

- Samantar was an official of an unrecognized government, which could neither assert immunity on Samantar's behalf nor be offended by its denial. *Id.* In this case, in contrast, Liberia has a recognized government which has requested on several occasions that its officials and their agents be granted immunity in this action, Dkt. No. 292-1 at 29-34, and whose judiciary has issued an order and opinion holding that the Insurance Commissioners were acting in their official capacities under Liberian law when they performed the acts of which CIGNA complains, Dkt. No. 299. The Diplomatic Notes and Note Verbale of the Liberian government and the decisions of Liberian courts which have been filed in this case demonstrate that Liberia already has been offended and would be further offended by a denial of immunity. Dkt. Nos. 189 & 292-1 at 29-34.

- Samantar was a permanent legal resident of the United States. *Yousuf,* Slip Op. at 23 ("U.S. residents . . . who enjoy the protections of U.S. law ordinarily should be subject to the jurisdiction of the courts . . . ."). Unlike Samantar, the Insurance Commissioners and Kenney are not United States residents, let alone permanent legal residents.

- The State Department in *Yousuf* issued a statement of interest announcing that it had determined that the defendant was not entitled to immunity. *Yousuf,*

4

Slip. Op. at 5.   In this case, as discussed above, the State Department has stated that the Commissioners are entitled to immunity so long as they were acting in an official capacity under Liberian law, and that the Commissioners' agents are also entitled to immunity to the extent that they aided the Commissioners in their official capacities, Dkt. No. 290.  The Liberian Courts have made clear that the Insurance Commissioners *were* acting in their official capacities, Dkt. No. 299.   Under *Yousuf*, the State Department's decision in this regard is entitled to "substantial weight" in the Court's analysis.  *Yousuf*, Slip. Op. at 15.

Finally, there is nothing in the *Yousuf* decision that supports CIGNA's suggestion that this Court may proceed to allow full discovery on the merits against foreign nationals without first determining all jurisdictional issues including sovereign immunity, subject-matter jurisdiction and personal jurisdiction.  The Court must resolve those issues before deciding whether CIGNA can proceed with wide-ranging merits-oriented discovery against foreign nationals.  *See* Dkt. No. 350 at 12-13.

Dated:  December 4, 2012

Respectfully submitted,

FOX ROTHSCHILD LLP

*/s/Robert C. Clothier*
Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

and

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang  (admitted *pro hac vice*)
Colleen P. Sorensen  (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

Attorneys for Non-Party Respondent
MARTIN S. KENNEY

## CERTIFICATE OF SERVICE

I hereby certify, that on December 4, 2012, a true and correct copy of the foregoing non-party respondent Martin S. Kenney's Response to Cigna Worldwide Insurance Company's Notice of Supplemental Authority Supporting Its Motion to Compel Discovery was served via the Court's ECF filing system (unless otherwise stated) upon parties listed on the attached service list:

> Donald W. Hawthorne, Esquire
> AXINN VELTROP HARKRIDER LLP
> 114 West 47th Street
> New York, NY 10036
>
> Donald Francis Donovan, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY 10022
>
> Stephen A. Cozen, Esquire
> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA 19103
> *Attorneys for Defendant, CIGNA*
> *Worldwide Insurance Company*
>
> Derek T. Ho, Esquire
> KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL P.L.L.C.
> Sumner Square, 1615 M. Street, N.W., Suite 400
> Washington, DC 20036
> *(Via Email)*
>
> Joseph A. Tate, Esquire
> DECHERT LLP
> Cira Centre, 2929 Arch Street
> Philadelphia, PA 19104-2808
> *(Via Email)*
> *Attorneys for Non-party Respondents JAMES LITTLE, ECHEMUS GROUP*
> *L.P., ECHEMUS INVESTMENT MANAGEMENT LTD., EF (US) LLC AND*
> *ECHEMUS INVESTMENTS LTD*

/s/ Rochelle D. Laws
Rochelle D. Laws