## IN UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CIGNA WORLDWIDE INS. CO., et al., | : | |
| Defendants. | : | NO. 91-6785-PSD |

## NON-PARTY RESPONDENT JOSEPH H. LILLY, III'S
## <u>MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDERS</u>

Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

and

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang (admitted *pro hac vice*)
Matthew C. Wolfe (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

Attorneys for Non-Party Respondent JOSEPH H. LILLY, III

## TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................ 1

II. ARGUMENT ................................................................................................................ 2

    A.    CIGNA's Subpoena of Lilly Is Improper, Especially in the Guise of "Jurisdictional" Discovery ............................................................................ 2

    B.    The Court Should Grant a Protective Order Forbidding the Disclosure of Privileged Information. ............................................................ 5

        1.    The Documents At Issue Belong to CCI, and Lilly Cannot Waive CCI's Privileges and Protections. .............................................. 5

        2.    Many of the Withheld Documents Cannot Be Disclosed Under Foreign Law, or Are Otherwise Protected by Foreign-Law Privileges. ............................................................................ 6

            a)    The St. Christopher and Nevis Confidential Relationships Act Prohibits Lilly from Disclosing Certain Documents. .................................................................. 6

            b)    Swiss Law Prevents Disclosure of Certain Arbitration-Related Documents. ............................................ 7

            c)    Foreign Litigation Privilege Applies to Several of the Documents at Issue. ........................................................ 8

        3.    The Withheld Documents Also Include Work Product and Privileged Attorney-Client Communications. ................................... 9

            a)    Many of the Documents Are Protected Work Product. .......................................................................................... 9

            b)    Certain Documents Are Privileged Attorney-Client Communications, or Reflect Privileged Attorney-Client Communications. .......................................................... 9

        4.    The Common Interest Doctrine Protects Privileged Materials and Work Product Shared Among the Commissioner, CCI, Echemus, and Burford. .................................. 10

III. CONCLUSION ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**

*Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas,*
   262 F.R.D. 293 (S.D.N.Y. 2009) ................................................................................................ 4

*AstraZeneca LP v. Breath Ltd.,*
   No. 08-1512, 2011 WL 1421800 (D.N.J. Mar. 31, 2011) ........................................................... 6

*Fed. Ins. Co. v. Richard Rubin & Co.,*
   12 F.3d 1270 (3d Cir. 1993) ....................................................................................................... 3

*Fid. & Dep. Co. of Md. v. McCulloch,*
   168 F.R.D. 516 (E.D. Pa. 1996) .................................................................................................. 5

*Gerling Int'l Ins. Co. v. C.I.R.,*
   839 F.2d 131 (3d Cir. 1988) ....................................................................................................... 6

*In re Automotive Refinishing Paint,*
   229 F.R.D. 482 (E.D. Pa. 2005) .................................................................................................. 3

*In re Grand Jury,*
   705 F.3d 133 (3d Cir. 2012) ....................................................................................................... 5

*In re Marc Rich & Co., A.G.,*
   707 F.2d 663 (2d Cir. 1983) ....................................................................................................... 4

*Pillar Corp. v. Enercon Industrial Corp.,*
   694 F. Supp. 1353 (E.D. Wis. 1988) .......................................................................................... 4

*Republic Gear Co. v. Borg-Warner Corp.,*
   381 F.2d 551 (2d Cir. 1967) ..................................................................................................... 10

*Saldi v. Paul Revere Life Ins. Co.,*
   224 F.R.D. 169 (E.D. Pa. 2004) .................................................................................................. 5

*Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,*
   482 U.S. 522 (1987) ............................................................................................................. 4, 6

*United Coal Cos. v. Powell Constr. Co.,*
   839 F.2d 958 (3d Cir. 1988) ....................................................................................................... 9

*United States v. First Bank of Chi.,*
   699 F.2d 341 (7th Cir. 1983) ...................................................................................................... 7

*United States v. Fisher*,
   692 F. Supp. 488 (E.D. Pa. 1988) ............................................................................................. 5

**Federal Rules**

Fed. R. Civ. P. 26 ........................................................................................................................ 5, 9

Fed. R. Civ. P. 45 ........................................................................................................................... 5

**Other Authorities**

1 Kenneth S. Broun, *McCormick on Evidence* § 92 (6th ed. 2009) ........................................... 5, 10

21 Charles Alan Wright & Arthur R. Miller,
   9A *Federal Practice and Procedure* § 2462 (3d ed. 2012) ......................................................... 4

James Hargrove, *Misplaced Confidence? An Analysis of Privacy and Confidentiality in Contemporary International Arbitration*,
   3 Disp. Resol. Int'l 47 (2009) ....................................................................................................... 8

Philip Chong & Elizabeth Trout, *Transnational Litigation* § 29.44 (2013) .................................... 8

Restatement (Third) of Foreign Relations Law § 442 (1987) .......................................................... 6

## I. INTRODUCTION

Joseph Lilly III is a New York attorney who has represented CC International, Limited ("CCI") as corporate counsel on matters outside the United States. Declaration of Joseph H. Lilly, III ¶¶ 2-4 (attached hereto as Ex. 1). CCI is a Nevis company that has no directors, officers or employees in the United States, is not licensed to do business in the United States, and does not do business in the United States. *Id.* ¶¶ 3, 8-9. It has not been served with process in this case. In his capacity as counsel to CCI since March 2006, Lilly has received, drafted or edited confidential corporate documents and agreements, all involving legal matters outside the United States. *Id.* ¶ 5-6, 8. He also has arranged Board of Directors meetings, which consist of conference calls with directors who are outside the United States, with Lilly usually taking responsibility for preparing the minutes. *Id.* ¶¶ 3, 8. CCI has declined to waive any confidentiality or privilege relating to its documents. *Id.* ¶ 7.

On January 17, 2013, CIGNA served Lilly with a subpoena in this case. *See* Ex. A to the Declaration of Donald A. Vogelsang (attached hereto as Exhibit 2). The subpoena seeks confidential CCI corporate documents that Lilly possesses in his capacity as a lawyer for CCI. Lilly timely objected to the subpoena under Federal Rule of Civil Procedure 45, *id.* ¶ 3, and has provided CIGNA with a privilege log for documents withheld. *Id.* As shown on the log, besides privileges such as work product or attorney-client, Lilly has asserted claims under the litigation privilege in foreign common-law countries, which is akin to the combination of the attorney-client and work product privileges in the United States. Lilly also asserts a privilege under the St. Christopher and Nevis Confidential Relationships Act for the documents. As explained more fully below, if Lilly were to produce those documents to CIGNA, he could be charged with a crime in Nevis and fined and imprisoned. *See* Declaration of Elizabeth Harper (attached hereto as Ex. 3). Nonetheless, CIGNA continues to demand production of these documents. CIGNA's

1

and Lilly's counsel have had a meet and confer and have not resolved the dispute over production. Vogelsang Decl. ¶ 4.

Lilly requests the following relief:

1.   An order postponing any issues involving the subpoena until this Court determines whether it has subject-matter jurisdiction and personal jurisdiction over the respondents who have raised jurisdictional issues.

2.   An order prohibiting CIGNA from seeking CCI documents through Lilly, CCI's attorney. If CIGNA wants to seek documents from CCI, it should follow the normal process for seeking discovery from a foreign non-party company by seeking letters rogatory from this Court and then seeking to get discovery from CCI in Nevis.

3.   Alternatively, if the Court determines that CIGNA may seek CCI documents from Lilly, the Court should prevent CIGNA from having access to documents for which Lilly has claimed a privilege. In all events, if the Court orders Lilly to disclose any confidential or privileged material, such disclosure should be done only under a protective order whereby CIGNA should only be permitted to use such documents in these United States District Court proceedings and, if so, under seal. Such confidential or privileged documents should not be used for a collateral purpose – for ACE and its litigation in the Cayman Islands.

4.   Lilly respectfully requests oral argument.

## II.   ARGUMENT.

A.   **CIGNA's Subpoena of Lilly Is Improper, Especially in the Guise of "Jurisdictional" Discovery.**

Although CIGNA purported to name CCI in the "amended emergency" motion for contempt it filed in this matter, CIGNA did not serve CCI with that motion. Now CIGNA is attempting to get documents belonging to and controlled by that foreign company, over which

the Court has no jurisdiction, by improperly demanding the documents from an attorney that has no authority to release them.

This Court allowed CIGNA to pursue jurisdictional discovery from one party: James Little. This Court did not say CIGNA could expand the bounds of the currently-allowed discovery by subpoenaing lawyers for companies that have not even been served in this case. CIGNA's subpoena to Lilly sought, among other things, "All Corporate Documents of CCI," "Any Agreement between CCI and any of its directors or investors, or among any of its investors," and specific funding agreements to which CCI was a party. Vogelsang Decl. Ex. A. These topics make clear that CIGNA is improperly attempting general, non-jurisdictional, discovery, and its goal is to gather information it can give to ACE Limited to use in its $872,000 legal fee claim pursued in the Cayman Islands. *See* Non-Party Respondent Martin Kenney's Motion to Dismiss and for Protective Orders, also filed today ("Kenney Motion")

The current jurisdictional issues concern respondents who were actually served (Martin Kenney, James Little, and the Echemus entities), and there is no need for any further jurisdictional discovery to determine the subject-matter or personal jurisdiction issues raised by them. This discovery goes far beyond permissible "jurisdictional" discovery. *See Fed. Ins. Co. v. Richard Rubin & Co.*, 12 F.3d 1270, 1284 & n.11 (3d Cir. 1993) (cautioning that jurisdictional "discovery and fact-finding should be limited to the essentials necessary to determining the preliminary question of jurisdiction"). Thus, at the very least, the Court should postpone any matters involving the subpoena on Lilly until the Court decides the jurisdictional issues already briefed.

For a subpoena to be enforceable, the Court must have personal jurisdiction over the subpoenaed party. *In re Automotive Refinishing Paint*, 229 F.R.D. 482, 487 (E.D. Pa. 2005); *In*

re *Marc Rich & Co., A.G.*, 707 F.2d 663, 669 (2d Cir. 1983) ("A federal court's jurisdiction is not determined by its power to issue a subpoena; its power to issue a subpoena is determined by its jurisdiction."). "The federal district court's power of subpoena does not extend to non-citizens beyond the nation's borders." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) (collecting cases); 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2462 (3d ed. 2012). "American courts, in supervising pretrial proceedings, should exercise special vigilance to protect foreign litigants from the danger that unnecessary, or unduly burdensome, discovery may place them in a disadvantageous position." *Societe Nationale Industrielle Aerospatiale v. United States District Court for the Southern District of Iowa,* 482 U.S. 522, 546 (1987).

CIGNA should not be allowed to seek discovery from CCI, over which this Court does not have jurisdiction, through CCI's attorney. *Pillar Corp. v. Enercon Industrial Corp.*, 694 F. Supp. 1353 (E.D. Wis. 1988), is on point. There, the plaintiff sought jurisdictional discovery from a foreign defendant's American counsel, purportedly "to acquire information regarding the contacts of [defendant] with the United States." 694 F. Supp. at 1362. The Court held that jurisdictional discovery directed towards defendant's American counsel was "inappropriate. [Plaintiff] has not directed the court to any authority for the proposition that a client's contacts with its counsel are sufficient to establish personal jurisdiction over that party." *Id.* at 1363. The Court quashed the subpoena, holding that plaintiff should seek its "jurisdictional discovery" from defendant itself. *Id.*

The same applies here. If CIGNA wants discovery from CCI, even "jurisdictional" discovery, the Court should require it to follow the usual procedures for trying to get discovery

from a foreign company, which is to seek letters rogatory from this Court and then attempt to get discovery in Nevis.

### B. The Court Should Grant a Protective Order Forbidding the Disclosure of Privileged Information.

In the event the Court considers CIGNA's entitlement to documents and whether they are privileged, Lilly requests that discovery not be allowed. For good cause, the court may issue a protective order forbidding the disclosure of privileged information. Fed. R. Civ. Proc. 26(c). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." *Saldi v. Paul Revere Life Ins. Co.*, 224 F.R.D. 169, 175 (E.D. Pa. 2004). Prospective violation of the attorney-client privilege, work product doctrine, and other similar privileges or protections provide sufficient "good cause" for a protective order to be granted. *See Fid. & Dep. Co. of Md. v. McCulloch*, 168 F.R.D. 516, 522 (E.D. Pa. 1996).

#### 1. The Documents At Issue Belong to CCI, and Lilly Cannot Waive CCI's Privileges and Protections.

"On timely motion, the issuing court *must* quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. Proc. 45(a)(3)(A)(iii) (emphasis added). The documents at issue belong to CCI, not Lilly. Lilly may possess the documents, but control over the documents belongs to CCI. A party who does not have legal control over the documents requested cannot produce those documents. *In re Grand Jury*, 705 F.3d 133, 147 (3d Cir. 2012). CCI has not waived privilege, and Lilly, as CCI's attorney, cannot waive CCI's privileges for it, so Lilly cannot produce the documents. *United States v. Fisher*, 692 F. Supp. 488, 494 (E.D. Pa. 1988) (attorney can assert privilege on client's behalf, "but only the client may waive it"); 1 Kenneth S. Broun, *McCormick on Evidence* § 92 (6th ed. 2009). The location of the documents makes no difference: "if a party does not control the documents, their location, whether within the territorial jurisdiction of the court or not, is

5

irrelevant." *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1988). Lilly should not be required to produce the privileged CCI documents.

### 2. Many of the Withheld Documents Cannot Be Disclosed Under Foreign Law, or Are Otherwise Protected by Foreign-Law Privileges.

Foreign law, in particular the St. Christopher and Nevis Confidential Relationships Act, prevents Lilly from disclosing CCI's documents. This Court must exercise "special vigilance" given that foreign parties and foreign privileges are at stake. *Societe Nationale*, 482 U.S. at 546. A "communication privileged where it was made is not subject to discovery in a United States court, in the absence of waiver by those entitled to the privilege. If a communication was made in more than one state – for instance, by letter or international telephone – the privilege is ordinarily determined by the law of the state with which the subject of the communication has its most significant connection." Restatement (Third) of Foreign Relations Law § 442 (1987), comment d; *AstraZeneca LP v. Breath Ltd.*, No. 08-1512, 2011 WL 1421800, at *8 (D.N.J. Mar. 31, 2011) (foreign privilege law applies to communications that "relate to activity in a foreign country"). The vast majority of the CCI documents have their most significant connection to St. Christopher and Nevis; others have connections to the British Virgin Islands, the Cayman Islands, and Switzerland. Accordingly, the privileges and protections available under the laws of those countries applies to those documents.

Below, Lilly describes each of the foreign-law bases for nondisclosure cited in his privilege and redaction logs.

### a) The St. Christopher and Nevis Confidential Relationships Act Prohibits Lilly from Disclosing Certain Documents.

CIGNA seeks CCI's corporate documents. Lilly is prohibited from disclosing these documents by St. Christopher and Nevis law ("Nevis law"). As described more fully in the attached Declaration of Elizabeth Harper (attached hereto as Exhibit 3), Nevis law provides "the

most rigid privacy in the Caribbean region." Harper Decl. ¶ 3. Nevis law prohibits any person having possession of confidential information of a company incorporated there from revealing it to any person who is not entitled to such information either under applicable Nevis law, or pursuant to the consent of the company and persons who provided the confidential information. *Id.* ¶ 5. Under Nevis law, any person anywhere who "being in possession of confidential information, however obtained, (i) divulges it to any person not entitled to possession thereof . . . commits an offense." *Id.* ¶ 8. Penalties for each offense apply specifically to attorneys; in fact, heightened punishments apply to attorneys: a lawyer such as Lilly who breaches Nevis confidentiality laws may be prosecuted and, if convicted, may be fined $10,000, imprisoned for 10 years, or both. *Id.* ¶ 7 & Ex. A. Nevis law prohibits disclosure of the specific documents withheld by Lilly. *Id.* ¶¶ 10–14.

Thus, Lilly could be fined, imprisoned, or both if he discloses documents relating to CCI that are confidential under Nevis law. Where foreign law prevents foreign citizens from disclosing information held abroad, the Court must sensitively balance "the competing interests at stake." *United States v. First Bank of Chi.*, 699 F.2d 341, 345 (7th Cir. 1983) (abuse of discretion for district court to order Greek citizens to violate Greek criminal law by conveying confidential information held in Greece). Exposure to criminal penalties constitutes a significant hardship that tips the balance towards nondisclosure. *Id.* Plainly, exposure to prosecution would constitute a "significant hardship" on Lilly if the Court were to order him to disclose protected information about Nevis corporations in violation of Nevis law.

    b) **Swiss Law Prevents Disclosure of Certain Arbitration-Related Documents.**

Lilly has withheld three documents relating to a Swiss arbitration involving CCI and various other foreign entities. Harper Decl. Ex. C. In addition to other applicable privileges,

these documents are also protected from disclosure by Nevis law; thus, the Court need not reach this issue if it agrees that Nevis law bars disclosure of the documents. However, in the event that the Court holds that Nevis law does not apply, the Court should grant an order of protection as to the Swiss documents. "As a matter of generally accepted practice in Switzerland, the deliberations and the decision of an arbitral tribunal are secret, the arbitrators are under an obligation to keep the proceedings confidential, third parties do not have access to the files of the tribunal and they cannot participate at the hearings without the parties' agreement. . . the Swiss courts will protect and enforce agreements between the parties in relation to confidentiality." James Hargrove, *Misplaced Confidence? An Analysis of Privacy and Confidentiality in Contemporary International Arbitration*, 3 Disp. Resol. Int'l 47, 50 (2009). The arbitration took place in Switzerland among various foreign entities; thus Swiss law bars their disclosure here.

### c) Foreign Litigation Privilege Applies to Several of the Documents at Issue.

Several of the documents requested by CIGNA have their most significant connection to the British Virgin Islands, the Cayman Islands, or St. Christopher and Nevis. They therefore are covered by foreign Litigation Privilege. For purposes of this Motion, we define "Litigation Privilege" to mean the common-law versions of privileges and doctrines protective of attorney-client communications and work product, as applied in the British Virgin Islands, Cayman Islands, and St. Christopher and Nevis. *See* Philip Chong & Elizabeth Trout, *Transnational Litigation* § 29.44 (2013) (discussing the common-law privileges generally). Generally, the Litigation Privilege protects any confidential communication or document, the dominant purpose of its creation being in connection with litigation. The Litigation Privilege applies to many documents for which Lilly has asserted privilege, and so he properly withheld them on those grounds.

### 3. The Withheld Documents Also Include Work Product and Privileged Attorney-Client Communications.

To the extent American law applies to any of the CCI documents withheld by Lilly, several of those documents are work product or privileged attorney-client communications.

#### a) Many of the Documents Are Protected Work Product.

Several of the withheld documents were not produced because they are work product. When a party withholds information on a claim of privilege or work product protection, "the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. Proc. 26(b)(5)(A). Lilly has done so, preparing a detailed privilege log. *See* Harper Decl. Ex. C. Thus, CIGNA may discover those documents only if it can show that "they are otherwise discoverable under Rule 26(b)(1)" *and* that it has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. Proc. 26(b)(3)(A). CIGNA cannot make either showing. The Court has allowed CIGNA to take only limited jurisdictional discovery. CCI was never served in this case and the withheld documents do not relate to anyone's contacts with Pennsylvania. The documents at issue are not needed to determine the issue of jurisdiction over the respondents who have been served.

#### b) Certain Documents Are Privileged Attorney-Client Communications, or Reflect Privileged Attorney-Client Communications.

In addition to being work product, many documents withheld by Lilly are also privileged attorney-client communications. "[I]t is the attorney client status that determines the existence of the privilege, and not party status. . . . non parties may assert applicable privileges." *United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 965 (3d Cir. 1988). An attorney is "duty bound" to

9

invoke the attorney-client privilege on his client's behalf when the client is not a party to the proceeding in which the disclosure is sought. *Republic Gear Co. v. Borg-Warner Corp.*, 381 F.2d 551, 556 (2d Cir. 1967); 1 Kenneth S. Broun, *McCormick on Evidence* § 92 (6th ed. 2009). The logged documents contain confidential communications between Lilly and representatives of his client, CCI, made for the purpose of obtaining or providing professional legal advice. These documents are protected by the attorney-client privilege.

### 4. The Common Interest Doctrine Protects Privileged Materials and Work Product Shared Among the Commissioner, CCI, Echemus, and Burford.

CIGNA also takes the position that certain communications involving CCI's funding of certain cross-border asset recovery claims are not privileged. To the contrary, those communications are privileged under the common interest doctrine. For the reasons stated in the Kenney Motion, communications with CCI in pursuit of litigation financing were done pursuant to a common legal interest, and no privilege or protection was waived.

### III. CONCLUSION

Lilly requests the following relief:

1. An order postponing any issues involving the subpoena until this Court determines whether it has subject-matter jurisdiction and personal jurisdiction over the respondents who have raised jurisdictional issues.

2. An order prohibiting CIGNA from seeking CCI documents through Lilly, CCI's attorney. If CIGNA wants to seek documents from CCI, it should follow the normal process for seeking discovery from a foreign non-party company by seeking letters rogatory from this Court and then seeking to get discovery from CCI in Nevis.

3. Alternatively, if the Court determines that CIGNA may seek CCI documents from Lilly, the Court should prevent CIGNA from having access to documents for which Lilly has

claimed a privilege.  In all events, if the Court orders Lilly to disclose any confidential or privileged material, such disclosure should be done only under a protective order whereby CIGNA should only be permitted to use such documents in these United States District Court proceedings and, if so, under seal.  Such confidential or privileged documents should not be used for a collateral purpose – for ACE and its litigation in the Cayman Islands.

    4.        Lilly respectfully requests oral argument.

Respectfully submitted,

FOX ROTHSCHILD LLP

/s/Robert C. Clothier
Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

and

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang (admitted *pro hac vice*)
Matthew C. Wolfe  (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

Attorneys for Non-Party Respondent,
Joseph H. Lilly, III

Dated:  March 18, 2013

## CERTIFICATE OF SERVICE

I hereby certify, that on this date a true and correct copy of the foregoing Motion For Protective Orders of Non-party Respondent Joseph H. Lilly, III was served via the Court's ECF filing system (unless otherwise stated) upon the parties listed on the attached service list:

        Donald W. Hawthorne, Esqire
        AXINN VELTROP HARKRIDER LLP
        114 West 47th Street
        New York, NY 10036

        Donald Francis Donovan, Esquire
        DEBEVOISE & PLIMPTON LLP
        919 Third Avenue
        New York, NY 10022

        Stephen A. Cozen, Esquire
        Richard J. Bortnick, Esquire
        COZEN O'CONNOR
        1900 Market Street
        Philadelphia, PA 19103
        *Attorneys for Defendant, CIGNA*
        *Worldwide Insurance Company*

        Derek T. Ho, Esquire
        KELLOGG, HUBER, HANSEN, TODD,
        EVANS & FIGEL P.L.L.C.
        Sumner Square
        1615 M Street, N.W., Suite 400
        Washington, DC 20036
        *(Via E-Mail)*

        Joseph A. Tate, Esquire
        DECHERT LLP
        Cira Centre
        2929 Arch Street
        Philadelphia, PA 19104-2808
        *(Via E-Mail)*
        *Attorneys for Non-Party Respondents,*
        *ECHEMUS GROUP L.P., ECHEMUS INVESTMENT MANAGEMENT*
        *LTD., EF (US) LLC, AND JAMES LITTLE*

                              /s/ Rochelle D. Laws
                              ROCHELLE D. LAWS

Dated:   March 18, 2013