## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| CIGNA WORLDWIDE INS. CO., et al., | : | NO. 91-6785-PSD |
| Defendants. | : | |

## NON-PARTY RESPONDENT JOSEPH H. LILLY, III'S
## CONSOLIDATED OPPOSITION TO MOTION TO COMPEL AND
## REPLY IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDERS

Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

and

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang (admitted *pro hac vice*)
Matthew C. Wolfe (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

Attorneys for Non-Party Respondent JOSEPH H. LILLY, III

## TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES .............................................................................................. ii

INTRODUCTION ........................................................................................................... 1

ARGUMENT ................................................................................................................. 3

I.      LILLY PROPERLY WITHHELD THE DOCUMENTS AT
ISSUE. ................................................................................................................. 3

      A.      Lilly Does Not Control CCI's Documents and Cannot
Waive its Privileges and Protections.......................................................... 3

      B.      CCI Was Never Properly Served. ................................................................ 6

      C.      Lilly Properly Withheld Documents Under Foreign Law. .......................... 7

               1.      The Court's November 30, 2012 Ruling Was On The Issue Of
Little's Control Of Echemus Documents, Not The Applicability Of
Foreign Privilege Law.................................................................... 8

               2.      The *Aerospatiale* Analysis Favors Lilly. ......................................... 9

      D.      CIGNA Has Not Made The Showing Required To Discover
Work Product............................................................................................ 11

      E.      No Waiver Took Place............................................................................... 13

               1.      The Crime-Fraud Exception Does Not Apply. ............................. 13

               2.      The Common-Interest Doctrine Applies......................................... 16

CONCLUSION............................................................................................................... 16

i

# TABLE OF AUTHORITIES

PAGE

**Cases**

*1st Tech., LLC v. Rational Enters. Ltda.*,
  No. 06-cv-01110, 2008 WL 4571258 (D. Nev. July 15, 2008) ...................................... 4

*AMEC Civil, LLC v. DMJM Harris, Inc.*,
  No. 06-604, 2008 WL 8171059 (D.N.J. July 11, 2008) ............................................... 16

*Commonwealth v. Armstrong*,
  897 N.E.2d 105 (Mass. App. 2008) ............................................................................. 14

*Ex Parte Robinson*,
  86 U.S. 505 (1873) ...................................................................................................... 15

*Garvey v. Nat'l Grange Mut. Ins. Co.*,
  167 F.R.D. 391 (E.D. Pa. 1996) .................................................................................. 12

*Gerling Int'l Ins. Co. v. C.I.R.*,
  839 F.3d 131 (3d Cir. 1988) .......................................................................................... 5

*Hickman v. Taylor*,
  329 U.S. 495 (1947) .................................................................................................... 12

*In re Arthur Treacher's Franchisee Litig.*,
  92 F.R.D. 429 (E.D. Pa. 1981) ...................................................................................... 5

*In re Cendant Corp. Sec. Litig.*,
  343 F.3d 658 (3d Cir. 2003) ........................................................................................ 11

*In re Flat Glass Antitrust Litig.*,
  288 F.3d 83 (3d Cir. 2002) .......................................................................................... 13

*In re Grand Jury*,
  705 F.3d 133 (3d Cir. 2012) .......................................................................................... 5

*In re Leslie Controls*,
  437 B.R. 493 (Bankr. D. Del. 2010) ............................................................................ 16

*In re Neurontin Antitrust Litig.*,
  No. 02-1390, 2011 WL 2357793 (D.N.J. June 9, 2011) ............................................... 13

*In re Teleglobe Commc'ns Corp.*,
  493 F.3d 345 (3d Cir. 2007) ........................................................................................ 16

*Jamison v. Miracle Mile Rambler, Inc.*,
   536 F.2d 560 (3d Cir. 1976) ......................................................................................... 5

*Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*,
   265 F.R.D. 106 (S.D.N.Y. 2010) .................................................................................... 7

*Markert v. PNC Fin. Servs. Group, Inc.*,
   828 F.Supp.2d 765 (E.D. Pa. 2011) ........................................................................... 3, 4

*McGee v. Feege*,
   517 Pa. 247 (Pa. 1987) ............................................................................................... 13

*Mercy Catholic Med Ctr. v. Thompson*,
   380 F.3d 142 (3d Cir. 2004) ...................................................................................... 4, 8

*Morrison v. Nat'l Australia Bank Ltd.*,
   130 S. Ct. 2869 (2010) ................................................................................................ 15

*Patel v. Havana Bar, Restaurant and Catering*,
   No. 10-1383, 2011 WL 6029983 (E.D. Pa. Dec. 5, 2011) ........................................... 13

*Pillar Corp. v. Enercon Indus. Corp.*,
   694 F. Supp. 1353 (E.D. Wis. 1988) ............................................................................. 6

*Rhone-Poulec Rorer Inc. v. Home Indem. Co.*,
   32 F.3d 851 (3d Cir. 1994) ......................................................................................... 11

*Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*,
   482 U.S. 522 (1987) ................................................................................................ 9, 11

*United States v. Cabrales*,
   524 U.S. 1 (1998) ....................................................................................................... 14

*United States v. Fisher*,
   692 F. Supp. 488 (E.D. Pa. 1988) ................................................................................. 5

*United States v. Pendleton*,
   658 F.3d 299 (3d Cir. 2011) ....................................................................................... 14

*United States v. Stewart*,
   256 F.3d 231 (4th Cir. 2001) ...................................................................................... 14

**Rules**

Fed. R. Civ. Proc. 26 ....................................................................................................... 12

Fed. R. Civ. Proc. 4 ........................................................................................................... 7

iii

Fed. R. Crim. Proc. 18 ..................................................................................................... 14

Fed. R. Crim. Proc. 42 ..................................................................................................... 14

## Other Authorities

18 U.S.C. § 401 ................................................................................................................. 15

4B Wright & Miller, *Federal Practice & Procedure Civ.* § 1133 (3d ed. 2012) ............... 7

8 Wright & Miller, *Federal Practice & Procedure* § 2025 (3d ed. 2012) ....................... 12

Restatement (Third) of Foreign Relations Law § 442 (1987)............................................. 7

U.S. Const. amend. VI and U.S. Const. art. III, § 2, cl. 3 .................................................. 14

## INTRODUCTION

On January 17, 2013, CIGNA served Joseph Lilly, III, a New York attorney, with a subpoena for documents. Lilly has provided corporate legal services to CC International, Limited ("CCI"), a Nevis company, including reviewing, revising and advising on confidential and privileged corporate legal documents, all of which were created for use in foreign countries and involved matters, persons and entities in foreign countries. Declaration of Joseph H. Lilly III, Dkt. No. 369-2 ("Lilly Decl."). Lilly has produced documents to CIGNA pursuant to CIGNA's subpoena and provided a privilege log. CIGNA's dispute with Lilly involves 54 CCI documents containing confidential information pertaining to CCI's business and/or corporate governance, which CIGNA has demanded as part of its "jurisdictional" discovery from non-party respondents Martin Kenney, the Echemus entities and James Little. *See* Ex. A to CIGNA's Motion to Compel.

None of these documents have any relevance to the jurisdictional issues in this action, which include (without limitation) sovereign immunity, subject-matter jurisdiction, and comity. Nor are any of them relevant to contacts with Pennsylvania and the personal jurisdiction issues raised by Kenney, the Echemus entities, or Little. In fact, the challenged documents mostly pre-date Echemus and Little's involvement in this matter, and Lilly's privilege log shows Little as an author or recipient of only one such document. *See id.* at Objection Log Entry 24.

This Court's discovery order limited CIGNA to jurisdictional discovery from Little. Dkt. No. 358. CIGNA sought no leave of court for what is patently merits discovery from a third party. That discovery seeks documents of CCI, which has not

1

been properly served with anything in this case and is not the subject of the jurisdictional and other issues that have been raised by Kenney, Echemus, and Little since last June.

CIGNA tries to justify its unauthorized subpoena by asserting Lilly has previously represented Echemus entities on occasion. CIGNA Brief at 1. CIGNA uses that assertion to make it appear that CIGNA is merely seeking documents that Little, a director of one of the Echemus entities, should have acquired from Lilly in his role as counsel for Echemus. *Id.* CIGNA fails to point out that this current dispute over the documents on Lilly's privilege log does not involve Echemus documents (which Lilly has provided), but instead CCI's documents. In essence, CIGNA has ignored the Court's restrictive order as to jurisdictional discovery from Little as a director of Echemus Investment Management Ltd. *See* Dkt. No. 358. CIGNA should be sanctioned for failing to seek leave to take discovery on the merits from third parties outside the scope of this Court's order. At the very least, CIGNA's motion to compel should be stricken.

Lilly has moved for a protective order that: (a) stays the matters involving the subpoena until the Court has decided the motion to dismiss and the jurisdictional and other legal issues that Kenney, Echemus and Little have raised; (b) prohibits CIGNA from seeking documents belonging to CCI from him; (c) prevents CIGNA from having access to documents claimed as privileged; and (d) prevents CIGNA from using outside of these proceedings any confidential documents Lilly may produce before this Court. Dkt. No. 369. The Court should grant that motion and deny CIGNA's motion to compel. Lilly incorporates herein Martin Kenney's Consolidated Response, also filed today ("Kenney's Response"), and adopts Kenney's argument that the protective order in this case should not be modified as requested by CIGNA, but instead should be modified to

2

prevent CIGNA and ACE from using documents obtained here in other proceedings, and to order CIGNA to request the return of all such documents it has already delivered to ACE.[1]

As set out below, even if the Court determines that it must reach the discovery issues, Lilly has correctly withheld the 54 documents on his log that CIGNA objects to in its Motion to Compel. In its 52-page brief CIGNA did not respond to Lilly's argument that he lacks legal control over these documents, and it did not dispute Lilly's Nevis law expert's interpretation of the St. Christopher and Nevis Confidential Relationships Act ("Nevis Act"). If the Court reaches the privilege issues, CIGNA's failure to dispute these basic building blocks of Lilly's Motion for Protective Orders should be dispositive. *See*, *e.g.*, *Markert v. PNC Fin. Servs. Group, Inc.*, 828 F.Supp.2d 765, 773 (E.D. Pa. 2011) (failure to contest arguments results in waiver). Lilly has properly withheld the documents at issue.

## ARGUMENT

## I.      LILLY PROPERLY WITHHELD THE DOCUMENTS AT ISSUE.

### A.      Lilly Does Not Control CCI's Documents and Cannot Waive its Privileges and Protections.

The documents sought from Lilly in CIGNA's Motion to Compel were withheld, at least in part, in accordance with the requirements of the Nevis Act. CIGNA

---

[1] Pursuant to Federal Rules of Civil Procedure 7(b)(2) and 10(c), this brief also incorporates by reference the following pleadings: Non-Party Respondent Martin S. Kenney's Opposition to Amended (to Identify Fictitiously Named Respondents) Motion of Defendant CIGNA Worldwide Insurance Company for Contempt and to Enforce This Court's Anti-suit Injunction Order, Dkt. No. 324; Declaration of Martin S. Kenney in Support of His Opposition to Amended (to Identify Fictitiously Named Respondents) Motion of Defendant CIGNA Worldwide Insurance Company for Contempt and to Enforce This Court's Anti-suit Injunction Order, Dkt. No. 324-1; Non-Party Respondent Martin S. Kenney's Response to CIGNA's Motion to Compel Discovery and Delay Decision on Jurisdiction, Dkt. No. 333; Non-Party Respondent Martin S. Kenney's Opposition to CIGNA's Renewed Motion to Compel Discovery, Dkt. No. 350; Non-Party Respondent Martin S. Kenney's Motion to Dismiss and for Protective Orders, and Memorandum in Support, Dkt. No. 368 ("Kenney Motion to Dismiss"); Non-Party Respondent Joseph H. Lilly, III's Motion for Protective Orders, Dkt. No. 369.

subpoenaed Lilly for the purpose of seeking CCI's documents, acknowledges that CCI is a Nevis corporation, and has identified no contacts that CCI has with the United States. CIGNA does not challenge the Declaration of Nevis law expert Elizabeth Harper, a Nevis attorney (Dkt No. 369-3), who explained that Lilly correctly withheld those documents under Nevis law. *See* CIGNA Brief at 48-50.

Further, in its 52-page brief, CIGNA ignores a key issue as to Lilly – his lack of legal control of CCI's documents – even though it makes much of the Court's November 30, 2012 Order as to James Little. That Order, which ruled on Little's control of Echemus documents as a director (*see* Section I.C.1) emphasized that "so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." Dkt. No. 358 (*citing Mercy Catholic Med Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004)). CIGNA does not respond to Lilly's sworn testimony that CCI specifically declined to waive any confidentiality or privilege relating to its documents. Lilly Memorandum in Support of Motion for Protective Orders at 1 (Dkt. No. 369-1, hereafter "Lilly Motion") & Lilly Decl. ¶ 7 (Dkt. No. 369-2). And CIGNA does not respond to Lilly's argument that he does not legally control CCI's documents for the purpose of production and cannot waive CCI's privileges. CIGNA has therefore waived any ability to argue otherwise. *See Markert*, 828 F. Supp. 2d at 773.

To the contrary, CIGNA argues only that "the policy underlying the attorney client privilege is not undermined if an attorney is required to produce documents that could have been *legally obtained from the client through court process*." CIGNA Brief at 49 (*quoting 1st Tech., LLC v. Rational Enters. Ltda.*, No. 06-cv-01110, 2008 WL 4571258, at *6 (D. Nev. July 15, 2008)) (emphasis added). Thus, CIGNA's argument

4

requires CIGNA to show that it could have "legally obtained through court process" the CCI documents it has demanded from Lilly. But CIGNA actually takes the opposite position: it asserts that it cannot legally obtain the documents from CCI by following proper legal procedures for seeking documents in Nevis – even though CIGNA has not even made an attempt to do so. CIGNA Brief at 50.

Thus, what CIGNA is attempting should not be allowed. It has subpoenaed CCI's New York lawyer to produce documents CIGNA asserts it would not otherwise legally be entitled to obtain through legal process. Lilly does not control CCI's documents, and CCI has instructed Lilly not to waive any confidentiality or privilege relating to its documents. Lilly cannot produce CCI's documents. *In re Grand Jury*, 705 F.3d 133, 147 (3d Cir. 2012) (lawyer who does not have legal control over documents requested cannot produce them, even if documents are in lawyer's possession); *Gerling Int'l Ins. Co. v. C.I.R.*, 839 F.2d 131, 140 (3d Cir. 1988) (absent legal control, location of the documents is irrelevant); *United States v. Fisher*, 692 F. Supp. 488, 494 (E.D. Pa. 1988) (attorney can assert privilege on client's behalf, "but only the client may waive it"); *see also* Lilly Motion at 5-6.

Ignoring the control issue, CIGNA points out that attorneys are sometimes compelled to comply with discovery requests, and cites inapposite cases which allow limited discovery from an attorney involved in key events relating to the merits of the case and as to which discovery had been authorized. *Jamison v. Miracle Mile Rambler, Inc.*, 536 F.2d 560, 565 (3d Cir. 1976) (allowing limited deposition of attorney in a case alleging insurer's bad faith and a collusive settlement in which the attorney was involved); *In re Arthur Treacher's Franchisee Litig.*, 92 F.R.D. 429, 439 (E.D. Pa. 1981)

(quashing a subpoena served on a party's attorney as "unreasonable and oppressive" and allowing limited deposition by written questions of attorney who had attended a key meeting at issue in the litigation). This is not the case here. CIGNA is authorized only to conduct limited jurisdictional discovery Lohman, Little, and Echemus, and the fact that CCI's New York–based attorney reviewed, edited and received confidential documents for the purpose of providing legal advice to CCI has nothing to do with the jurisdictional issues before this Court. *See Pillar Corp. v. Enercon Indus. Corp.*, 694 F. Supp. 1353, 1363 (E.D. Wis. 1988) (plaintiff seeking jurisdictional discovery against foreign defendant must seek discovery from the defendant, not its American attorney).

### B.      CCI Was Never Properly Served.

CIGNA attempts to avoid the control issues by falsely claiming that CCI was properly served in this case. (CIGNA does not explain why, if this is the case, it needs to subpoena CCI's lawyer instead of following proper channels of discovery.) CIGNA's argument fails for two reasons. First, the November 19, 2008 Order to Show Cause cited by CIGNA states that "for all purposes of this Emergency Motion, service upon [Samuel] Lohman of all papers and Orders directed to the Assignees shall be deemed good and sufficient service upon the Assignees." Dkt. No. 175. That order on its face is limited to CIGNA's "Emergency Motion," and the "Emergency Motion" has been dismissed as of December 7, 2012. Dkt. No. 360. CIGNA's subpoena on Lilly was served on January 17, 2013. Thus, if the order were ever valid, it is not now.

Second, CIGNA's reading of the order would render it unconstitutional. Under CIGNA's reading, the November 19, 2008 Order to Show Cause purports to deem CCI served via service on Lohman, who was not CCI's agent. In limited circumstances, the Federal Rules of Civil Procedure authorize alternative methods of service on foreign

6

corporations.  *See* Fed. R. Civ. Proc. 4(h)(2).  But an alternative method of service upon a foreign defendant "must be in accord with the United States' constitutional due process requirements and must be minimally offensive to the foreign nation's law."  4B Wright & Miller, *Federal Practice & Procedure Civ.* § 1133 (3d ed. 2012).  Service cannot be effected on a foreign defendant by serving a co-defendant's United States counsel. *Madu, Edozie & Madu, P.C. v. SocketWorks Ltd. Nigeria*, 265 F.R.D. 106, 116 (S.D.N.Y. 2010) (service on counsel who did not represent foreign defendant and did not have contact information for foreign defendant does not comply with due process).  Here, the alleged service on CCI is even further afield from basic notions of due process.  In this case, the Court ruled that Lohman was served when CIGNA left copies of the summons with Lohman's brother in Oregon.  Dkt. Nos. 189 & 200.  Lohman – never mind his brother – was not CCI's agent and was not authorized to accept service for CCI.  Thus, CIGNA's reading of the order does not comply with due process, and its attempted service on CCI is void.

### C.     Lilly Properly Withheld Documents Under Foreign Law.

Contrary to CIGNA's assertions, foreign law applies to every one of the privilege claims made by Lilly.  It is black-letter law that "a communication privileged where it was made is not subject to discovery in a United States Court, in the absence of waiver by those entitled to the privilege.  If a communication was made in more than one state – for instance, by letter or international telephone – the privilege is ordinarily determined by the law of the state with which the subject of the communication has its most significant connection."  Restatement (Third) of Foreign Relations Law § 442 (1987), comment d. None of the communications at issue were made from or to Pennsylvania, and CIGNA has not made any allegations to the contrary.  As shown in the Kenney Motion to Dismiss

7

at 20–23, the Lilly Motion at 6–8, and the expert Declaration of Elizabeth Harper (Dkt. No. 368-3), foreign law applies to the documents at issue, and Kenney and Lilly have properly withheld them. As discussed below, CIGNA's arguments that foreign law does not apply to privilege claims fail, and production of the CCI documents is not required to determine the jurisdictional issues before the Court.

> **1.    The Court's November 30, 2012 Ruling Was On The Issue Of Little's Control Of Echemus Documents, Not The Applicability Of Foreign Privilege Law.**

CIGNA claims that this Court has already ruled that "foreign law does not control discovery in this Court." *See* CIGNA Brief at 45 (*citing* Dkt. No. 358). In doing so, CIGNA misstates the record and ignores the actual circumstances of the Court's November 30, 2012 order. That order was issued in response to CIGNA's motion to compel Little, a resident of Maryland and a director of Echemus Investment Management, to produce Echemus Investment Management documents. At issue then was Little's control, as director, of Echemus Investment Management documents. As the Court put it: "So long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." Dkt. No. 358 (*quoting Mercy Catholic Med. Ctr. v. Thompson*, 380 F.3d 142, 160 (3d Cir. 2004)) (internal alterations omitted). The Court made clear that it was not ruling on any issue of privilege by ordering the parties to enter into a Rule 502 agreement to assure no inadvertent waiver of privilege. *Id*. Thus, the limited issue on which the Court ruled in its November 30, 2012 order was whether the discovery rules of the Federal Rules of Civil Procedure applied to an American citizen's control of the documents of a corporation of which he was a director. Those discovery rules are not determinative of issues of privilege.

8

Case 2:91-cv-06785-PD   Document 376   Filed 04/15/13   Page 14 of 23

## 2.   The *Aerospatiale* Analysis Favors Lilly.

Contrary to CIGNA's claims, the Supreme Court's opinion in *Aerospatiale*, which Lilly cited in his motion, does not favor CIGNA here. First, in *Aerospatiale*, the lower court had already determined that it had jurisdiction over the foreign party. The Supreme Court specifically noted this: "It is well settled that [foreign] statutes do not deprive an American court of the power to order a party *subject to its jurisdiction* to produce evidence even though the act of production may violate that statute." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa*, 482 U.S. 522, 544 n.29 (1987) (emphasis added) ("*Aerospatiale*").

CCI has no contacts with Pennsylvania, does no business in the United States, and has never taken any action in the United States. The arguments Martin Kenney has already set out for lack of jurisdiction to charge civil or criminal contempt as to him apply equally to CCI. Moreover, CCI is not even in these proceedings. *See* Section I.B. Without jurisdiction over CCI, there is no basis to even consider that Pennsylvania law could apply.

Second, *Aerospatiale* expressly emphasizes that American courts must exercise "special vigilance" over discovery requests to foreign parties. Effectively, CIGNA is seeking discovery from CCI through Lilly. Thus, "special vigilance" should apply. "When it is necessary to seek evidence abroad, however, the district court must supervise pretrial proceedings particularly closely to prevent discovery abuses." *Aerospatiale*, 482 U.S. at 546. The facts here make clear that CIGNA has not even attempted to seek evidence abroad by the proper legal procedures, but instead is abusing discovery in an effort to maximize costs and inconvenience to the third-party respondents. So do the five factors mentioned in *Aerospatiale* and cited by CIGNA:

9

1. *The importance of the documents or information requested to the litigation.* The record is more than sufficient to decide the jurisdictional issues. The CCI documents are not needed to determine the jurisdictional issues raised by Kenney, Echemus, and Little.

2. *Whether the information originated in the United States.* CIGNA ignores this factor. The CCI documents and information requested here originated outside the United States and were prepared for use in foreign countries.

3. *Balancing the United States' interests and foreign interests.* Any allegedly contemptuous actions committed by CCI occurred outside the United States in jurisdictions where it is uncontested that CCI's actions were legal and not in any violation of any order or law. Nevis has a strong interest to enforce its laws and all of CCI's contacts with this matter took place outside the United States, in Liberia and the other relevant jurisdictions, which have the greater interest in relation to acts committed in their countries.

4. *The availability of alternative means of securing the information.* CIGNA's contention that "there [are] no evident alternative means of obtaining this information" (CIGNA Brief at 33) illustrates its strategy here: to use a Federal Court and United States procedural law to obtain foreign documents from foreign entities which it could not obtain under the laws of the jurisdictions in which the entities and documents originated. As Kenney and Lilly have requested in their Motions, the Court should put an end to this. Moreover, CIGNA has not even

10

attempted discovery through the usual procedure of seeking letters

rogatory and pursuing discovery in the foreign countries and thus cannot

show that it cannot acquire this information through court process.

5.    *The degree of specificity of the requests.*  CIGNA's requests for CCI

documents do not even arguably fit within the limited jurisdictional

discovery CIGNA was authorized to conduct.  Given its past practices,

allowing CIGNA access to CCI's privileged documents will only

embolden it to seek more.

CCI committed no acts at all in the United States, including any related to this

case.  It also acted under the assumption that foreign law would apply to privilege.

CIGNA does not challenge Lilly's interpretation of these foreign laws and the Court,

under the *Aerospatiale* factors, should hold that the foreign privilege laws prevent

production of CCI's documents to CIGNA.

### D.    CIGNA Has Not Made The Showing Required To Discover Work Product.

Twelve of the documents sought by CIGNA from Lilly are attorney work product.

The work product protection belongs to Lilly.  *Rhone-Poulec Rorer Inc. v. Home Indem.*

*Co.*, 32 F.3d 851, 866 (3d Cir. 1994).  CIGNA does not dispute that the documents are

opinion work product.  *See* Lilly Motion at 9.  Under Third Circuit law, opinion work

product is subject to "near absolute protection."  *In re Cendant Corp. Sec. Litig.*, 343

F.3d 658, 663 (3d Cir. 2003).  In an attempt to overcome this, CIGNA argues that it has

"substantial need" for the materials, which it cannot obtain without "undue hardship."

CIGNA cannot meet this burden.

Under Federal Rule of Civil Procedure 26(b)(3), CIGNA "has the burden of establishing a substantial need for the materials in question." *Garvey v. Nat'l Grange Mut. Ins. Co.*, 167 F.R.D. 391, 394 (E.D. Pa. 1996). CIGNA has been conducting discovery in various forms in this case for over two years. It has confirmed that the broad discovery it seeks is not directed toward the jurisdictional issues but instead "serves [CIGNA's] ultimate goal of presenting the Court with a full record" so that the Court may adjudicate and resolve the merits issues which have not yet been fully argued. CIGNA Brief at 33. And CIGNA does not deny that the record is sufficient to decide the jurisdictional issues. *See* Dkt. No. 354 at 12; CIGNA Brief at 4. Under these circumstances, CIGNA cannot claim "substantial need" for the materials. "A party does not sufficiently show necessity for production by an assertion that it wants to make sure it has overlooked nothing." 8 Wright & Miller, *Federal Practice & Procedure* § 2025 (3d ed. 2012) (*citing Hickman v. Taylor*, 329 U.S. 495, 513 (1947)). The jurisdictional issues are ripe for decision; further discovery, especially of opinion work product, will not reveal any facts relating to those issues which have not already been disclosed through discovery or in the declarations and affidavits of the non-party respondents, including (but not limited to) Kenney's Declaration (Dkt. No. 324-1).

CIGNA tacitly acknowledges this, as it offers no fact to demonstrate any "substantial need." CIGNA simply asserts that it "has a substantial need for [the documents] and there is no other way for [CIGNA] to obtain the information contained therein." CIGNA Brief at 40. CIGNA then cites to a passing comment in a Third Circuit case that does not analyze or rule on this issue; an unpublished case holding that work product was waived due to numerous discovery violations; and an unpublished case

12

holding that work product was waived where an attorney prepared an outline that a Rule
30(b)(6) deponent read from at his deposition. *See* CIGNA Brief at 40 (*citing In re Flat
Glass Antitrust Litig.*, 288 F.3d 83, 86–87 (3d Cir. 2002); *Patel v. Havana Bar,
Restaurant and Catering*, No. 10-1383, 2011 WL 6029983, at *8 (E.D. Pa. Dec. 5, 2011);
and *In re Neurontin Antitrust Litig.*, No. 02-1390, 2011 WL 2357793, at *8 (D.N.J. June
9, 2011)). Each of those cases is inapposite.

CIGNA wants the CCI documents not because they bear any relation to the
jurisdictional issues before this Court, but to deliver them to ACE, a foreign company
which cannot obtain them otherwise, for use in ACE's Cayman Islands action against
Kenney, Echemus and others. That is an abuse of process. *See McGee v. Feege*, 517 Pa.
247, 253 (Pa. 1987) ("abuse of process is the improper use of process after it has been
issued, that is, a perversion of it"). The Court should stop CIGNA and ACE's abuse of
process and deny CIGNA's motion to compel.

### E.     No Waiver Took Place.

#### 1.     The Crime-Fraud Exception Does Not Apply.

CIGNA seeks 12 documents from Lilly on the basis that the crime-fraud
exception strips all privileges and protections from those documents. There is no
accusation that Lilly has committed crime or fraud and CIGNA has not suggested any
basis to assert one. CIGNA instead levels the accusation against CCI for allegedly aiding
and abetting AJA's violation of the 2001 Anti-Suit Injunction.[2]  CIGNA is seeking to
have the Court determine the merits of its contempt motion without deciding that it even

---

[2]  Besides asserting violations of the injunction, CIGNA makes patently false accusations as to CCI, *e.g.*, it
accuses CCI of having obstructed discovery. Since CCI has never been properly served with anything in
this case including any discovery requests, it is impossible for it to have obstructed discovery.

13

has the jurisdiction to do so.  In fact, as to CCI, it is trying to have the issue determined

without even having given proper service on CCI.

In making its crime-fraud argument, CIGNA ignores a key issue that yet again

emphasizes that the jurisdictional issues must be decided first.  CCI has committed no

predicate acts in this district or the United States and therefore cannot be accused of a

crime.  Thus, the crime-fraud exception cannot apply.  Under both the Sixth Amendment

and Article III of the Constitution, a defendant in a criminal case "has a constitutional

right to be tried in the district where his crime was committed." *United States v.*

*Pendleton*, 658 F.3d 299, 302-03 (3d Cir. 2011) (*citing* U.S. Const. amend. VI and U.S.

Const. art. III, § 2, cl. 3); Fed. R. Crim. Proc. 18 (prosecution must take place "in a

district where the offense was committed").  A court has no power to indict or convict a

person for a crime in a district where no part of the offense took place.  *United States v.*

*Cabrales*, 524 U.S. 1, 6 (1998) (court cannot indict defendant in one state for crime that

took place entirely out of state); *United States v. Stewart*, 256 F.3d 231, 240 (4th Cir.

2001) (same); *Commonwealth v. Armstrong*, 897 N.E.2d 105, 112 (Mass. App. 2008)

(same).

In addition, Federal Rule of Criminal Procedure 42, which governs criminal

contempt, provides:

> The court must give the person notice in open court, in an
> order to show cause, or in an arrest order.

This notice must include the time and place of trial and the essential facts constituting the

charged criminal contempt.  It is impossible for a court to give valid notice as required

unless the court has established its jurisdiction over the case and the accused.  For

14

criminal contempt, the Court needs not only subject matter and personal jurisdiction but also a predicate act in the jurisdiction.

Federal Rule of Criminal Procedure 42 does not authorize the Court to issue the required notice to foreign nationals who have committed no predicate act in the district or the United States. Neither does 18 U.S.C. § 401, which defines the acts for which a Court can find criminal contempt. *See* 18 U.S.C. § 401; *Ex Parte Robinson*, 86 U.S. 505, 510-511 (1873) (holding the similarly worded predecessor of 18 U.S.C. § 401 defines the limits of the court's criminal contempt power). For all laws of the United States, the presumption is that they can apply only within the territorial jurisdiction of the United States, unless expressly provided otherwise. *Morrison v. Nat'l Australia Bank Ltd.*, 130 S. Ct. 2869, 2877 (2010). "When a statute gives no clear indication of an extraterritorial application, it has none." *Id.* Neither 18 U.S.C. § 401 nor Rule 42 states that the Court's power to determine contempt extends to foreign nationals for acts committed outside the United States. *See* 18 U.S.C. § 401; Fed. R. Crim. Proc. 42. Also, it is not possible to charge the Commissioner, or his agents (which allegedly include CCI) with a crime if the Commissioner is immune. In essence, CIGNA's raising the crime-fraud exception emphasizes yet again that all the jurisdictional issues in this case need to be decided first.

Further, as explained in Kenney's Motion to Dismiss at Section II.A, CIGNA's allegations that the Civil Recovery Plan pursuant to which the Commissioner commenced his Cayman Islands indemnification action against ACE constituted a "fraud" or any conduct which would fall within the "crime-fraud exception" are grossly incorrect. CCI has not engaged in either a crime or a fraud, and the crime-fraud exception cannot apply to the CCI documents CIGNA seeks. The record does not support a finding that any CCI

15

or any other Respondent committed a crime, fraud, or any conduct sufficient to fall within the crime-fraud exception.

## 2. The Common-Interest Doctrine Applies.

As to three documents withheld by Lilly, CIGNA insists that privilege was waived during CCI's negotiations with litigation funders. This is wrong under well-settled Third Circuit law. The common interest doctrine applies "even in purely transactional contexts" among parties sharing "a substantially similar legal interest." *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 364 (3d Cir. 2007). The interests of the parties need not be identical, and may even be adverse in some respects. S*ee In re Leslie Controls*, 437 B.R. 493, 500 (Bankr. D. Del. 2010) (communications during negotiations among parties sharing common legal interest on some issues but not others protected by common-interest doctrine). Its application does not depend on a written agreement, and such an agreement need not be produced. *See AMEC Civil, LLC v. DMJM Harris, Inc.*, No. 06-604, 2008 WL 8171059, at *3 (D.N.J. July 11, 2008). In short, no privilege was waived by CCI via communications with litigation funders or other parties holding a common legal interest.

## CONCLUSION

The Court should deny CIGNA's Motion to Compel production of the documents on Lilly's privilege log, decide the jurisdictional issues, and grant Lilly's Motion for Protective Orders.

Lilly respectfully requests oral argument.

16

Dated:  April 15, 2013

Respectfully submitted,

**Non-Party Respondent JOSEPH H. LILLY, III**

By: __/s/Robert C. Clothier__
    Robert C. Clothier (Attorney ID #57162)
    Rochelle D. Laws (Attorney ID #206381)
    FOX ROTHSCHILD LLP
    2000 Market Street, 20th Floor
    Philadelphia, PA  19103
    (215) 299-2000 (Phone)
    (215) 299-2150 (Fax)

    and

    Gary M. Miller (admitted *pro hac vice*)
    Donald A. Vogelsang (admitted *pro hac vice*)
    Matthew C. Wolfe  (admitted *pro hac vice*)
    GRIPPO & ELDEN LLC
    111 S. Wacker Drive, Suite 5100
    Chicago, IL 60606
    (312) 704-7700 (Phone)
    (312) 558-1195 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify, that on this date a true and correct copy of the foregoing **NON-PARTY RESPONDENT JOSEPH H. LILLY, III'S CONSOLIDATED OPPOSITION TO MOTION TO COMPEL AND REPLY IN SUPPORT OF HIS MOTION FOR PROTECTIVE ORDERS** was served via the Court's ECF filing system (unless otherwise stated) upon the parties listed on the attached service list:

> Donald W. Hawthorne, Esquire
> AXINN VELTROP HARKRIDER LLP
> 114 West 47th Street
> New York, NY 10036
>
> Donald Francis Donovan, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY 10022
>
> Stephen A. Cozen, Esquire
> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA 19103
> *Attorneys for Defendant, CIGNA*
> *Worldwide Insurance Company*
>
> Derek T. Ho, Esquire
> KELLOGG, HUBER, HANSEN, TODD,
> EVANS & FIGEL P.L.L.C.
> Sumner Square
> 1615 M Street, N.W., Suite 400
> Washington, DC 20036
> *(Via E-Mail)*
>
> Joseph A. Tate, Esquire
> DECHERT LLP
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA 19104-2808
> *(Via E-Mail)*
> *Attorneys for Non-Party Respondents,*
> *ECHEMUS GROUP L.P., ECHEMUS INVESTMENT MANAGEMENT*
> *LTD., EF (US) LLC, AND JAMES LITTLE*

*/s/ Rochelle D. Laws*
ROCHELLE D. LAWS

Dated:    April 15, 2013

1