IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE ABI JAOUDI AND AZAR TRADING CORP., | CIVIL ACTION |
| Plaintiff, | |
| v. | |
| CIGNA WORLDWIDE INS. CO., et al., | NO. 91-6785-PSD |
| Defendants. | |

## NON-PARTY RESPONDENT MARTIN S. KENNEY'S OPPOSITION TO DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER

Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA 19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

and

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang (admitted *pro hac vice*)
Matthew C. Wolfe (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 South Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

*Attorneys for Non-Party Respondent
Martin S. Kenney*

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ....................................................................................... ii

INTRODUCTION ........................................................................................................ 1

FACTUAL BACKGROUND ....................................................................................... 2

    I.    Huddles' Role as a Consultant to Echemus. ............................................. 2

    II.    Huddles' Version of Events. ..................................................................... 3

        A.    Huddles Does Not Say he Received the Report from Kenney, Little, or Echemus, and his "Exhibit KH-1" Is Not What it Appears. ........................................................... 3

ARGUMENT ................................................................................................................ 5

    I.    The Court Should Decide the Jurisdictional Issues. ................................. 5

    II.    The Report Is Privileged and No Waiver Has Occurred ............................ 5

        A.    The Report is Privileged. ................................................................ 6

        B.    Privilege Was Not Waived............................................................. 6

            1.    No Waiver Occurred Via Disclosure to Little or Huddles. ............................................................ 6

            2.    If the Court Reaches this Issue, the Court Should Order the Deposition of Huddles. ........................... 8

        C.    Kenney Did Not Waive the Privilege by "Affirmatively Using the Report" In His Motion to Dismiss. ......................................................................................... 9

        D.    The Crime-Fraud Exception Does Not Apply. ............................. 10

        E.    CIGNA Cannot Show a "Substantial Need" for the Report. ......................................................................................... 10

    III.    Foreign Law Applies to the Report. ........................................................ 10

CONCLUSION........................................................................................................... 12

# TABLE OF AUTHORITIES

**PAGE**

**Cases**

*Ellis v. Merrill Lynch & Co.*,
  664 F. Supp. 979 (E.D. Pa. 1987) .......................................................................... 2, 7

*Iannella v. Sullivan*,
  No. 93-CV-0620, 1995 WL 273608 (E.D. Pa. 1995) ...................................................... 8

*ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*,
  198 F. Supp. 2d 598 (E.D. Pa. 2002) ........................................................................... 8

*In re Cendant Corp. Sec. Litig.*,
  343 F.3d 658 (3d Cir. 2003) ........................................................................................ 7

*In re Department of Enforcement, Complainant Timothy Joseph Golonka*,
  2013 WL 865949 (FINRA Mar. 4, 2013) ..................................................................... 2

*Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*,
  13 F.3d 69 (3d Cir. 1993) ............................................................................................ 8

*Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*,
  32 F.3d 851 (3d Cir. 1994) .......................................................................................... 6

*Westinghouse Elec. Corp. v. Republic of Philippines*,
  951 F.2d 1414 (3d Cir. 1991) ...................................................................................... 7

**Rules**

Fed. R. Civ. Proc. 30(a)(2)(a)(ii) ....................................................................................... 9

FINRA Rule 2010 ............................................................................................................. 7

**Other Authorities**

Restatement (Third) of Foreign Relations Law § 442 .................................................... 11

## INTRODUCTION

In its Motion for Protective Order (Dkt. No. 384, filed April 23, 2013), CIGNA again asks the Court to rule on an issue of privilege before it determines threshold jurisdictional issues that have been fully briefed. CIGNA claims that Non-Party Respondent Martin Kenney ("Kenney") waived privilege

The statements in Huddles' Cayman Affidavit are misleading, not credible, and contradicted by competent evidence in the record. Thus, if the Court is inclined to rule on the present motion before reaching the jurisdictional issues, we request leave to first depose Huddles to test the truth of the statements in his affidavit.

CIGNA's motion is also improper and untimely, as CIGNA filed it without first seeking to resolve the discovery dispute with Kenney's counsel. After CIGNA filed its motion, Kenney asked CIGNA to produce the documents that it has received from Huddles. CIGNA ignored that request. Before having to deal with this motion, Kenney is entitled to know what Huddles actually produced to CIGNA to see if the documents contradict what CIGNA asserts or provide an explanation for how Huddles actually acquired the Report.

In sum, the Court should decide the jurisdictional issues before considering CIGNA's motion. *See* Kenney's Memorandum in Support of Motion to Dismiss and for

Protective Orders (Dkt. No. 368-1, filed Mar. 18, 2013) ("Motion to Dismiss"). However, in the event the Court believes this privilege issue should be decided before the jurisdictional issues, Kenney submits the following opposition, and respectfully requests leave of court to depose Huddles and that the Court require CIGNA to provide the documents Huddles has produced.[1]

## FACTUAL BACKGROUND

### I.     Huddles' Role as a Consultant to Echemus.

As set out in the attached Declaration of Martin S. Kenney (Ex. A), Kenney, a foreign solicitor advocate, was a director of Echemus Investment Management Limited ("EIML"), which is the general partner of Echemus Group LP ("Echemus Group"). Ex. A ¶ 1. (We refer to EIML and Echemus Group collectively as "Echemus.") Echemus invested in various foreign recovery claims in which Kenney's law firm, Martin Kenney & Solicitors, Co., represented certain insolvency officeholders. Dkt. No. 324-1 ¶ 26.

In July 2009, EIML hired Lynx Capital, LLC ("Lynx") as a consultant. Ex. A ¶ 2. At that time, Huddles worked for Lynx. *Id.* When EIML hired Lynx, Lynx was a registered broker under the Securities Exchange Act and a member of the National Association of Securities Dealers. Registered brokers like Lynx have a fiduciary duty to keep confidential non–publicly available information about clients or financial matters in which they are involved. *See e.g., Ellis v. Merrill Lynch & Co.*, 664 F. Supp. 979, 981 (E.D. Pa. 1987) ("Broker dealers . . . stand as fiduciaries to their clients"); *In re Dep't of Enforcement, Complainant vs. Timothy Joseph Golonka*, 2013 WL 865949, at *8 (FINRA Mar. 4, 2013) (duty of confidentiality is "one of the most fundamental ethical

---

[1] Kenney does so while maintaining all of his previously-raised jurisdictional objections, and without attorning or submitting to the jurisdiction of the Court.

standards in the securities industry").

Huddles was not retained to identify, evaluate, or develop the legal claims in which Echemus would invest.

Kenney does not believe he gave the Report to Huddles and does not believe that he authorized anyone to do so. Ex. A ¶ 4.

Huddles was thus well aware that information provided to him was to be treated as confidential.

II. **Huddles' Version of Events.**

   A. **Huddles Does Not Say he Received the Report from Kenney, Little, or Echemus, and his "Exhibit KH-1" Is Not What it Appears.**

Huddles' carefully-worded Cayman Affidavit says very little and does not say what CIGNA claims it does. And what Huddles' Cayman Affidavit actually does say is contradicted by the Declaration of Martin S. Kenney attached as Exhibit A hereto.

The attached Declaration and its exhibits contradict these statements and show that Huddles

3

was repeatedly instructed to treat information relating to Echemus prospective claim investments as confidential.

Thus, how CIGNA and Huddles actually got the Report remains unknown.

## ARGUMENT

### I. The Court Should Decide the Jurisdictional Issues.

CIGNA's latest motion is yet another attempt to have the Court decide substantive issues before deciding the jurisdictional and other threshold legal issues raised by Kenney and other non-party respondents. Those issues are (1) lack of subject-matter jurisdiction; (2) lack of personal jurisdiction; (3) sovereign immunity; and (4) legal issues such as the scope of the injunction, the statute of limitations and comity. As set out fully in Kenney's Motion to Dismiss, no further discovery is needed to resolve those issues, which have been fully briefed.[2] Kenney respectfully requests that the Court grant the relief sought in his Motion to Dismiss.

### II. The Report Is Privileged and No Waiver Has Occurred.

CIGNA's motion asks for a determination that the Report is not privileged. As noted above, the jurisdictional issues are ripe for decision, and the Court need not reach this issue. If it does, Kenney provides the following opposition and requests that the

---

[2] Pursuant to Federal Rules of Civil Procedure 7(b)(2) and 10(c), this brief incorporates by reference the following pleadings: Non-Party Respondent Martin S. Kenney's Opposition to Amended (to Identify Fictitiously Named Respondents) Motion of Defendant CIGNA Worldwide Insurance Company for Contempt and to Enforce This Court's Anti-suit Injunction Order, Dkt. No. 324; Declaration of Martin S. Kenney in Support of His Opposition to Amended (to Identify Fictitiously Named Respondents) Motion of Defendant CIGNA Worldwide Insurance Company for Contempt and to Enforce This Court's Anti-suit Injunction Order, Dkt. No. 324-1; Non-Party Respondent Martin S. Kenney's Response to CIGNA's Motion to Compel Discovery and Delay Decision on Jurisdiction, Dkt. No. 333; Non-Party Respondent Martin S. Kenney's Opposition to CIGNA's Renewed Motion to Compel Discovery, Dkt. No. 350; Non-Party Respondent Martin S. Kenney's Motion to Dismiss and for Protective Orders, and Memorandum in Support, Dkt. No. 368 ("Kenney's Motion to Dismiss"); Non-Party Respondent Martin Kenney's Consolidated Opposition to Motion to Compel, Opposition to Motion to Unseal the Record and Modify the Protective Order, and Reply in Support of Motion to Dismiss and for Protective Orders, Dkt. No. 375 ("Kenney's Consolidated Opposition"); Surreply of Non-Party Respondents Martin Kenney and Joseph H. Lilly, III in Response to CIGNA's Reply in Support of its Motion to Compel, Dkt. No. 386.

Court order the deposition of Huddles and the production of documents Huddles produced to CIGNA before deciding the privilege issues raised by CIGNA.

### A. The Report is Privileged.

The Report is unquestionably attorney work product. It consists of the Liberian Insurance Commissioner's counsel's impressions and advice regarding this litigation – including, in large part, these contempt proceedings. The Report provides counsel's lengthy discussion of the litigation, including counsel's opinions, mental impressions and recommendations concerning that litigation and potential future costs. CCI was providing funding for the litigation and was the holder of 100% of the right to receive any net proceeds of recovery from the activities of the Commissioner marshaling value into CWW's Liberian branch estate. CCI was, therefore, part of the common interest group. Thus, the Report is privileged and is not just "business" advice, as CIGNA contends.

### B. Privilege Was Not Waived.

#### 1. No Waiver Occurred Via Disclosure to Little or Huddles.

The counsel who prepared the Report, including Kenney's law firm, own the work product privilege. *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 32 F.3d 851, 866 (3d Cir. 1994). CIGNA argues that privilege was waived because Kenney provided the Report to Little for what CIGNA calls "business purposes." However, there is no evidentiary support for CIGNA's assertions that the Report was disclosed to Little or Huddles.

But the Court need not even reach this issue. If Kenney shared the Report with Little, privilege was maintained since Little was a consultant as to the ACE matters and this contempt proceeding. Likewise with Huddles: even if the Report were disclosed to Huddles, the privilege was not waived.

The Report is full of attorney mental impressions, opinions, and conclusions about the litigation. It is core opinion work product, and subject to "near absolute protection." *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 663 (3d Cir. 2003). When disclosure of work product is "inadvertent or made to a non-adversary, it is appropriate to ask whether the circumstances surrounding the disclosure evidenced conscious disregard of the possibility that an adversary might obtain the protected materials." *Westinghouse Elec. Corp. v. Republic of Philippines*, 951 F.2d 1414, 1431 (3d Cir. 1991). If Kenney and Echemus "reasonably expected" that Huddles would keep the material confidential, no waiver would occur, because disclosure to Huddles would not make it more likely that an adversary would obtain the materials. *Id.*

Thus, disclosure to Huddles, a consultant to Echemus (which had a common interest with the Liberian Commissioner and CCI in the outcome of these contempt proceedings), would not waive the work product protection. Huddles also was told that any information he received on the claims was to be kept confidential. Ex. A ¶¶ 5-6. And as an employee of a registered broker, Huddles had a fiduciary obligation to keep any such information confidential. *See, e.g., Ellis*, 664 F. Supp.at 981; *Golonka*, 2013 WL 865949, at *8; FINRA Rule 2010 (requiring members to "observe high standards of commercial honor and just and equitable principles of trade"). Under these circumstances, providing the Report to Huddles (assuming that happened at all) would have been pursuant to a reasonable expectation that he would keep it confidential. Accordingly, no waiver occurred.

7

### 2. If the Court Reaches this Issue, the Court Should Order the Deposition of Huddles.

If the Court determines that it ever needs to reach this merits discovery issue – an issue that does not go to the jurisdictional issues, which can and should be decided on the current record – the Court should first allow Kenney to depose Huddles and require CIGNA to produce to Kenney the documents Huddles provided to CIGNA.[3] Huddles' Cayman Affidavit is inadmissible hearsay. It was not prepared for this proceeding, so is just prior testimony from a foreign proceeding that is not subject to any hearsay exception. *ID Sec. Sys. Canada, Inc. v. Checkpoint Sys., Inc.*, 198 F. Supp. 2d 598, 625 (E.D. Pa. 2002) (excluding affidavits from foreign proceeding as inadmissible hearsay). Further, as shown above, the statements in Huddles' Cayman Affidavit are directly contradicted by those in Kenney's declaration. "[I]f the credibility of the affiant is at issue, the court may disregard the affidavit unless the affiant has been produced to give oral testimony and submit to cross-examination." *Iannella v. Sullivan*, No. 93-CV-0620, 1995 WL 273608, at *2 (E.D. Pa. May 5, 1995); *ID Sec. Sys. Canada, Inc.*, 198 F. Supp. 2d at 625; *see also Luxliner P.L. Export Co. v. RDI/Luxliner, Inc.*, 13 F.3d 69, 72 (3d Cir. 1993) (where competing affidavits raise fact issues, the district judge cannot rule based on the affidavits). Huddles' credibility problems therefore create serious fact issues that prevent the Court from determining whether any waiver occurred here.

Kenney, whose law firm owns the privilege at issue, has not had the opportunity to cross-examine Huddles because Kenney was not added as a respondent until *after* CIGNA deposed Huddles via one subpoena and obtained additional documents from him

---

[3] Again, this is without prejudice to Kenney's position that he does not attorn or submit to the jurisdiction of this Court.

via a second subpoena. Indeed, Kenney does not know whether, when, or in what form Huddles responded to the second subpoena, but he apparently did. CIGNA P.O. Brief at 1. To date, CIGNA's counsel has ignored Kenney's request that CIGNA produce the documents it has received from Huddles pursuant to subpoena. *See* Ex. B (Wolfe Declaration).

Because Huddles already has been deposed in this case, Kenney cannot depose him absent leave of court. Fed. R. Civ. Proc. 30(a)(2)(a)(ii). Thus, before the Court reaches any issue relating to waiver of privilege over the Report, Kenney respectfully requests that the Court: (1) order CIGNA to produce to all interested parties all documents it has received from Huddles to date, in the format in which CIGNA received the documents from Huddles; and (2) order Huddles to sit for a deposition at a time and place to be determined (either Philadelphia or Baltimore, where he resides).

### C. Kenney Did Not Waive the Privilege by "Affirmatively Using the Report" In His Motion to Dismiss.

CIGNA also claims that Kenney waived privilege by allegedly citing to the Report in his Motion to Dismiss and for Protective Orders. In doing so, CIGNA yet again misstates the record and ignores reality. Kenney did not even attach the Report to his motion or refer to it in his motion. Kenney filed under seal the Seventh Affidavit of Donald Hawthorne, which had been filed by ACE in its Cayman costs proceeding. Kenney referred to that affidavit to call to the Court's attention CIGNA's abuse of this Court's process. Kenney referenced the Seventh Hawthorne Affidavit *solely* to show CIGNA's real goal here: to use this Court's process to obtain documents for use by a foreign company in foreign litigation, in which these documents would otherwise be unobtainable. Kenney did not cite *any* substantive information referenced in the Seventh

9

Hawthorne Affidavit, including any information in the Report. Thus, CIGNA's argument that Kenney put the Report at issue is wrong.

### D. The Crime-Fraud Exception Does Not Apply.

As set out in Kenney's Consolidated Opposition at 12–22, the crime-fraud exception does not apply here. Kenney did not engage in any conduct that would cause the crime-fraud exception to apply. The privileges at issue in the Report belong to Kenney's law firm, CC1, and the Commissioner. None of them committed any predicate acts supporting a finding of criminal contempt in this district. Without predicate acts in this district, it is impossible that Kenney and others committed criminal contempt. Thus, the crime-fraud exception cannot apply.

### E. CIGNA Cannot Show a "Substantial Need" for the Report.

Since the Report is work product, CIGNA may discover it only if CIGNA can show that the Report is "otherwise discoverable under Rule 26(b)(1)" *and* that CIGNA has "substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. Proc. 26(b)(3)(A). CIGNA cannot make either showing. The Court has authorized only limited *jurisdictional* discovery *from Little*. Nothing in the record indicates that the Report was ever provided to Little, and the Report is not even relevant to the very limited number of jurisdictional facts that are at issue here. Since the Report is not relevant to the jurisdictional issues, CIGNA cannot have any "substantial need" for it. *See* Kenney's Motion to Dismiss at 18.

### III. Foreign Law Applies to the Report.

Finally, foreign law applies to the Report and provides a basis for this Court to order CIGNA to destroy or return to Kenney all copies of the document. The Report was

10

drafted by foreign attorneys representing the Liberian Commissioner of Insurance. Kenney's law office is in the British Virgin Islands and CCI (a company that provided funding for the Commissioner's claims) is incorporated in Nevis. The Liberian Commissioner was seeking to enforce CIGNA's right to indemnification against Liberian judgments from ACE, and the case in which he sought to do so was brought in the Cayman Islands.

"[A] communication privileged where it was made is not subject to discovery in a United States Court." Restatement (Third) of Foreign Relations Law § 442. As shown in Kenney's Motion to Dismiss at 20–23, foreign law applies to the Report and the other foreign documents at issue. Specifically, the Report is privileged under the common-law Litigation Privilege of the British Virgin Islands, Nevis, and the Cayman Islands, which protects any confidential communication dominantly created in connection with litigation. *See* Kenney Motion to Dismiss at 22–23.

The Report also is protected under the St. Christopher and Nevis Confidential Relationships Act ("Nevis Act"). The Report was made to CCI's Board of Directors. As discussed in the previously-filed Declaration of Elizabeth Harper, an expert on Nevis law, CCI is a Nevis company that can avail itself of the Nevis Act. Dkt. No. 368-3 ¶ 9. The Nevis Act applies to "all confidential information with respect to business of a professional nature which arises in or is brought into Saint Christopher and Nevis and to all persons who come into possession of such information at any time thereafter." *Id.* ¶ 5. The Nevis Act therefore would apply to the Report, and Huddles has violated the Nevis Act by disclosing it without CCI's permission. *Id.* ¶ 13. Kenney does not know how Huddles obtained the Report, but by giving the Report to CIGNA, Huddles has violated

the Nevis Act. Kenney respectfully requests that the Court stop CIGNA from compounding this violation of foreign law.

## CONCLUSION

The Court should rule on the jurisdictional issues, grant Kenney's Motion to Dismiss and for Protective Orders, and deny CIGNA's Motion for Protective Order.

Dated: May 10, 2013

Respectfully submitted,

Non-Party Respondent
MARTIN S. KENNEY

By:/s/ *Robert C. Clothier*

Robert C. Clothier (Attorney ID #57162)
Rochelle D. Laws (Attorney ID #206381)
FOX ROTHSCHILD LLP
2000 Market Street, 20th Floor
Philadelphia, PA  19103
(215) 299-2000 (Phone)
(215) 299-2150 (Fax)

And

Gary M. Miller (admitted *pro hac vice*)
Donald A. Vogelsang (admitted *pro hac vice*)
Matthew C. Wolfe  (admitted *pro hac vice*)
GRIPPO & ELDEN LLC
111 S. Wacker Drive, Suite 5100
Chicago, IL 60606
(312) 704-7700 (Phone)
(312) 558-1195 (Fax)

## CERTIFICATE OF SERVICE

I hereby certify, that on this date a true and correct copy of the foregoing **NON-PARTY RESPONDENT MARTIN S. KENNEY'S OPPOSITION TO DEFENDANT CIGNA WORLDWIDE INSURANCE CO.'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER** was served via the Court's ECF filing system (unless otherwise stated) upon the parties listed on the attached service list:

> Donald W. Hawthorne, Esquire
> AXINN VELTROP HARKRIDER LLP
> 114 West 47th Street
> New York, NY 10036
>
> Donald Francis Donovan, Esquire
> DEBEVOISE & PLIMPTON LLP
> 919 Third Avenue
> New York, NY 10022
>
> Stephen A. Cozen, Esquire
> Richard J. Bortnick, Esquire
> COZEN O'CONNOR
> 1900 Market Street
> Philadelphia, PA 19103
> *Attorneys for Defendant, CIGNA Worldwide Insurance Company*
>
> Derek T. Ho, Esquire
> KELLOGG, HUBER, HANSEN, TODD, EVANS & FIGEL P.L.L.C.
> Sumner Square
> 1615 M Street, N.W., Suite 400
> Washington, DC 20036
> *(Via E-Mail)*
>
> Joseph A. Tate, Esquire
> DECHERT LLP
> Cira Centre
> 2929 Arch Street
> Philadelphia, PA 19104-2808
> *(Via E-Mail)*
> *Attorneys for Non-Party Respondents,*
> *ECHEMUS GROUP L.P., ECHEMUS INVESTMENT*
> *MANAGEMENT LTD., EF (US) LLC, AND JAMES LITTLE*

                                                                                 */s/ Rochelle D. Laws*
                                                                                 ROCHELLE D. LAWS

Dated:    May 10, 2013