AXINN | VELTROP | HARKRIDER LLP

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

950 F STREET, N.W.  WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

DONALD W. HAWTHORNE
(212) 261-5665
dwh@avhlaw.com

May 10, 2013

VIA HAND DELIVERY

The Honorable Paul S. Diamond
United States District Court for the Eastern
District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 6613
Philadelphia, PA 19106-1714

    Re:    *The Abi Jauodi and Azar Trading Corp. v.*
                 *CIGNA Worldwide Insurance Co.*, Case No. 2:91-cv-06785-PD

Dear Judge Diamond,

      We write on behalf of Cigna Worldwide Insurance Company ("CWW") in response to the letter of Respondents James Little and Echemus Group, L.P., Echemus Investment Management Limited, and EF (USA) LLC (collectively "Echemus") of May 8, 2013, requesting that CWW's contempt action should, with respect to them, be assigned to mediation. CWW opposes Little's and Echemus's request at this time on the basis that it is untimely in light of the pending discovery motions, will not reduce any burden on the Court, and would in all likelihood be an unproductive use of the Court's mediation resources. At bottom, Little's and Echemus's eleventh-hour request for mediation is just a last-ditch attempt to avoid the consequences of the discovery motions pending before the Court, and yet one more maneuver in Little's nearly year-long campaign to avoid responding in full to the discovery that CWW served on him on May 16, 2012**.**

      At the outset, the timing of Little's and Echemus's request is peculiar at best. CWW's motion to compel, which is fully briefed and pending before the Court, may permit substantial further discovery relevant to key issues in this case, including Little's and Echemus's liability for contempt. Little and Echemus may be alarmed about what the documents in question will show; but surely the more reasonable approach is for the parties to see what any further documents the

The Honorable Paul S. Diamond
May 10, 2013
Page 2

Court orders to be disclosed have to say before considering whether there is a basis to talk about resolving CWW's contempt motion.[1]

    Little's and Echemus's claim that "mediation is likely to be fruitful because the parties disagree about a limited number of discrete factual and legal issues" (p. 2) ignores that the issues they identify are fundamental, the parties are very far apart on all of them, and the Court will necessarily address most or all of them in deciding CWW's claims concerning Kenney, Lohman and the other respondents.[2] That is hardly a situation that cries out for a mediation, particularly one in which all respondents do not participate. Moreover, Little's and Echemus's claim that these "discrete" issues are all that stand between the parties is false. The "parties' dispute" is not, as Little and Echemus claim, limited to "a controversy over an alleged $100,000 payment" by Echemus to pursue the AJA claim. (p. 2) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ The Receiver did not abandon the AJA claim in the Cayman Islands to Justice Cresswell's satisfaction until January 27, 2012. (Order of January 27, 2012 (D.I.297-1).) ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Thus, while Echemus's $100,000 payment to "free" the ACE claim is by itself sufficient to ground CWW's claim for contempt, it is not the only contemptuous conduct in which Echemus and Little engaged.[3]

---

[1] Little and Echemus are (apart from Lilly) also, at present, the only potential source of documents that could cast further light on the conduct of other contempt parties, including Kenney and Lohman. The Court and CWW should be able to review such documents as the Court deems fit relating to the liability of these other contempt parties before any mediation is considered.

[2] CWW will not here take the time to address Little's and Echemus's many incorrect factual claims and erroneous statements of the law. However, to provide but one example of the parties' differences, in CWW's view, regardless of whether or not the Receiver violated the Anti-Suit Injunction by defending the contempt action against him, a party like Echemus, which funded that defense – obviously not out of a charitable motive, but in order to attempt to "free" the enjoined claim and thereby profit from it – is liable for violating the Anti-Suit Injunction. Whatever the Receiver's "due process" rights, Echemus had no "due process" right to ignore the orders of a Federal court.

[3] Little's and Echemus's claim that CWW has "abandoned its initial claims in favor of a new theory" (p. 1) is false. CWW initially claimed that Echemus had invested "up to $3 million in CCI." (D.I. 307-1 at 16). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

The Honorable Paul S. Diamond
May 10, 2013
Page 3

      The parties are also very far from agreement on the consequences of Echemus's contempt.  CWW is aware of no authority supporting that liability for contempt of a federal Court's injunction should be curtailed because the contemnor contends that it did not spend a lot of its own money to further its contempt.  Nor is CWW aware of any authority that limits the compensatory sanctions for which a contemnor is liable based on the sums it spent to pursue its contempt.  Thus, even were this only a "controversy over an alleged $100,000 payment," CWW rejects Echemus' contention that its own expenditures should be the yardstick determining its liability for sanctions.

      Finally, Little's and Echemus's assertion that mediation could "facilitate resolving this matter without further burdening the Court" ignores that there are other Respondents in the case. (p.3).  Essentially all the issues before the Court with respect to Little and Echemus will have to be addressed by the Court to resolve issues involving Kenney and Lohman, among others.  Any resolution of Little's and Echemus's claims, no matter how unlikely, would not relieve the Court of the need to address the fundamental issues in dispute; any mediation that does not involve all Respondents (including the still-unidentified "Garrett") is not designed to provide a serious opportunity to resolve the contempt in which they all participated.

      Accordingly, CWW respectfully suggests that this is not an appropriate point in this proceeding for mediation.  CWW also believes that at this juncture in the case, after Little has stone-walled CWW's discovery for over 11 months, his request for mediation, made at a point when the Court is considering fully-briefed motions to compel further production from him, is, on its face, yet another effort to conceal from the Court the facts about his own and others' conduct.

      CWW respectfully requests that Little's and Echemus's request to order mediation be denied.[4]

                            Respectfully submitted,

                            /s/ Donald W. Hawthorne
                            Donald W. Hawthorne

cc: counsel of record

---

[4] CWW is aware that Mr. Tate's letter of May 8, 2013 was e-filed on the public docket today.  Unless the Court should instruct otherwise, CWW will e-file this letter on the public docket on Monday, in redacted form as may be appropriate.