**AXINN | VELTROP | HARKRIDER LLP**

Donald W. Hawthorne
(212) 261-5665
dwh@avhlaw.com

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

950 F STREET, N.W.  WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

May 16, 2013

BY ELECTRONIC COURT FILING

The Honorable Paul S. Diamond
United States District Court for the Eastern
District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 6613
Philadelphia, PA 19106-1714

  Re: *The Abi Jauodi and Azar Trading Corp. v.*
     *CIGNA Worldwide Insurance Co., Case No. 2:91-cv-06785-PD*

Dear Judge Diamond,

  We write on behalf of Cigna Worldwide Insurance Company ("CWW") to call the Court's attention to a ruling issued earlier this week by Justice Cresswell in the Grand Court of the Cayman Islands in the *Cigna Worldwide Insurance Company (By and Through its Court Appointed Receiver, Josie Senesie and in Respect of the Assets, Undertakings and Affairs of its Licensed Liberian Branch and Business v. ACE Limited.* As that case has now been dismissed with prejudice, ACE is seeking to recover its costs incurred in that proceeding from non-parties including Mr. Kenney, CCI and the Echemus entities.[1] In its ruling dated May 13, 2013, a copy of which is submitted herewith, the Court ruled, over Mr. Kenney's objection, that it had jurisdiction "to order service of the cost Summons" against Mr. Kenney and CCI "out of the jurisdiction" (i.e., that it had personal jurisdiction over them for purposes of the costs proceeding, despite the fact that neither is resident in the Cayman Islands).

  In reaching this holding, Justice Cresswell found that it had jurisdiction because there was "a much better argument" that:

---

[1] The costs that ACE is seeking in the Cayman cost proceeding are limited, if calculated on the standard basis, to fees incurred by lawyers admitted to practice in Cayman, and, if on the indemnity basis, may also include, in the taxing officer's discretion, some fees incurred by foreign counsel for work directly related to the Cayman proceeding.

The Honorable Paul S. Diamond
May 16, 2013
Page 2

    (1) Mr Kenney and CCI instigated, controlled and financed these proceedings and that the circumstances are such that it is legitimate to assimilate Mr Kenney and CCI with the [Receiver] . . . .

    (2) Mr Kenney and CCI in reality brought these proceedings . . . .

    (3) If (contrary to my opinion) it is necessary to establish that Mr Kenney and CCI were the alter ego of the [Receiver], the concept of alter ego is met in the present case because the [Receiver] was a nominal plaintiff.

(Order at 31-32). We believe that Justice Cresswell's conclusions are relevant to the issue of crime-fraud now before the Court, and to the ultimate resolution of this contempt action, which we anticipate being able to initiate by motion after the conclusion of the current round of discovery.

        Respectfully submitted,

        /s/ Donald W. Hawthorne
        Donald W. Hawthorne

cc: counsel of record