AXINN | VELTROP | HARKRIDER LLP

AXINN, VELTROP & HARKRIDER LLP
114 WEST 47TH STREET  NEW YORK, NY 10036
TEL: 212.728.2200  FAX: 212.728.2201

Donald W. Hawthorne
(212) 261-5665
dwh@avhlaw.com

950 F STREET, N.W. WASHINGTON, DC 20004
TEL: 202.912.4700  FAX: 202.912.4701

90 STATE HOUSE SQUARE  HARTFORD, CT 06103-3702
TEL: 860.275.8100  FAX: 860.275.8101

www.avhlaw.com

June 11, 2013

BY ELECTRONIC COURT FILING

The Honorable Paul S. Diamond
United States District Court for the Eastern
District of Pennsylvania
U.S. Courthouse
601 Market Street, Room 6613
Philadelphia, PA 19106-1714

    Re:    *The Abi Jauodi and Azar Trading Corp. v.*
                *CIGNA Worldwide Insurance Co., Case No. 2:91-cv-06785-PD*

Dear Judge Diamond,

        We write on behalf of Cigna Worldwide Insurance Company ("CWW") in response to the letter to the Court of Respondents James Little and the Echemus entities dated June 10, 2013, which yet again asks the Court to order mediation.  We do not understand how Respondents can return to the Court and ask for precisely the same relief they sought and the Court rejected less than a month ago, when, by order of May 13, 2013, the Court stated that it will not order a mediation that a party "does not want."

        In any case, CWW responds only to make clear its position and emphasize the following points:

- CWW does not "acknowledge that Echemus and Little played, at most, a relatively limited role."  (June 10 Letter at 1).  Rather, the evidence supports that Echemus and Little knowingly acted in contempt of Judge O'Neill's order over the course of years.  If the facts concerning their conduct have taken a long time to develop, it is only because Little and Echemus, like the other Respondents, have resisted CWW's reasonable discovery requests at every step of the way.

- "The amount of the Cigna claims against Mr. Little and Echemus" are not "less than the continuing costs of this litigation."  (June 10 Letter at 1).  CWW seeks as compensatory sanctions the fees it has incurred in opposing Respondents' contemptuous conduct, which amount to millions of dollars.  Awards of

The Honorable Paul S. Diamond
June 11, 2013
Page 2

        compensatory sanctions in cases involving contempt by multiple parties typically provide for joint and several liability.

- The pending discovery motions before the Court, which are fully briefed, represent the best, and perhaps the last, opportunity to learn the facts about Respondents' violation of Judge O'Neill's anti-suit injunction – revealing the truth not only about Little's and Echemus' actions, but also the actions of CCI, Kenney, Lohman, and the still-unidentified $2.85 million litigation funder. CWW hopes and believes it will be able to move directly to a final motion for contempt when this round of discovery is complete.

      CWW is prepared to entertain good faith settlement offers from Echemus at any time. But, as CWW has previously expressed, it believes that productive settlement discussions are more likely to occur after CWW receives the documents that it has been seeking for years. Echemus' continuing misrepresentation of its actions and Little's ongoing effort to stonewall discovery hardly create an atmosphere conducive to resolving this case; clarifying the factual record, by providing such disclosure as the Court may compel, is far more likely to make resolution possible.

                                         Respectfully submitted,

                                         /s/ Donald W. Hawthorne
                                       Donald W. Hawthorne

cc: counsel of record